Danielle M. Ryman
DRyman@perkinscoie.com
Jared L. Gardner
JGardner@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF
ALASKA SYSTEM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, AND DOES 6-20,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

**DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

Jane Doe Plaintiffs brought this lawsuit against the University of Alaska Board

of Regents and University of Alaska System (collectively, the "University") and David

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-1-

144649060.1

Yesner, a former professor at the University, alleging that Yesner sexually harassed and assaulted them. They raise eight claims against the University relating to Yesner's misconduct and the University's response.

The University moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims 4–8, which Plaintiffs bring under Alaska Statute 14.18.010, 42 U.S.C. § 1983, and state tort law, for failure to state a claim upon which relief can be granted.[1] These claims should be dismissed against the University for two reasons.

First, the University is an arm of the State of Alaska entitled to sovereign immunity. The State has not consented to suit in federal court on Plaintiffs' state statutory or tort law claims, and, as a sovereign entity, the State or University is not a "person" subject to suit under § 1983. The Court therefore lacks jurisdiction to hear these claims against the University, and they should be dismissed.

Second, Plaintiffs fail to state a claim for relief for much of claim 8, invasion of privacy. Jane Doe I and Jane Doe II, the only plaintiffs named on this claim, raise three

---

[1] Consistent with the Court's May 23, 2019 Order re Motion to Dismiss, counsel for the University certifies that they conferred with Plaintiffs' counsel to determine whether the complaint could be amended to cure the deficiencies identified in this motion. Counsel for the University sent an email to Plaintiffs' local and Texas counsel on June 5, 2019, that explained the reasoning of this motion and that asked to confer. On June 10, 2019, counsel for the University spoke with Cornelia Brandfield-Harvey, Plaintiffs' counsel with The Buzzbee Law Firm, to discuss the grounds for this motion. Plaintiffs' position is that the complaint cannot be amended to address the grounds for dismissal.

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-2-

144649060.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

theories of privacy liability: intrusion of solitude, public disclosure of private facts, and disclosure of information in a false light. They base these claims on allegations that Yesner took photos of Doe I at an archaeological work site and accessed a photo of Doe II from her social media account. These allegations do not support claims for intrusion of solitude or public disclosure of private facts, both of which require plaintiffs to hold a reasonable expectation of privacy. Doe I had no reasonable expectation of privacy in her appearance while working at the site and visible to others, and Doe II had no reasonable expectation of privacy in photos she placed on social media.

Doe I also fails to adequately plead disclosure of information in a false light. To prevail on this claim, she must show that Yesner made information placing her in a false light available to the public at large. But she alleges only that Yesner stored photos of her on his work computer, to which other students had access. Under the Restatement (Second) of Torts and decisions interpreting it, potential exposure to a few students does not meet the publicity requirement for a false light claim. All of Doe I's claims for invasion of privacy, and Doe II's claims for intrusion of solitude and public disclosure of private facts, should be dismissed for failure to state a claim.

## I. BACKGROUND

The University of Alaska is a public university governed by the University of

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-3-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 3 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Alaska Board of Regents. Complaint ¶ 6.[2] David Yesner was a professor in the University's Anthropology department. *Id.* ¶ 36. In 2017, the University considered awarding Yesner "emeritus" status. *See id.* ¶¶ 21, 23. Multiple female students asked the University to withhold this status and alleged that Yesner had harassed or assaulted them. *See, e.g., id.* ¶¶ 23–26.

The allegations included, among other things, that Yesner would make harassing comments, stare at students' breasts, and touch them without consent—including by grazing his hands against their breasts or buttocks. *E.g., id.* ¶ 23. The allegations also included that Yesner took photographs of students that focused on their breasts while they worked at a field site. *Id.* He allegedly stored these photographs on a shared laboratory computer on which he also stored graphic pornography (not of his students). *Id.*

Plaintiffs raise the following claims against the University, either directly or through theories of vicarious liability:

1. Deliberate indifference to alleged sexual harassment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681–88 ("Title IX")
2. Deliberate indifference to a hostile education environment in violation of Title IX

---

[2] The University treats the allegations in the complaint as true for the purpose of this motion only. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-4-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 4 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

3. Retaliation in violation of Title IX
4. Sex discrimination in violation of Alaska Statute 14.18.010 *et seq.*[3]
5. Failure to adequately train and supervise in violation of 42 U.S.C. § 1983
6. Civil Assault and Battery
7. Intentional Infliction of Emotional Distress
8. Invasion of Privacy

All Plaintiffs are named on claims 1–7. Only Jane Doe I and Jane Doe II bring claim 8.

