Stacy L. Walker
Laura J. Eakes
Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, AK 99507
Phone (907) 272-9255
Facsimile (907) 272-9256
stacy@walkereakes.com
laura@walkereakes.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, AND DOES 6-20,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF, ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

## MOTION TO PRECLUDE USE OF "JANE DOE" PSEUDONYMS

Defendant David Yesner, by and through counsel, moves to preclude the use of anonymous "Jane Doe" pseudonyms in this case pursuant to FRCP 10(a) and Ninth Circuit case law.

Proceeding under a pseudonym is not standard practice in federal court. As the Supreme Court has held: "A trial is a public event. What transpires in the courtroom is public property... There is no special perquisite of the judiciary which enables it, as distinguished from other institutions of democratic government, to suppress, edit, or

censor events which transpire in proceedings before it." Cox Broadcasting Corp. v Cohn, 420 U.S. 469 (1975).

Under Ninth Circuit precedent, the use of the pseudonym "Jane Doe" or "John Doe" is limited to those "unusual cases" where the person's real identity must be hidden in order to protect them from "harassment, injury, ridicule or personal embarrassment." Does I thru XXIII v. Advanced Textile Corp., 214 F.3d 1058, 1068 (9th Cir. 2000) (citation omitted). There is no provision for automatically providing pseudonyms based on the type of claim made. Id. The district courts are to "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." Id. The courts have found in favor of allowing the use of pseudonyms:

> (1) when identification creates a risk of retaliatory physical or mental harm...
> (2) when anonymity is necessary to 'preserve privacy in a matter of sensitive and highly personal nature' and
> (3) when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'

Id. (citations omitted).

Of these three potential justifications, only the second would be potentially applicable to the instant case. There is no evidence of any risk of retaliatory physical or mental harm, and there is no allegation that the plaintiffs were involved in criminal activity in this case. The question is therefore whether the second factor is sufficiently strong to make this case "unusual" and outweigh the standard rule against anonymous litigation.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
MOTION TO PRECLUDE USE OF "JANE DOE" PSEUDONYMS
Page 2 of 5
Case 3:19-cv-00136-HRH   Document 20   Filed 06/28/19   Page 2 of 5

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

There is nothing "highly personal" alleged by Jane Does I-V. Anonymity is not necessary to preserve privacy and the allegations do not involve matters of a sensitive or *highly* personal nature. Jane Doe I and II reportedly made constant reports regarding defendant's behavior to ". . . professors and other faculty members at the University."[1] Jane Doe II allegedly sent an email to Chancellor Gingrich presumably using her own name which included the following statement ". . . speaking publicly about my experience with [Yesner] is not something I shy away with . . . . Please feel free to forward this email to anyone you'd like."[2]

The mere fact that this case involves allegations of sexual harassment is not sufficient, since there is no blanket rule allowing "Doe" pleadings whenever allegations of sexual harassment are made. The allegations do not fall into any unusual category of sexual harassment claim. No minors are alleged to have been involved, and the wrongdoing alleged is entirely on the defendants, not on the plaintiffs.

Putting a restriction on the use of the plaintiffs' real names would disrupt discovery and make it difficult for the defense to speak with anyone about the plaintiffs. A less extreme measure such as a protective order would serve to protect any genuine privacy interests. Blocking the identities of the accusers from the public record is too extreme.

I ask that you withdraw paragraph 9 and refile with the names of the real parties in interest here. I won't belabor the points here because I'm short on time, but instead refer you to points made in Doe v. Kamehameha, 596 P.3d 1036 (2010). It does not

---

[1] Complaint at 9.
[2] Complaint at p. (para 23)

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**MOTION TO PRECLUDE USE OF "JANE DOE" PSEUDONYMS**
Page 3 of 5

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

appear that some of the plaintiffs have shied away from making their assertions public. Per paragraph 23 of the Complaint, Jane Doe II wrote an email to Chancellor Gingrich and said, amongst other things, "speaking publicly about my experience with David is not something I shy away with. . . . Please feel free to forward this email to anyone you'd like." Per paragraph 24 of the Complaint, Jane Doe III and Jane Doe V signed a letter opposing Mr. Yesner's emeritus status. In their letter they wrote, "the signatories of this letter are available to meet in person at your convenience." The allegations by Jane Doe V—that she felt threatened by Mr. Yesner's entrance into a classroom and by him (amongst other things) breathing on the back of her neck in a classroom--do not appear on their face to be allegations that would merit filing under a pseudonym.

DATED this 28th day of June 2019, at Anchorage, Alaska.

> Walker & Eakes, LLC
> Attorney for Defendant
> DAVID YESNER
>
> By: /s/ Laura J. Eakes
> Laura J. Eakes
> Alaska Bar No. 0011072

DATED this 28th day of June 2019, at Anchorage, Alaska.
> Walker & Eakes, LLC
> Attorney for Defendant
> DAVID YESNER
>
> By: /s/ Stacy L. Walker
> Stacy L. Walker
> Alaska Bar No. 0005014

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and
correct copy of the foregoing was served
this 28th day of June 2019 by:

    ___ : Mail
    ___ : Email
    ___ : Hand Delivery
    ___ : Courier
    _x_ : ECF Distribution

To the following persons:

Anthony G. Buzbee
Cornelia Brandfield-Harvey
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77002

Nicole C. Cusack
Cusack Law, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507

Charles Sturm
Sturm Law PLLC
712 Main St, Suite 900
Houston, TX 77002
***Served Via U.S. Mail Only***

   /s/ Stacy L. Walker
     Walker & Eakes, LLC

180.533/pldgs/2019-06-28 Def's Motn re Jane Does

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256