Anthony G. Buzbee* (TX Bar No. 24001820)(*pro hac vice pending)
tbuzbee@txattorneys.com
Cornelia Brandfield-Harvey* (TX Bar No. 24103540)(*Admitted pro hac vice*)
cbrandfieldharvey@txattorneys.com
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300, Houston, TX 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
nicole@cusacklawak.com
CUSACK LAW, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428
Fax: (907) 222-5412

Charles Sturm* (TX Bar No. 1511093)(*pro hac vice pending)
csturm@sturmlegal.com
712 Main Street, Suite 900
Houston, TX 77002
Tel: (713) 955-1800

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, AND DOES 6-20<br><br>*Plaintiffs,*<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>*Defendants.* | Case No. 3:19-cv-00136-HRH<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS** |

Plaintiffs file this Response to Defendant University of Alaska Board of Regents and University of Alaska System's Partial Motion to Dismiss and Defendant David Yesner's Partial Joinder of Defendants University of Alaska Board of Regents and University of Alaska System's Partial Motion to Dismiss.

## I.　　BACKGROUND

Plaintiffs, Jane Doe I, Jane Doe II, Jane Doe III, Jane Doe IV, Jane Doe V and Does 6-20 for their Complaint against Defendants David Yesner ("Yesner"), University of Alaska Board of Regents ("Board of Regents"), and University of Alaska System ("University of Alaska")("University"), state as follows:

This action arises from Defendant University of Alaska's deliberately indifferent response to the severe and long running sexual harassment of graduate students by University of Alaska's professor and supervisor, Defendant David Yesner. Defendant University of Alaska's failure to promptly and appropriately investigate and respond to the harassment subjected Plaintiffs to retaliation and a hostile environment, effectively denying them access to educational and professional opportunities. Further, Defendant University of Alaska's employee, Defendant Yesner retaliated against Plaintiffs for denying Defendant Yesner's sexual advances, which Defendant University of Alaska failed to prevent or take action against even after the Plaintiffs complained of Defendant Yesner's behavior and notified Defendant University of Alaska, once the actions had started. This malicious and intentional conduct has subjected Plaintiffs to significant and pervasive reputational damage and emotional distress, destroying their careers and causing

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH　　Document 21　　Filed 07/02/19　　Page 2 of 25

significant damage to their mental health. Their lives have been forever changed by Defendants' actions.

## II.    STANDARD OF REVIEW

A 12(b)(6) motion should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 44-46 (1957). The question before the Court in examining a 12(b)(6) motion is whether the plaintiff's complaint states any valid claim for relief. *Id.* Since federal courts simply require "notice pleading," the Court construes a plaintiff's pleading liberally, and lack of detail does not constitute a sufficient ground to dismiss a complaint under Rule 12(b)(6). *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985).

A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards,* 677 F.2d 1045, 1050 (5th Cir. 1982). The strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with *every doubt resolved in his behalf,* the complaint states any valid claim for relief." 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Collins v. Morgan Stanley Dean Witter,* 224 F.3d 496, 498 (5th Cir. 2000).

Plaintiffs have more than stated a valid claim for relief and therefore Defendants' Partial Motion to Dismiss should be denied in its entirety.

3

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 3 of 25

# III.   ARGUMENTS & AUTHORITIES

**A. The Court has jurisdiction over Plaintiffs' claims under AS 14.18.010, 42 U.S.C. Section 1983, and Alaska tort law.**

> **1. This Court has supplemental jurisdiction over the related state claims and AS 14.18.010 pursuant to 28 U.S.C. §1367.**

At the very least, this Court maintains supplemental jurisdiction over the related state claims and AS 14.18.010 pursuant to 28 U.S.C. § 1367 because they arise from a common nucleus of operative fact and therefore form part of the same case or controversy under Article III of the U.S. Constitution.

28 U.S.C. § 1367 states:

(a)  Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

*Id.*

Because this Court may exercise supplemental jurisdiction over Plaintiffs' related state claims, Plaintiffs' state claims are properly brought in federal court. Defendants' Motion should be denied.

