Anthony G. Buzbee* (TX Bar No. 24001820)(*pro hac vice pending)
tbuzbee@txattorneys.com
Cornelia Brandfield-Harvey* (TX Bar No. 24103540)(*Admitted pro hac vice*)
cbrandfieldharvey@txattorneys.com
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300, Houston, TX 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
nicole@cusacklawak.com
CUSACK LAW, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428
Fax: (907) 222-5412

Charles Sturm* (TX Bar No. 1511093)(*Admitted pro hac vice*)
csturm@sturmlegal.com
712 Main Street, Suite 900
Houston, TX 77002
Tel: (713) 955-1800

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, AND DOES 6-20<br><br>*Plaintiffs,*<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>*Defendants*. | **CASE NO. 3:19-cv-00136-HRH** |

Case 3:19-cv-00136-HRH   Document 23   Filed 07/12/19   Page 1 of 12

## PLAINTIFFS' RESPONSE TO DEFENDANT YESNER'S MOTION TO PRECLUDE USE OF "JANE DOE" PSEUDONYMS AND PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PROCEEDING UNDER PSEUDONYMS

Plaintiffs file this Response to Defendant David Yesner's Motion to Preclude Use of "Jane Doe" Pseudonyms and Plaintiffs' Memorandum of Law in Support of Proceeding Under Pseudonyms. This motion by Yesner is nothing more than an intimidation and delay tactic to further humiliate, embarrass and traumatize Plaintiffs more than they have already endured at this point. It is worth noting that Defendants University of Alaska Board of Regents and University of Alaska System have not challenged Plaintiffs' use of pseudonyms in this case.

Given the highly sensitive and personal nature of their allegations, this Court should permit the Plaintiffs to protect their true identities from public disclosure at this time; lest their efforts to seek redress for the sexual misconduct and harassment they have already experienced give rise to further harm to their mental health, their reputations and their careers.

## STATEMENT OF FACTS

This action arises from Defendant University of Alaska's deliberately indifferent response to the severe and long running sexual harassment of graduate students by University of Alaska's professor and supervisor, Defendant David Yesner. Defendant University of Alaska's failure to promptly and appropriately investigate and respond to the harassment subjected Plaintiffs to retaliation and a hostile environment, effectively denying them access to educational and professional opportunities. Further, Defendant

2

University of Alaska's employee, Defendant Yesner retaliated against Plaintiffs for denying Defendant Yesner's sexual advances, which Defendant University of Alaska failed to prevent or take action against even after the Plaintiffs complained of Defendant Yesner's behavior and notified Defendant University of Alaska, once the actions had started. This malicious and intentional conduct has subjected Plaintiffs to significant and pervasive reputational damage and emotional distress, destroying their careers and causing significant damage to their mental health. Their lives have been forever changed by Defendants' actions.

## **LEGAL ARGUMENT**

The Ninth Circuit has held that "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 993 (N.D. Cal. 2015). The Ninth Circuit has recognized that courts grant anonymity where it is needed to preserve privacy in a matter of sensitive and highly personal nature. *Id.* at 994. Consequently, the Ninth Circuit allows parties to use pseudonyms where this is "necessary" to protect a person from ridicule or personal embarrassment. *Id.* A district court must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party. *Id.* Applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3)

3

when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution. *Id.* The Ninth Circuit further holds that if pseudonyms are necessary to shield a party from retaliation, the following factors should be evaluated to determine the need for anonymity: (1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation. *Id.* at 995.

Here, all relevant factors strongly favor permitting the Jane Does to proceed under pseudonyms.

**A.    Plaintiffs' case involves matters of a highly sensitive and personal nature and anonymity is necessary to preserve privacy and safety from future harm.**

Courts have often allowed parties to use pseudonyms when a case involves topics in the "sensitive and highly personal" area of human sexuality. *Id.* at 994. When a case requires a plaintiff to disclose information of such utmost intimacy, courts weigh this strongly in favor of allowing a plaintiff to proceed under pseudonym. *See Doe v. Cabrera*, 307 F.R.D. 1, 5–6 (D.D.C. 2014) ("Because of the alleged sexual acts of defendant . . . this case is one of a sensitive and highly personal nature for the plaintiff.")(internal quotation marks omitted); *cf. Doe v. Trustees of Dartmouth Coll.* ("*Dartmouth I*"), No. 18-CV-040-LM, 2018 WL 2048385 at *5 ("Undoubtedly, one's sexual practices are among the most intimate parts of one's life…")(internal quotation marks omitted). Defendant states that this case is not one of a highly sensitive or personal nature but then does not elaborate as to why that is his belief or provide this Court with any evidence to support his argument. It is because Defendant knows that this case is one of very highly and sensitive nature

involving sexual harassment and sexual misconduct by Defendant. Sexual harassment and sexual misconduct deal with the most intimate parts of a person's life. Defendant Yesner inappropriately touched Plaintiffs' breasts, hips and buttocks and made sexually suggestive comments which have already caused severe personal embarrassment to Plaintiffs. Sexual harassment and sexual misconduct involve some of the most highly personal and sensitive matters. Plaintiffs were violated physically and mentally with lewd, sexually suggestive comments, nonconsensual and inappropriate touching, and threatening behavior. To say otherwise is quite puzzling and insulting.

