Stacy L. Walker
Laura J. Eakes
Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, AK 99507
Phone (907) 272-9255
Facsimile (907) 272-9256
stacy@walkereakes.com
laura@walkereakes.com

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| JANE DOE I, JANE DOE II, JANE DOE III, JANE DOE IV, JANE DOE V, AND DOES 6-20,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF, ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

### DEFENDANT YESNER'S MOTION TO DISMISS ALL CLAIMS AGAINST HIM BY JANE DOE III

Defendant David Yesner, by and through counsel, respectfully requests that the court dismiss all claims against him by Jane Doe III that are alleged to have occurred prior to May 14, 2017.[1] Defendant further moves to dismiss Jane Doe's claims against him on the basis that she has failed to file a claim upon which relief can be granted.

---

[1] As reflected in the attached certificate of counsel, the parties conferred to determine whether an amendment could cure a deficient pleading and have been unable to agree that the pleading is curable by a permissible amendment.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 1 of 8

## ALLEGATIONS

In the complaint, Jane Doe III alleges that she first "heard" of Defendant Yesner when she enrolled at UAA in August of 2016.[2] She alleges that each time she had an interaction with Defendant Yesner he would "stare lasciviously" at her breasts.[3] She does not specify when or where these interactions occurred. She does not assert that she was one of Defendant Yesner's students or ever had any kind of relationship with him other than being present at the same University. She alleges that in October of 2017, Defendant Yesner stood in the doorway of a room on campus where she was performing a necropsy.[4] She alleges that at this time, Defendant Yesner was no longer a UAA professor.[5] After a few minutes, he entered the room and walked towards her "in a threatening manner."[6] Jane Doe III does not explain how defendant Yesner's advance into the room was threatening. She then left the room without Defendant Yesner apparently doing or saying anything to stop her from leaving.[7]

She alleges that in the Fall of 2017, presumably also after Defendant Yesner's retirement, he audited a geology class Jane Doe III was taking.[8] During the lectures, he would allegedly lean in close and make bizarre, inappropriate comments.[9] Although she alleges no *physical* contact and no specific relationship with Defendant Yesner, she

---

[2] Id. at pp. 88.
[3] Id. at pp. 90.
[4] Id. at pp. 91.
[5] Id. at page 31, footnote 6.
[6] Id. at pp. 91
[7] Id.
[8] Id. at pp. 93.
[9] Id.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 2 of 8

alleges that she "had no recourse other than to submit herself to Defendant Yesner's inappropriate *physical* conduct of a sexual nature as a condition of her education."[10]

## LAW AND ARGUMENT

### Statute of Limitations

Alaska Statute 09.10.070 reads, in pertinent part, as follows:

(a) Except as otherwise provided by law, a person may not bring an action (1) for libel, slander, assault, battery, seduction, or false imprisonment, (2) for personal injury or death, or injury to the rights of another not arising on contract and not specifically provided otherwise; (3) for taking, detaining or injuring personal property, including an action for its specific recovery; (4) upon a statute for a forfeiture of penalty to the state; or (5) upon a liability created by statute, other than a penalty or forfeiture; unless the action is commenced within two years of the accrual of the cause of action.

. . .

In order for Jane Doe III's actions to be timely, they must have occurred on or after May 14, 2017. The alleged incidents involving her geology class and the necropsy occurred after that date and were timely filed. The remaining allegation against Defendant Yesner involves lascivious breast staring. The complaint does not allege any specific act of breast staring after May 14, 2017 or any interactions between Yesner and Jane Doe III outside of the necropsy and geology class. In the absence of any such behavior post May 14, 2017, her allegations of breast staring are barred by the statute of limitations.

---

[10] Id. (emphasis added).

*Doe v Yesner, et al.*; *Case No. 3:19-cv-00136-HRH*
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 3 of 8

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

## Rule 12(b)(6) Motion to Dismiss

In order to survive a Rule 12(b)(6) motion to dismiss, " . . . a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face' . . . . The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully. . . Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."[11] Although the court must accept a complaint's "well-placed factual allegations as true"[12] and draw "all reasonable inferences in the light most favorable to the plaintiff,"[13] the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[14]

As to the events alleged by Jane Doe III surrounding the necropsy and her geology class, neither of these constitutes a valid claim of assault and battery, intentional infliction of emotional distress (or sexual harassment, for that matter).

Count VI of the Complaint alleges civil assault and battery against Defendant Yesner by all plaintiffs.[15] To the extent the word "plaintiffs" includes Jane Doe III, such claim fails. In support of Count VI "plaintiffs" allege that Defendant Yesner "repeatedly touched Plaintiffs without their consent, including giving them aggressively sexual hugs

---

[11] Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (citations omitted).
[12] Adams v. U.S. Forest Service, 671 F.3d 1138, 1142-43 (9th Cir. 2012)
[13] Id.
[14] In re Tracht Gut, LLC, 836 P.3d 1146, 1150 (9th Cir. 2016).
[15] Complaint. at pp. 172-177.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 4 of 8

and touching their breasts . . . ."[16] Nowhere in the complaint does Jane Doe III allege that plaintiff made physical contact with her.