## II. ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Dismissal under 12(b)(6) is appropriate "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Claims 4–8 should be dismissed against the University because the claims lack a cognizable legal theory of liability. The University is an arm of the State of Alaska entitled to sovereign immunity.[4] The State has not waived, nor has Congress abrogated,

---

[3] The complaint has a typo in the title of Claim 4 and lists AS 14.80.010, which does not exist in Alaska Statutes.
[4] The Ninth Circuit has explained that "[a] sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir.), *cert. denied*, 138 S. Ct. 459 (2017).

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-5-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 5 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

the State's immunity from suit in federal court on these claims.

Alternatively, the complaint lacks facts sufficient to create a cognizable legal theory of liability for much of claim 8, the invasion of privacy claim. The complaint raises three invasion of privacy theories on behalf of Jane Doe I and Jane Doe II: (1) intrusion of solitude; (2) public disclosure of private facts; and (3) false light. The first two require that Does I and II have a reasonable expectation of privacy in the information at issue, yet they fail to allege facts supporting such an expectation. These two theories should be dismissed. The third theory requires that the University publicize information, but Doe I does not allege that anyone publicized the information supporting her claim. She should be dismissed as a plaintiff on this theory.

**A. The Court lacks jurisdiction over Plaintiffs' claims under AS 14.18, 42 U.S.C. § 1983, and Alaska tort law because the University is entitled to sovereign immunity.**

As a sovereign entity, the State of Alaska is entitled to immunity from private suit, whether in federal or state court. *See, e.g.*, *Alden v. Maine*, 527 U.S. 706, 754 (1999) (holding that states retain immunity in their own courts in addition to immunity in federal courts). This immunity extends beyond actions brought directly against the state and includes actions "against state agents and state instrumentalities." *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997). The University is an

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-6-

144649060.1

instrumentality of the State of Alaska entitled to immunity.

Sovereign immunity is not absolute, but it applies unless states "consent to [suit] in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity." *Green v. Mansour*, 474 U.S. 64, 68 (1985). The State of Alaska has not consented to suit in federal court for claims under AS 14.18, Alaska tort law, or 42 U.S.C. § 1983. Nor has Congress abrogated the State's immunity under any of these claims. The Court lacks jurisdiction over these claims, and they should be dismissed.

### 1. The University is an arm of the State of Alaska entitled to immunity.

The Alaska Constitution established the University of Alaska as "the state university," which "shall be governed by a board of regents." Alaska Const. Art. VII, §§ 2–3. It is "an integral part of the state educational system mandated by the constitution" that "exists constitutionally to act for the benefit of the state and the public generally." *Univ. of Alaska v. Nat'l Aircraft Leasing, Ltd.*, 536 P.2d 121, 124–25 (Alaska 1975). Given the University's role for the state, the Alaska Supreme Court held in *National Aircraft Leasing* that the University "must be regarded as uniquely an instrumentality of the state itself." *Id.* It has since reaffirmed that "Alaska law treats the University as a state entity for purposes of sovereign immunity." *Ellingstad v. State,*

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-7-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 7 of 18

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*Dep't of Nat. Res.*, 979 P.2d 1000, 1007 (Alaska 1999).

The Ninth Circuit Court of Appeals similarly treats the University as an arm of the state for purposes of immunity. In *Townsend v. University of Alaska*, it affirmed a district court order dismissing a claim against the University for lack of jurisdiction, recognizing that it was "undisputed that the University is an arm of the State of Alaska." 543 F.3d 478, 481 (9th Cir. 2008). Similarly, in *Mun v. University of Alaska*, the court held that "sovereign immunity applies" to bar a claim against the University. 291 F. App'x 115, 117 (9th Cir. 2008).