> **2. Plaintiffs may sue Defendants in federal court for claims under AS 14.18.010 and for torts.**
>
> > **a. Plaintiffs may sue Defendants in federal court for claims under AS 14.18.010.**

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 4 of 25

AS 14.18.10 and Title IX are extremely similar in their purpose that the two laws might as well be one in the same. All the other cases to which Defendants cite to support their argument that the University has not expressly consented to suit in federal court under AS 14.18 do not deal with the issue of deprivation of educational rights. Plaintiffs would endeavor to argue that Defendants have consented to suit in federal court under AS 14.18 since Defendants have consented to suit in federal court under Title IX and immunity has been waived for Title IX claims. The Remedies Equalization Act abrogated immunity for Title IX claims for Universities by Congress who received federal funding, University of Alaska being one of those universities.

AS 14.18.010 states:

> Recognizing the benefit to the state and nation of equal educational opportunities for all students, and equal employment opportunity for public education employees, discrimination on the basis of sex against an employee or a student in public education in Alaska and discrimination against an employee on the basis of race violate art. I, § 3 of the Alaska Constitution and are prohibited. A person in the state may not on the basis of sex be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal or state financial assistance.

*Id.*

Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) states:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance

*Id.*

Seeing these two statutes together, they look almost identical in language.

Plaintiffs should have the opportunity to sue Defendants in federal court and therefore Defendants' Motion should be denied.

### 1. This Court has jurisdiction over AS 14.18.010 pursuant to 28 U.S.C. § 1343(a)(4).

This Court has jurisdiction over AS 14.18.010 pursuant to 28 U.S.C. § 1343(a)(3) which states:

> (a) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

*Id.*

AS 14.18.010, as defined above, more than meets this definition as laid out in 28 U.S.C. § 1343(a)(3). The district courts have original jurisdiction to redress the deprivation of educational benefits borne by Plaintiffs in this case. Plaintiffs may recover damages under AS 14.18.010 that provides for the protection of civil rights.

### b. The University can be sued in federal court for torts.

Defendants argue that the Alaska legislature has authorized suits in certain circumstances for tort claims and for claims alleging violations of AS 14.18 but not in federal court. Defendants claim that the State of Alaska has not consented to suit in federal court for claims under Alaska tort law. However, this argument is false. University of Alaska did consent to suit in federal court for a tort in *McBeath v. Univ. of Alaska*, No. 3:08-cv-00008 TMB, 2009 U.S. Dist. LEXIS 139769 (D. Alaska Aug. 5, 2009). In that

6

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

case, Plaintiff McBeath sued University of Alaska for defamation, a civil tort, in federal court of the United States District Court for the District of Alaska. Therefore, for Defendants to make such a blanket, sweeping statement that they have never consented to suit in federal court for tort claims is plainly misleading. Defendants have consented to torts in federal court and therefore this Court has jurisdiction over Plaintiffs' tort claims of civil assault and battery, intentional infliction of emotional distress, and invasion of privacy. Defendants' Motion should be denied.

The fact that University of Alaska is asking this Court to dismiss Plaintiffs' tort claims because they are not brought in state court seems like a waste of judicial resources and a waste of parties' time and money when all claims could be brought in one forum. By Defendants' logic, this means that Plaintiffs would have to file a simultaneous case against the University in state court at the same time as this federal court case is pending or parties would have to wait until the federal case is finished before coming back to file a suit in state court. For the sake of judicial expediency, Plaintiffs should be able to sue University of Alaska in federal court for torts arising under Alaska tort law.

1. **This Court has jurisdiction over torts pursuant to 28 U.S.C. § 1343(a)(3).**

This Court has jurisdiction over torts alleged by Plaintiffs pursuant to 28 U.S.C. § 1343(a)(3) which states:

> (b) The district courts shall have original jurisdiction of any civil action authorized by law to be commenced by any person:
> (3) to redress the deprivation, under color of any State law, statute, ordinance, regulation, custom or usage, of any right, privilege or immunity secured by the

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 7 of 25

Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States;

The torts of invasion of privacy, intentional infliction of emotional distress, and invasion of privacy can be brought in federal court. Defendants' Motion should be denied.