The case of *Doe v. Kamehameha*, 596 P. 3d 1036 (2010) to which Defendant cites to make his point does not involve matters of human sexuality.

Defendant points to the fact that Jane Doe II mentioned in her email to the Chancellor in December 2017 that she does not shy away from the fact of speaking about her experience publicly. However, speaking about your experience publicly is very different than litigating a lawsuit which has significant consequences and ramifications. They are not the same thing at all and comparing the two is misleading.

Defendant also argues that Jane Doe III and Jane Doe IV said they were available to meet in person after sending their letter to the Chancellor as an argument by Defendant for this Court to reveal Plaintiffs' identities. This argument is a confusing one. Meeting with someone privately to discuss one's experiences in a closed-door setting is very different than going public with the matters in a lawsuit. By writing that letter to the Chancellor, Plaintiffs were hoping to meet with him in person in the privacy of an office. They were not speaking to the press.

5

On the note of media, Plaintiffs have made conscious efforts to avoid spotlight of any kind and have taken painstaking steps to remain private throughout this litigation. Plaintiffs have not publicly revealed their identities or otherwise sought publicity or media attention in this matter. ***Moreover, their participation in University of Alaska's Title IX investigations was confidential.***

Plaintiffs rightly fear retaliation. Involvement in sexual misconduct allegations implicates serious concerns about reputational harm and harassment that are only exacerbated in the Internet age. *Id.* at *5-6. Additionally, Plaintiffs have already stated in their Complaint that Yesner would retaliate against them when they rejected his sexual advances. And many Plaintiffs and other women have stated that they feared speaking out for a long time because Yesner held a lot of power and sway in the Anthropology community and their statements could affect their career opportunities in the field. Plaintiffs have stated that Yesner is an extremely vindictive individual who can make one's life a living nightmare.

Plaintiffs have already received disturbing threats and backlash for filing this lawsuit. One Plaintiff even considered filing a police report as the threats have become increasingly worse and worse. One Plaintiff received hate mail at her house. Plaintiffs have also received significant backlash online. Courts have recognized that internet technology "can provide additional channels for harassment and will connect [a] plaintiff's name to [sexual misconduct allegations] forever, whether or not he is successful in . . . litigation." *Id.* at *5.

For the reasons set forth above, Defendant's Motion should be denied.

6

### 1. Social stigmatization.

It is well known to the parties and to this Court that victims of sexual harassment and sexual abuse face some of the worst forms of social stigmatization in our society, causing victims' severe trauma and distress often leading to suicidal thoughts and major depression. Many of the Plaintiffs suffer from major depression, anxiety, panic attacks, loss of self-esteem and will continue to struggle with depression and anxiety for the rest of their lives due to Yesner's actions. The majority of Plaintiffs are currently seeking therapy and counseling and have sought counseling in the past. Women are not believed when they come forward with sexual harassment and are often blamed for causing the behavior. Many victims are shunned by their families and friends and alienated from communities. Employment opportunities are also affected by the social stigmatization that comes with sexual harassment as employers wrongly fear that the victims will become a "problem" for the company by speaking out and difficult to control. The victims often blame themselves for the sexual harassment causing many women to refrain from coming forward in the first place. The Ninth Circuit has found social stigmatization to be an important factor in deciding whether to allow plaintiffs to proceed anonymously.

> A plaintiff should be permitted to proceed anonymously in cases where a substantial privacy interest is involved. The most compelling situations involve matters which are highly sensitive, such as social stigmatization. The United States District Court for the Northern District of California has thus considered "social stigmatization" among the most compelling reasons for permitting anonymity. This is consistent with the Ninth Circuit's instruction that anonymity is permitted where the subject matter of a case is sensitive and highly personal, and where disclosing a party's identity threatens to subject them to harassment, ridicule, or personal embarrassment.

*Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 994 (N.D. Cal. 2015).

7

The filing of this motion by Defendant has already caused anxiety and panic for Plaintiffs due to the terror of being publicly identified. The thought of intimate details regarding Plaintiffs' sexual history and emotional state being revealed to coworkers, friends, family, and the media fill Plaintiffs with great fear and dread. Plaintiffs fear that being publicly identified will have significant negative consequences for these individuals and their relationships to them. Their fears are only magnified by the fact that bloggers and social media users will probably engage in hateful comments and discussions regarding Plaintiffs' claims. Plaintiffs will suffer severe emotional distress and an overall worsening of their physical and psychological health if forced to reveal their identities at this point.

Plaintiffs would face social stigmatization if their names were revealed and so it is vital that they be able to remain anonymous. Defendant's Motion should be denied.