Restatement (Second) of Torts reads as follows:

An actor is subject to liability to another for battery if

(a) He acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
(b) A harmful contact with the person of the other directly or indirectly results.

Likewise, Jane Doe III does not allege facts that would constitute an assault. Assault per Section 21 of the Restatement (Second) of Torts requires that plaintiffs prove the following:

(1) An actor is subject to liability to another for assault if
    (a) He acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and
    (b) The other is thereby put in such imminent apprehension.

(2) An act which is not done with the intention stated in Subsection (1,a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.

Jane Doe III asserts that, during one interaction with Defendant Yesner, she was placed in fear.[17] She writes that was previously warned not to be alone with Defendant Yesner due to his "predatory behavior."[18] It was because of these warnings, presumably, that she was concerned when Defendant Yesner stood in the doorway of a classroom and then entered the room. Nowhere in the complaint does Jane Doe III allege that Defendant Yesner intended to cause her harm or that he said or did anything that a reasonable person

---

[16] Id. at pp. 173.
[17] Id. at pp. 91.
[18] Id. at pp. 89.

*Doe v Yesner, et al.*; Case No. 3:19-cv-00136-HRH
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 5 of 8

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

could construe as showing any such intent. The act of standing in the doorway of a University classroom and then entering the room does not constitute actionable behavior.

Her allegations concerning Defendant Yesner's behavior in her geology class also fail to constitute assault or battery. She asserts that Defendant Yesner would on occasion sit behind her, lean in close and make "bizarre, inappropriate comments." Such behavior, as pled, does not constitute assault or battery. She alleges no contact between the two of them and no intent to cause her harm.

In Count VII, plaintiffs assert Intentional Infliction of Emotional Distress against Defendant Yesner.[19] Under Alaska Law, in order to prevail on this claim, plaintiffs must " . . . show that the defendant's actions leading to the complained of emotional distress were intentional, outrageous, or reckless and extreme."[20] The plaintiffs assert that "[a]t various times while plaintiffs were under the supervision of Defendant Yesner, David Yesner made unwelcome sexual advances and sexually suggestive comments toward Plaintiffs and retaliated against Plaintiffs when they rejected his advances, which was an exhibition of outrageous conduct intended to cause, and which did, in fact cause the Plaintiffs severe emotional distress."[21]

Although some of the plaintiffs make such allegations in the complaint, Jane Doe III does not. At no time does she assert that she was ever under the supervision of Defendant Yesner. In fact, during the specific incidents described in the complaint, she

---

[19] Complaint at pp. 178-186.
[20] Odom v. Fairbanks Memorial Hospital, 999 P.2d 123, 133 (Alaska 2000).
[21] Id. at pp. 179.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 6 of 8

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Case 3:19-cv-00136-HRH   Document 33   Filed 09/11/19   Page 6 of 8

asserts that Defendant Yesner was retired.[22] She does not assert that he made unwelcome sexual advances toward her or that he made sexually suggestive comments toward her. Although Jane Doe III asserts that David Yesner made "bizarre" and "inappropriate" statements to her, she does not allege that the comments were sexual in nature or constituted a "sexual advance." She says that he stared at her breasts, but this is hardly the type of behavior alone that could plausibly constitute intentional, outrageous, or reckless and extreme behavior alone. Finally, Jane Doe III does not plead any facts that would constitute retaliation on Defendant Yesner's part. In sum, Jane Doe III's claim for Intentional Infliction of Emotional Distress are not plausible.

Accordingly, Defendant Yesner asks that the court dismiss Jane Doe III's allegations against him.

DATED this 11th day of September, 2019, at Anchorage, Alaska.

Walker & Eakes, LLC
Attorney for Defendant
DAVID YESNER

By: /s/ Laura J. Eakes
Laura J. Eakes
Alaska Bar No. 0011072

DATED this 11th day of September 2019, at Anchorage, Alaska.
Walker & Eakes, LLC
Attorney for Defendant
DAVID YESNER

By: /s/ Stacy L. Walker
Stacy L. Walker
Alaska Bar No. 0005014

---

[22] Id. at page 31 footnote 6.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 7 of 8

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 11th day of September, 2019 by:

    \_\_\_ : Mail
    \_\_\_ : Email
    \_\_\_ : Hand Delivery
    \_\_\_ : Courier
    _x_ : ECF Distribution

To the following persons:

Anthony G. Buzbee
Cornelia Brandfield-Harvey
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77002

Nicole C. Cusack
Cusack Law, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507

Charles Sturm
Sturm Law PLLC
712 Main St, Suite 900
Houston, TX 7700
***Served Via U.S. Mail Only***

  /s/ Stacy L. Walker
    Walker & Eakes, LLC

180.533/pldgs/2019-06-25 Def's Motn to Dismiss

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**DEFENDANT YESNER'S MOTION TO DISMISS CLAIMS FILED AGAINST HIM BY JANE DOE III**
Page 8 of 8

Case 3:19-cv-00136-HRH   Document 33   Filed 09/11/19   Page 8 of 8