Plaintiffs named as a defendant in their complaint the "University of Alaska Board of Regents" in addition to the "University of Alaska." Complaint p. 1. This does not affect the immunity analysis, since a suit against a state office "is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Thus, naming the Board of Regents, which governs the University, is the same as directly naming the University or the State. *See Feied v. The Regents of the Univ. of California*, 188 F. App'x 559, 561 (9th Cir. 2006) (recognizing that "the Regents are an arm of the state entitled to Eleventh Amendment immunity").

As an arm of the State, the University is entitled to immunity absent the State's consent to suit or an applicable congressional abrogation. No abrogation or consent

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-8-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 8 of 18

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

applies to claims 4–8.

### 2. Alaska has not consented to suit in federal court for torts or for claims under AS 14.18, and Congress has not abrogated Alaska's immunity for these claims.

For a state to consent to suit in federal court, it must do so in "unequivocal terms," *Green*, 474 U.S. at 68, such as by making a "clear declaration" that it intends to submit itself to federal jurisdiction, *Coll. Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675–76 (1999). This means that a state that consents to suit in its own courts does not by implication consent to suit in federal court. *See Price v. State of Hawaii*, 921 F.2d 950, 958 (9th Cir. 1990) (affirming dismissal of action against State of Hawaii). It also means that general or ambiguous waivers of immunity from suit that do not "specifically indicate the State's willingness to be sued in federal court" do not reflect consent to suit in federal court. *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 241 (1985).

The Alaska legislature has authorized suits in certain circumstances for tort claims and for claims alleging violations of AS 14.18, but not in federal court. The State's consent to suit for tort claims is limited to "action[s] against the state *in a state court*." AS 09.50.250 (emphasis added). Similarly, the legislature created "an independent right of action *in superior court*" for violations of AS 14.18. *See* AS

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-9-

14.18.100 (emphasis added). These statutes are "[d]evoid of any reference to federal court," and they therefore lack the required "clear declaration that the state intended to submit itself to federal jurisdiction." *See Mun*, 291 F. App'x at 117 (internal quotation marks omitted) (holding AS 09.50.250 does not provide consent to suit in federal court).

Congress may subject states to federal court jurisdiction, but only "by making its intention unmistakably clear in the language of the statute." *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006) (citation omitted). No federal statute abrogates the State of Alaska's immunity from suit in federal court for state tort claims or for claims brought under AS 14.18.

Because the State has not consented to suit and Congress has not abrogated the State's sovereign immunity, the Court lacks jurisdiction to hear these claims and they should be dismissed. *See, e.g.*, *Townsend*, 543 F.3d at 485 (affirming dismissal of claims against University of Alaska for lack of subject matter jurisdiction).

### 3. The University is not a "person" subject to suit under 42 U.S.C. § 1983.

In 42 U.S.C. § 1983, Congress created a cause of action against "[e]very person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." Plaintiffs title their § 1983 claim

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-10-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 10 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

"*Monell* Liability"—a reference to the United States Supreme Court's decision in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978), which held that local governments are a "person" within the meaning of § 1983. But *Monell* liability does not extend beyond local governments. "States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes are not 'persons' within the meaning of § 1983." *Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989) (internal quotation marks and citation omitted), *overruled on other grounds by Bull v. City & Cty. of San Francisco*, 595 F.3d 964 (9th Cir. 2010). As an arm of the State, the University is not a "person" for purposes of § 1983, and Plaintiffs' § 1983 claim against it should be dismissed. *See id.* ("[T]he district court's dismissal of Thompson's § 1983 claims against [the Regents of the University of California at Los Angeles] must be affirmed.").

### B. Plaintiffs' claim for intrusion of solitude and public disclosure of private facts, and Jane Doe I's claim for false light, should be dismissed on the alternative ground that the claims are inadequately pled.

The eighth claim for relief in Plaintiffs' complaint is titled "Invasion of Privacy by Intrusion of Solitude, Publication of Private Facts and False Light." The plaintiffs bringing this claim are Jane Doe I and Jane Doe II, who allege three separate theories of liability for invasion of privacy: (1) intrusion of solitude, Complaint ¶¶ 188, 190; (2)

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-11-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 11 of 18

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

public disclosure of private facts, Complaint ¶ 192; and (3) false light, Complaint ¶¶ 189, 191. These theories are all "branches of the common law right to privacy, as recognized in the Restatement (Second) of Torts §§ 652A–E." *Chizmar v. Mackie*, 896 P.2d 196, 206 (Alaska 1995). But Doe I and Doe II fail to state a claim for relief under the intrusion of solitude and public disclosure of private facts theories because they did not have a reasonable expectation of privacy. Doe I further fails to state a claim under the false light theory because she does not allege Yesner publicized information about her, as is necessary for the claim. *See* Restatement (Second) of Torts §§ 652D cmt. a, 652E cmt. a. The Court should dismiss all claims for invasion of privacy as inadequately pled, with the exception of Doe II's claim for false light.