### 3. The University is a "person" subject to suit under 42 U.S.C. 1983 with regards to equitable relief.

Plaintiffs brought forth claims against Defendant University under 42 U.S.C. Section 1983. 42 U.S.C. Section 1983 states that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any state or territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. *Wolfe v. O'Neill*, 336 F. Supp. 1255, 1258 (D. Alaska 1972). For an adequate cause of action under 42 U.S.C.S. § 1983, two requirements must be met. First, the conduct of the defendants must be under color of state law, and, second, defendants' conduct must subject the plaintiff to a deprivation of rights, privileges, or immunities secured by law and the Constitution of the United States. *Id.* at 1260. The conduct of Defendants University of Alaska Board of Regents and University of Alaska System was under color of state law and Defendant Yesner failed to preserve Plaintiffs' constitutional right to equal protection as guaranteed by the Fourteenth Amendment. Under the Equal Protection Clause of the Fourteenth Amendment, Plaintiffs had the right to equal access to an educational environment free from harassment and discrimination. Defendants

should have known that its response to sexual harassment must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

Defendants claim that the University, as an arm of the State, is not a person within the meaning of Section 1983 and therefore is not subject to suit under this statute. Defendants are mistaken. The Courts have stated that a University is a not a person under Section 1983 for a claim for damages. *Whitner v. Davis*, 410 F.2d 24, 29 (9th Cir. 1969).

However, Plaintiffs do not only make claims for damages in their Complaint. Plaintiffs also request equitable relief from Defendants as well. Plaintiffs have requested an order enjoining University of Alaska, along with all of its agents, from unlawful discrimination on the basis of sex, including the failure to address, prevent and/or remedy sexual harassment, a formal statement to be issued in support of Plaintiffs by Defendants, and removal of Defendant David Yesner's name from diplomas and other official university documents, Complaint Section VII (c)-(e). The Alaska courts have made it quite clear that University of Alaska is a "person" in so much as it relates to equitable relief and therefore the University is subject to suit under 42 U.S.C. Section 1983. The University cannot escape liability. Where equitable relief is sought, a school district is included within the meaning of "person" as provided by 42 U.S.C.S. § 1983. *Id.* at 1259; *Harkless v. Sweeny Independent School District*, 427 F.2d 319, 323 (5th Cir. 1970).

In *Wolfe v. O'Neill,* Plaintiff Hilton Wolfe sued University of Alaska, the President of the University, and its Board of Regents, individually and as members of the Board, for

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 9 of 25

wrongful termination from his position as Assistant Professor of English under Section 1983, claiming that he was deprived of certain rights, privileges, and immunities secured by the Constitution as he exercised his right of free speech as guaranteed by the First and Fourteenth Amendments of the Constitution. Plaintiff requested equitable relief, praying for an order to reinstate him to his previous employment status as Assistant Professor at University of Alaska. Defendant University of Alaska moved to dismiss Plaintiff's 1983 claim, arguing that University of Alaska was not considered a person and therefore was not subject to suit. The Court in *Wolfe* disagreed and denied the University's motion to dismiss, holding that a University *is* a "person" under 1983 for purposes of equitable relief. Therefore, Plaintiff had a valid claim and could maintain suit under 1983.

The situation in *Wolfe* is similar to the situation here in Plaintiffs' claims against University of Alaska for sexual harassment. Plaintiffs are seeking equitable relief as described above in addition to damages, and therefore the University of Alaska is considered a person under 1983 and Defendants' Motion to Dismiss should be denied.

Other courts have also allowed suit under 42 U.S.C. § 1983 when the action was for equitable relief rather than damages. *See*, *Schnell v. City of Chicago*, 407 F.2d 1084, 1086 (7th Cir. 1969); *Adams v. City of Park Ridge*, 293 F.2d 585, 587 (7th Cir. 1961); *Local 858 of A.F. of T. v. School District No. 1 in County of Denver*, 314 F. Supp. 1069, 1074 (D. Colo. 1970); *Service Employees International Union, A.F.L.-C.I.O. v. County of Butler, Pa.,* 306 F. Supp. 1080, 1083 (W.D. Pa. 1969).