**B.    Defendant will suffer no prejudice.**

Moreover, allowing Plaintiffs to proceed under pseudonyms will not prejudice Defendant Yesner in any way. Yesner is already aware of Plaintiffs' identities. *See Doe v. United Servs. Life Ins. Co.*, 123 F.R.D. 437, 439 (S.D.N.Y. 1988) (anonymity allowed because of sensitive privacy and retaliation concerns; no unfairness to defendant who was aware of claimant's true identity). Whatever knowledge a defendant has of a plaintiff's identity lessens the defendant's claim of being prejudiced by the use of a pseudonym. *Roes 1-2,* 77 F.Supp. 3d at 995. He will suffer no prejudice because he may be permitted to use Plaintiffs' names in discovery under the terms of a protective order that the Court can fashion to ensure Defendant is prejudiced in no way in his ability to defend the case. Accordingly, this motion is not sought "to impair defendant's ability to defend [itself], to

8

delay the litigation or to increase the costs to defendant." *Doe v. Provident Life & Accident Ins. Co.,* 176 F.R.D. 464, 469 (E.D. Pa. 1997). For purposes of allowing plaintiffs to use pseudonyms, the Ninth Circuit has alluded to a court's powers to manage pretrial proceedings, to shape discovery, and avoid impediments that anonymity might raise. *Roes 1-2,* 77 F. Supp. 3d at 996. This might include, for example, issuing limited protective orders allowing the plaintiffs' names to be revealed to significant third parties, in a way that protects the plaintiffs' interests sufficiently, without prejudicing the opposing party's ability to litigate the case. *Id.*

As Defendant will not be prejudiced in any way, this Court should deny Defendant's Motion. The only parties who would be prejudiced, if anyone, are the Jane Does in this case by having their identities revealed.

**C. Plaintiffs' need for anonymity outweighs the public's interest in knowing their identities.**

Courts, including The Ninth Circuit, have routinely found that plaintiffs' need for anonymity in cases of highly and personal nature such as human sexuality, sexual harassment and sexual abuse outweigh the public interest in knowing their identities. *Roes 1-2 v. SFBSC Mgmt., LLC*, 77 F. Supp. 3d 990, 997 (N.D. Cal. 2015) ("the plaintiffs' interest in safeguarding their personal well-being outweighs the public's interest in knowing the plaintiffs' identities"); *EEOC v. ABM Indus.*, 249 F.R.D. 588, 595 (E.D. Cal. 2008)("Plaintiffs' need for anonymity outweighs the public's interest in knowing their identities."); *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981).

9

Chief Judge Mark E. Walker of the United States Northern District of Florida in *S.B. v. Florida Agricultural and Mechanical University Board of Trustees,* No. 16-CV-00613-MW (N.D. Florida March 27, 2019)(case involving sexual assault and sexual harassment at a university) recently granted Plaintiff's motion to proceed anonymously and recently denied for the second time Defendant's attempt to reveal the Plaintiff's identity in March 2019, finding that "outing an alleged…victim simply because other parties or individuals involved in the lawsuit are not proceeding anonymously serves no legitimate public interest" and that Plaintiff has a "substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (quoting *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. Unit A Aug. 1981)). Anonymity is a common protection in sexual assault and sexual harassment cases and should be afforded here.

The public would have an interest in seeing the case move forward and seeing Plaintiffs continue to litigate the case. Plaintiffs have taken comfort in the fact that this Court could allow them to join the lawsuit using a pseudonym. Plaintiffs would not have filed suit if they had to reveal their identities and would not have brought forth their claims. Furthermore, forcing Plaintiffs to reveal their identities to the public would create a chilling effect on future survivors who want to litigate sexual harassment cases.

The public has an interest in the Plaintiffs' wellbeing and safety and not subjecting them to retaliation and harm. Facing public identification will interfere with Plaintiffs' emotional and physical well-being and interfere with their ability to process, cope with,

and recover from their experiences with Yesner at University of Alaska. Plaintiffs have been through enough at this stage.

The strongest public interest lies in preventing the stigmatization of victims of sexual misconduct and allowing victims of sexual misconduct to vindicate their rights. *See Doe v. Oshrin,* 299 F.R.D. 100, 104 (D.N.J. 2014); *Doe No. 2 v. Kolko,* 242 F.R.D. 193, 195–96 (E.D.N.Y. 2006). This Court should consequently deny Defendant's Motion to Preclude Use of "Jane Doe" Pseudonyms and allow Plaintiffs to continue to proceed anonymously in this case so that they may seek to redress the harm they have already experienced without incurring further injury.

DATED: July 12, 2019.

Respectfully submitted,

By: */s/ Cornelia Brandfield-Harvey*
Anthony G. Buzbee
(*Pro Hac Vice Admission Pending)*
*Attorney in Charge*
Texas Bar No. 24001820
Federal Bar No. 22679
Cornelia Brandfield-Harvey
(*Admitted Pro Hac Vice)*
Texas Bar No. 24103540
Federal Bar No. 3323190
**THE BUZBEE LAW FIRM**
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
**CUSACK LAW, LLC**
2665 East Tudor Road, Suite 202

11

Anchorage, AK 99507
Tel: (907) 903-4428

Charles Sturm
*(Admitted Pro Hac Vice)*
**STURM LAW PLLC**
Texas Bar No. 1511093
Federal Bar No. 21777
712 Main Street, Suite 900
Houston, Texas 77002
Tel: (713) 955-1800

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that on July 12, 2019 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey

12