**1. Jane Doe I and Jane Doe II fail to state a claim for intrusion of solitude because they do not allege they had a reasonable expectation of privacy.**

A claim for intrusion of solitude has two elements: (1) a reasonable expectation of privacy; and (2) that the defendant intruded in a manner highly offensive to a reasonable person. *Greywolf v. Carroll*, 151 P.3d 1234, 1245 (Alaska 2007). Whether a person has a reasonable expectation of privacy includes both a factual, subjective element and a legal, objective element. *See id.* at 1245–46. The plaintiffs' intrusion of solitude claims fail because they do not allege facts to support an objectively reasonable

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-12-

144649060.1

expectation of privacy.

Doe I bases her claim on allegations that Yesner took sexually suggestive photographs of her, without her consent, while she was digging at an archaeological site with other students. *See* Complaint ¶¶ 44, 49, 188. But a person "whose appearance is public and open to the public eye" lacks an expectation of privacy needed to support an intrusion claim. *See* Restatement (Second) of Torts, § 652B cmt. c. Thus, courts regularly hold that claims based on photographs or videos of people in accessible locations fail as a matter of law. For example, in *Muratore v. M/S Scotia Prince*, a court held that there was no intrusion of solitude when photographers took pictures of a woman in areas of a cruise ship open to all passengers, even though she told them she did not wish to have her photograph taken, turned her back on the photographers, and covered her face to avoid the photographs. 656 F. Supp. 471, 474, 483 (D. Me. 1987) *aff'd in part, vacated in part on other grounds*, 845 F.2d 347 (1st Cir. 1988). Similarly, in *Cheatham v. Paisano Publications, Inc.*, a court found no intrusion of privacy where photographers took photos of the plaintiff's "bottom" while she was at a bikers' convention. 891 F. Supp. 381, 384–85 (W.D. Ky. 1995). Other courts have reached the same result. *See, e.g.*, *Bogie v. Rosenberg*, 705 F.3d 603, 611 (7th Cir. 2013) (no expectation of privacy in non-public backstage area at a Joan Rivers concert where

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-13-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 13 of 18

other people were present); *King v. Metcalf 56 Homes Ass'n,* 385 F. Supp. 2d 1137, 1140 (D. Kan. 2005) (no expectation of privacy in residential driveway).

Digging at an archaeological site where other students or faculty might be present is no different. Doe I did not have an objectively reasonable expectation of privacy and her claim fails as a matter of law.

Doe II's claim fails for the same reasons. She alleges that Yesner intruded on her solitude by accessing her account on Instagram, a social media platform, and selecting a sexually suggestive photograph of her for use on her thesis poster. *See* Complaint ¶¶ 68, 190. But the entire point of social media is to share content, and Doe II has not alleged that her account was private or was in any way restricted from access by Yesner or the public generally. She has not alleged a reasonable expectation of privacy in her account.

Moreover, Doe II's claim would fail even if she alleged that her Instagram account had privacy settings in place. This is because, "as with all internet communications, [she] ran the risk that even a posting or communication [s]he intended to remain private would be further disseminated by an authorized recipient." *Pearce v. Whitenack,* 440 S.W.3d 392, 402 (Ky. Ct. App. 2014) (affirming dismissal of intrusion of solitude claim premised on accessing content on Facebook). The intrusion of

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-14-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 14 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

solitude claims should be dismissed.