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 10 of 25

### 4. Defendant University is a "person" through Defendant David Yesner as University is vicariously liable for Yesner's actions and can be sued for damages.

Defendant Yesner is clearly a person as it is defined in Section 1983 and he deprived Plaintiffs of the benefit of their education due to years long sexual harassment and sexual abuse. Defendant Yesner was an employee of University of Alaska and therefore University of Alaska and its Board of Regents are vicariously liable for the actions of their employee and subject to suit under Section 1983.

All the cases to which Defendants cite to argue immunity are cases where only the University is sued for its own actions, rather than an employee for whom it was personally responsible, and so can be distinguished here.

### B. Plaintiffs Jane Doe I and Jane Doe II adequately state claims for intrusion of solitude and public disclosure of private facts and Jane Doe I adequately states a claim for false light.

It is axiomatic that a Motion to Dismiss is to be judged by the four corners of the Complaint and a court is limited to consideration of the Complaint's allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 674, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288–90 (11th Cir.2010). At the Motion to Dismiss stage, the "court must take the allegations as true, no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). Defendants' arguments for the dismissal of Plaintiffs' claims for invasion of privacy based on the fact that they are inadequately pled fly in the face of the core principles for evaluating a Motion to Dismiss. Defendants

are using the wrong procedural vehicle in a motion to dismiss to attack the merits of Plaintiffs' claims. That tactic is improper at the pleadings stage.

Clearly, there is a dispute between Plaintiffs Jane Doe I and Jane Doe II and Defendants as to whether Plaintiffs had a reasonable expectation of privacy at the archaeological site where Jane Doe I had her photographs taken without her consent and Jane Doe II had her Instagram photograph selected without her consent for an intrusion upon solitude claim. There is a dispute between Plaintiff Jane Doe II and Defendants as to whether Plaintiff alleged private facts for public disclosure of private facts. There is a dispute between Plaintiff Jane Doe I and Defendants as to whether the sexually suggestive photographs were published to the public at large for a false light claim. To decide these issues on a Motion to Dismiss would require this Court to go well beyond the face of the Complaint and make a decision as to ultimate fact based on each party's evidence. This is exactly the type of evaluation that the court is prohibited from taking at the Motion to Dismiss stage. The Complaint, when construed, as it must be, with all inferences in Plaintiffs Jane Doe I and Jane Doe II's favor, clearly sets forth claims for intrusion upon solitude, public disclosure of private facts and false light.

Plaintiffs Jane Doe 1 and Jane Doe II have brought forth claims of invasion of privacy and plead three separate theories of liability for invasion of privacy: (1) intrusion of solitude (2) public disclosure of private facts; and (3) false light. Restatement (Second) of Torts § 625A states:

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 12 of 25

(1) One who invades the right of privacy of another is subject to liability for the resulting harm to the interests of the other.
(2) The right of privacy is invaded by

    (a) unreasonable intrusion upon the seclusion of another, as stated in § 652B; or

    (b) appropriation of the other's name or likeness, as stated in § 652C; or

    (c) unreasonable publicity given to the other's private life, as stated in § 652D; or

    (d) publicity that unreasonably places the other in a false light before the public, as stated in § 652E.

*Id.*

Plaintiffs have properly brought forth these claims and this Court need not go beyond the face of the Complaint at this stage. Therefore, Defendants' Motion to Dismiss should be denied.