### 2. Jane Doe II fails to state a claim for public disclosure of private facts because she alleges no private facts.

Liability for public disclosure of private facts exists where someone gives publicity to the private facts of another if the facts: (1) would be highly offensive to a reasonable person; and (2) are not of legitimate public concern. Restatement (Second) of Torts § 652D. A threshold limitation on the claim is thus whether a publicized fact was private to begin with. *See id.* at § 652D cmt. b ("[T]here is no liability for giving further publicity to what the plaintiff himself leaves open to the public eye."). The only allegation the complaint identifies to support a claim for public disclosure of private facts is that Yesner publicly disclosed the photos of Doe II that he received from her Instagram account.[5] Complaint ¶ 192. But, as noted above, Doe II has not alleged facts to support a reasonable expectation of privacy in her Instagram account.

An expectation of privacy in the account is necessary to support Doe II's claim, since posting the photo online would destroy her privacy interest in the photo and preclude her claim for public disclosure of private facts. The Court should dismiss her

---

[5] The complaint does not identify Doe I as raising a claim for public disclosure of private facts. But if she did, her claim would fail for the same reason Doe II's claim fails: Doe I did not have a reasonable expectation of privacy in the photos of her, which were taken in public. In addition, as explained with regard to Doe I's claim for false light, she has failed to allege that Yesner publicized the photos.

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-15-

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

144649060.1

claim. *See, e.g.*, *Moreno v. Hanford Sentinel, Inc.*, 172 Cal. App. 4th 1125, 1130 (Cal. Ct. App. 2009) (essay posted on myspace.com for six days was available "to the public at large" and its later disclosure did not support claim of public disclosure of private facts).

### 3. Jane Doe I fails to state a claim for false light.

Under a false light theory, a defendant is liable where he "gives publicity" about another person that places that person in a false light and: (1) the false light would be highly offensives to a reasonable person; and (2) the defendant knew of or acted recklessly with regard to the falsity of the publicized information or the false light in which the other person would be placed. Restatement (Second) of Torts § 652E. Crucially, the "publicity" needed to support a claim is higher than the limited "publication" necessary to support a defamation claim. *See id.* at § 652E cmt. a (incorporating § 652D cmt. a). The information at issue must be "made public by communicating it *to the public at large*." Restatement (Second) of Torts § 652D cmt. a (emphasis added). Communicating the matter "to a single person or even to a small group of persons" is insufficient for a claim. *Id.*

On this basis, a court dismissed a claim for false light premised on disclosure to "students at [plaintiff's] school and some students at another local school." *Price ex rel.*

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-16-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 16 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

*O.P. v. Scranton Sch. Dist.*, No. CIV.A. 11-0095, 2012 WL 37090, at *14 (M.D. Pa. Jan. 6, 2012). The court explained that "the publication was not so widespread that it was communicated to the public at large, or to so many people that it was 'substantially certain' to become public knowledge." *Id.* Other courts have found similar disclosures legally insufficient to support a false light claim. *See Hunter v. The Buckle, Inc.*, 488 F. Supp. 2d 1157, 1180 (D. Kan. 2007) (no publicity where "'possibly' more than twenty people" were subject to the disclosure); *Polin v. Dun & Bradstreet, Inc.*, 768 F.2d 1204, 1206 (10th Cir. 1985) ("It is clear that the element of publicity is lacking" where information was disclosed to 17 people).

Doe I bases her false light claim on similarly inadequate allegations—that Yesner stored photographs of her on his public work computer where they "could be seen by fellow students who used his computer for work and study." Complaint ¶ 189. The complaint does not allege precisely how many students this could include, but it is not "the public at large." Restatement (Second) of Torts § 652D cmt. a. It is at worst the "small group of persons" the Restatement cites as an example of insufficient "publicity," much like the group of students in *Price*, and it does not support Doe I's claim.

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-17-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 17 of 18

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

### III. CONCLUSION

Claims 4–8 should be dismissed against the University, an arm of the State of Alaska entitled to immunity from suit in this Court. In addition, with the exception of Jane Doe II's claim for false light, Plaintiffs fail to adequately plead invasion of privacy under claim 8.

DATED: June 11, 2019.

**PERKINS COIE LLP**

s/Danielle M. Ryman
Danielle M. Ryman, Alaska Bar No. 9911071
Jared L. Gardner, Alaska Bar No. 1511097
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM

### CERTIFICATE OF SERVICE

I hereby certify that on June 11, 2019 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

s/ Danielle M. Ryman

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-18-

144649060.1

Case 3:19-cv-00136-HRH   Document 13   Filed 06/11/19   Page 18 of 18