    **1. Jane Doe I and Jane Doe II properly state a claim for intrusion of solitude because they did have at all times a reasonable expectation of privacy.[1]**

Jane Doe I and Jane Doe II properly state a claim for intrusion of solitude because they did have at all times a reasonable expectation of privacy. Restatement § 652B states:

One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

*Id.*

    **a. The University of Alaska's *own* policies find an invasion of privacy claim where sexually suggestive photographs are taken without the student's consent as occurred with Plaintiff Jane Doe I.**

---

[1] Defendants do not dispute that the intrusion was highly offensive to a reasonable person. It can be agreed that taking sexually suggestive photographs of students' buttocks and breasts as a professor is highly offensive to a reasonable person. Similarly, a professor perusing a student's Instagram account looking for personal photographs to which she has not granted him access is highly offensive to a reasonable person.

13

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 13 of 25

It seems disingenuous for Defendants to argue that Plaintiff Jane Doe I does not have a reasonable expectation of privacy in their Motion when the University's very own policies would find and an investigative report *did* find that Jane Doe I's privacy had been invaded in the form of sexual exploitation when Defendant Yesner took sexually suggestive photographs of Jane Doe I without her consent

University Regulation R01.04.010(B)(5)[2] states:

> Sexual exploitation. This occurs when a person takes non-consensual or abusive sexual advantage of another for the person's own advantage or benefit, or to benefit or advantage anyone other than the one being exploited, including but not limited to:
> a. ***Invasion of sexual privacy***, prostitution another person, non-consensual video or audio-taping of sexual activity, going beyond the boundaries of consent (such as secretly letting others watch consensual sex), engaging in voyeurism;
>
> . . .
>
> *Id.*

The use of Jane Doe I's images for the personal, sexual gratification of Defendant Yesner "goes beyond the boundaries of consent". Plaintiff Jane Doe I believed her photograph was being taken for a legitimate educational and professional purpose as a student at an archaeological dig site. She consented, if at all, to being photographed under this guise. Had Plaintiff known that Yesner was accessing her pictures for personal reasons, she most likely would not have consented to her photograph being taken. Yesner's possession of her pictures for personal reasons invades Plaintiff Jane Doe's privacy, as the

---

[2] University Regulation Part I – Mission and General Provisions Chapter 01.04 – Sexual and Gender- Based Discrimination, pp. 10-11, https://www.alaska.edu/bor/policy/01-04.pdf.

images depict breasts and buttocks, that Plaintiff likely did not know was being depicted in such a way. Jane Doe I had a reasonable expectation of privacy in not being photographed in a sexual way.

Because the University's own policies would find Jane Doe I had a reasonable expectation of privacy, Defendants' Motion should be denied.

**b. Jane Doe I had a reasonable expectation of privacy as a student at a University of Alaska sanctioned event at a secluded archaeological dig site.**

A claim for intrusion of solitude has two elements: (1) a reasonable expectation of privacy; and (2) that the defendant intruded in a manner highly offensive to a reasonable person. *Greywolf v. Carroll,* 151 P.3d 1234, 1245 (Alaska 2007). The second element is not at issue here. Defendants have not disputed that Defendant Yesner intruded in a manner highly offensive to a reasonable person. As alleged in the Complaint, Jane Doe I did not consent to have sexually suggestive photographs of her buttocks and breasts taken at the Broken Mammoth Archaeological Site by Defendant Yesner. Defendant Yesner took sexually suggestive photographs of Plaintiff without her consent, therefore committing intrusion of solitude.

Defendants' cases all involve random people taking photographs of the person who the person does not know. A professor taking a photograph of a student at a secluded archeological site is something quite different. Notably, Defendants have not cited to any cases to this scenario. Jane Doe I was attending a University class that happened to be outside. Attending a university class should come with a reasonable expectation of privacy

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 15 of 25

as the University has a duty to its students unlike random people on the street who have no duty to passerbys. Students expected the university to respect their privacy as Jane Doe I did. Defendants argue that "courts regularly hold that claims based on photographs or videos of people in accessible locations fail as a matter of law." However, this archeological site is not an accessible location. Therefore, Defendants argument fails in this instance. Digging at an archaeological site is not akin to walking down a public street. Defendants are comparing apples to oranges and their reasoning is misguided. Jane Doe I's appearance was not public and open to the public eye at the site. She and the other students were very much hidden away from sight.

However, whether or not the location was accessible or in a public place is not the most important point. One's privacy can still be invaded in a public place.

If Jane Doe I had consented to her photograph being taken, it was for educational and professional purposes only. She did not consent to photographs being taken for Yesner's own sexual desires which is clear from the way he zoomed in on her breasts and buttocks in the majority of the photographs found on his hard drive.

The right of privacy has been defined as the right to be let alone. *See* Restatement (Second) of Torts §652A cmt A; *Chico Feminist Women's Health Ctr. v. Butte Glenn Med. Soc'y*, 557 F. Supp. 1190, 1201 (E.D. Cal. 1983). It is a fundamental and compelling interest. It protects our homes, our families, our thoughts, our emotions, our expressions, our personalities. *Id.* Jane Doe I had the right to be left alone when she did not consent to

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 16 of 25

Defendant Yesner taking sexually suggestive photographs of her. Defendant Yesner violated Jane Doe I's rights.

Jane Doe I's case can be distinguished from *Cheatham v. Paisano Publications, Inc.,* 891 F. Supp. 381 (W.D. Ky. 1995) to which Defendants cite, because Jane Doe I was not wearing revealing clothing at the dig site. In *Cheatham,* the Plaintiff was wearing an item of clothing that displayed her bottom through fishnet fabric that replaced cut out portions of her blue jeans. *Id.* The Court in *Cheatam* held that the taking of photographs of plaintiff's bottom was not an unreasonable instrusion upon her seclusion where she chose to wear revealing clothes. *Id.* Her actual bare bottom was visible to the public. Here, Jane Doe I's buttocks and breasts were covered. Defendant Yesner was the one who turned the photographs into something sexual. Jane Doe I was not the one being sexual. She was trying to focus on her education as a student and focus on the class assignments at hand as part of a classroom activity. Her motives were purely educational and professional.

Jane Doe I's case can also be distinguished from *Bogie v. Rosenberg* cited in Defendants' Motion. There, the Court held that there was no intrusion upon solitude where Plaintiff's conversation backstage with Joan Rivers was filmed and then later shown in a documentary. 705 F.3d 603 (7th Cir. 2013). However, Defendants fail to delve into the facts of the case. The video of Plaintiff's and Joan Rivers' conversation was depicted as it actually happened. There was no zooming in of Plaintiff's breasts or buttocks and the video was not taken for someone's personal, sexual gratification, as is the case with Plaintiff Jane Doe I. Jane Doe I's case and Plaintiff's case in *Bogie* are not analogous.

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

It is important to note that the argument of whether Plaintiff had a reasonable expectation of privacy in *King v. Metcalf 56 Homes Ass'n,* 385 F. Supp. 2d 1137 (D. Kan. 2005) was discussed at the summary judgment stage and not at the pleadings stage. Therefore, Defendants' argument is better suited for summary judgment, if at all and should not be taken up on a Motion to Dismiss.

Defendants argue that a person "whose appearance is public and open to the public eye" lacks an expectation of privacy needed to support an intrusion claim. However, even in a public place, there may be some matters about the plaintiff, such as his underwear or lack of it, that are not exhibited to the public gaze; and there may still be invasion of privacy when there is intrusion upon these matters. *See* Restatement (Second) of Torts, § 652B, illustration c. The close ups of Jane Doe I's breasts and buttocks are not exhibited to the public gaze. What is exhibited to the public gaze is at a respective distance from the Plaintiff. Jane Doe I's situation is similar to the Plaintiff's case in *Daily Times Democrat v. Graham,* 276 Ala. 380, 162 So. 2d 474 (1964) (cited by *Granger v. Klein*, 197 F. Supp. 2d 851 (E.D. Mich. 2002)). There, the Court found that Plaintiff had a claim for intrusion upon solitude when a photograph was taken of Plaintiff in her underwear at an amusement park when a gust of wind caused Plaintiff's skirt to fly up over her head. *Id.* The Court found that Plaintiff had an expectation of privacy even though her photograph had been taken in a public place because the ***photograph changed her status without consent.*** *Id.* at 383. Plaintiff did not consent to having a photograph taken of her underwear that was not visible to the public eye. Here, Jane Doe I's claim is just the same. Even agreeing with

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 18 of 25

Defendants' argument that Jane Doe I's photograph may have been taken in a public place does not change the fact that her status changed when Defendant Yesner cropped the photo to focus on her breasts and buttocks without her consent for his sexual gratification. Jane Doe I did not consent to a sexually suggestive photograph.

Defendants' Motion should be denied because Jane Doe I had a reasonable expectation of privacy and has a claim for intrusion upon solitude.

### c. Jane Doe II had a reasonable expectation of privacy in her Instagram account to which she had not allowed Yesner access.

Defendant Yesner took Jane Doe II's photograph from her account. Defendants claim that the entire point of social media is to share content. However, that comes with an exception. This statement is a sweeping generalization. Jane Doe II did not intend to share content with Yesner. Yesner was not one of her followers on Instagram.

Defendant Yesner intruded upon her seclusion and selected a photograph and shared it with Professors in an email. Jane Doe II had a reasonable expectation of privacy in her account. One who intrudes upon that privacy is violating that person's right. Intruding upon someone's account is similar to breaking into someone's home and stealing a photograph. The laws will have to catch up to the online world in which society lives now.

Jane Doe II maintained a reasonable expectation of privacy from a professor snooping around her Instagram and intentionally sharing her photographs with academic personnel. This intrusion was highly offensive to a reasonable person. When one signs up for Instagram, one does not expect one's photograph to be shared with faculty at a

19

University for a thesis paper. She maintained a reasonable expectation of privacy that her status would not change without her consent when the photograph was selected by Yesner. Her photograph was taken in a social, more relaxed setting. She did not consent to a photograph being used for the University and her professional career. As with Jane Doe I, some things can still be private in a public place. The public place being Instagram in this scenario. This photograph of Plaintiff Jane Doe II placed her in a false or misleading light, thereby causing embarrassment and offense.

Regardless, without arguing and looking at the merits, Jane Doe II's intrusion upon solitude claim should stand as it has been properly pled at the pleadings stage and Defendants' Motion to Dismiss should be denied.

**2. Jane Doe II sufficiently states a claim for public disclosure of private facts.**

Jane Doe II has sufficiently stated a claim for public disclosure of private facts as stated in Restatement (Second) of Torts §652D:

> One who gives publicity to a matter concerning the private life of another is subject to liability to the other for invasion of his privacy, if the matter publicized is of a kind that
> (a) would be highly offensive to a reasonable person, and
> (b) is not of legitimate concern to the public.

*Id.*

Defendants have not disputed that the facts publicized are highly offensive to a reasonable person and are not of legitimate public concern. Jane Doe II's photograph that she shared to Instagram was not for Defendant Yesner's viewing and was not of legitimate public concern. From an ethical standpoint, a professor should not be perusing the

Instagram account of students, much less one of his own. A married professor ogling a student on Instagram is highly offensive and disturbing and even more so to give that photograph to other professors.

Furthermore, the photograph Jane Doe II posted was not intended to be seen by the public at large and certainly not intended to be shared with the entire campus in a poster form. Jane Doe II's photograph that she posted to Instagram on her account was a private fact because she did not intend to share it with her professors or any academic personnel.

Jane Doe II sufficiently states a claim for public disclosure of private facts and Defendants' Motion should therefore be denied.

**3. Jane Doe I has properly pled a claim for false light.**

According to Restatement (Second) of Torts § 652E, a defendant is liable under a false light theory where he gives publicity about another person that places that person in a false light and: (1) the false light would be highly offensive to a reasonable person; and (2) the defendant knew or acted recklessly with regard to the falsity of the publicized information or the false light in which the other person would be placed. *Id.*

Plaintiff Jane Doe I was portrayed in a false and misleading light by the photographs zeroing in on her breasts and buttocks. Defendant Yesner stored these photographs on his public work computer at the University, where it is reasonable to assume he expected the photographs would become public knowledge. The photographs could be seen by fellow students who used his computer for work and study. These photographs are offensive and

21

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 21 of 25

embarrassing to any reasonable person. Defendant Yesner acted with reckless disregard for the false nature of the information published.

The term "public at large" has not been exactly defined by the Courts. The meaning of the term varies on a case by case basis. The case of *Polin v. Dun & Bradstreet, Inc.* to which Defendants cite to say that there was no publicity held that the element of publicity is lacking where information was disclosed to 17 people. 768 F.2d 1204, 1206 (10th Cir. 1985). Plaintiff's case is different from that of *Polin* because it was more than 17 people that saw the sexually suggestive photographs of Plaintiff. Defendant Yesner had more than 17 people in his class and this many people makes it substantially certain that the photographs would become public knowledge. "Publicity," on the other hand, means that the matter is made public, by communicating it to the public at large, ***or to so many persons that the matter must be regarded as substantially certain to become one of public knowledge.*** *See* Restatement (Second) of Torts §652D cmt. a. Young people, especially graduate and undergraduate students at a university, are prone to sharing everything nowadays. It is very easy to contemplate that students at University of Alaska, who had access to Yesner's computer and Jane Doe I's photographs, would disseminate that photograph and make it public knowledge.

Because Jane Doe I has properly pled a claim for false light, Defendants' Motion should be denied.

**C. Plaintiffs should be given leave to replead if the Court dismisses any of their claims.**

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 22 of 25

Although Plaintiffs are confident that the counts Defendants claim should be dismissed state a valid claim under the applicable law, if this Court should dismiss any of the claims, Plaintiffs would respectfully ask that they be given leave to re-plead any of them. Leave is particularly appropriate as the crux of most of Defendants' arguments center around deficiencies in pleading sufficient facts in support of certain claims. Generally, leave to amend under Federal Rule of Civil Procedure 15(a) is given freely. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Saewitz v. Lexington Ins. Co.,* 133 F. App'x 695, 699 (11th Cir. 2005) (per curiam).

## IV. <u>CONCLUSION AND PRAYER</u>

For the reasons states above, claims 4-8 should be upheld and Defendants' Partial Motion to Dismiss should be denied in its entirety. Plaintiffs also have properly pled invasion of privacy claims under claim 8. In the alternative, Plaintiffs respectfully ask that Plaintiffs be afforded the opportunity to amend their pleading if the Court so orders. A motion to dismiss is a harsh measure that abrogates Plaintiffs' rights to due process of law in the courts and should be disfavored. Plaintiffs seek all other relief to which Plaintiffs may be entitled.

DATED: July 2, 2019.

Respectfully submitted,

By: */s/ Cornelia Brandfield-Harvey*
Anthony G. Buzbee
(*Pro Hac Vice Admission Pending*)
*Attorney in Charge*

23

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 21   Filed 07/02/19   Page 23 of 25

Texas Bar No. 24001820
Federal Bar No. 22679
Cornelia Brandfield-Harvey
(*Admitted Pro Hac Vice*)
Texas Bar No. 24103540
Federal Bar No. 3323190
**THE BUZBEE LAW FIRM**
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
**CUSACK LAW, LLC**
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428

Charles Sturm
(*Pro Hac Vice Admission Pending*)
**STURM LAW PLLC**
Texas Bar No. 1511093
Federal Bar No. 21777
712 Main Street, Suite 900
Houston, Texas 77002
Tel: (713) 955-1800

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS

## CERTIFICATE OF SERVICE

I hereby certify that on July 2, 2019 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

_/s/ Cornelia Brandfield-Harvey_
Cornelia Brandfield-Harvey

PLAINTIFFS' RESPONSE TO DEFENDANTS UNIVERSITY OF
ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA
SYSTEM'S PARTIAL MOTION TO DISMISS AND PLAINTIFFS' RESPONSE
TO DEFENDANT DAVID YESNER'S PARTIAL JOINDER OF PARTIAL MOTION TO DISMISS