Anthony G. Buzbee* (TX Bar No. 24001820)(*pro hac vice pending)
tbuzbee@txattorneys.com
Cornelia Brandfield-Harvey* (TX Bar No. 24103540)(*Admitted Pro Hac Vice*)
cbrandfieldharvey@txattorneys.com
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300, Houston, TX 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
nicole@cusacklawak.com
CUSACK LAW, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428
Fax: (907) 222-5412

Charles Sturm* (TX Bar No. 1511093)(*Admitted Pro Hac Vice*)
csturm@sturmlegal.com
STURM LAW PLLC
712 Main Street, Suite 900
Houston, TX 77002
Tel: (713) 955-1800

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, RANNA WELLS, NORMA JOHNSON, AND JANE DOE VI<br><br>*Plaintiffs,*<br><br>vs.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>*Defendants*. | **Case No.: 3:19-cv-00136-HRH**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT YESNER'S MOTION TO DISMISS ALL CLAIMS AGAINST HIM BY LIZ ORTIZ (FORMERLY "JANE DOE III")** |

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT YESNER'S MOTION TO DISMISS ALL CLAIMS AGAINST HIM BY LIZ ORTIZ (FORMERLY "JANE DOE III")

COME NOW, Plaintiffs, and file this Response in Opposition to Defendant Yesner's Motion to Dismiss All Claims Against Him by Liz Ortiz (Formerly "Jane Doe III") and would respectfully show this Court the following:

## I. FACTUAL BACKGROUND

This action arises from Defendant University of Alaska's deliberately indifferent response to the severe and long running sexual harassment of graduate students by University of Alaska's professor and supervisor, Defendant David Yesner. Defendant University of Alaska's failure to promptly and appropriately investigate and respond to the harassment subjected Plaintiffs to retaliation and a hostile environment, effectively denying them access to educational and professional opportunities. Further, Defendant University of Alaska's employee, Defendant Yesner retaliated against Plaintiffs for denying Defendant Yesner's sexual advances, which Defendant University of Alaska failed to prevent or take action against even after the Plaintiffs complained of Defendant Yesner's behavior and notified Defendant University of Alaska, once the actions had started. This malicious and intentional conduct has subjected Plaintiffs to significant and pervasive reputational damage and emotional distress, destroying their careers and causing significant damage to their mental health. Their lives have been forever changed by Defendants' actions.

## II. STANDARD OF REVIEW

A 12(b)(6) motion should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957). The question before the Court in examining a 12(b)(6) motion is whether the plaintiff's complaint states any valid claim for relief. *Id*. Since federal courts simply require "notice pleading," the Court construes a plaintiff's pleading liberally, and lack of detail does not constitute a sufficient ground to dismiss a complaint under Rule 12(b)(6). *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). To survive a challenge under Alaska R. Civ. P. 12(b)(6), it is enough that the complaint sets forth allegations of fact consistent with and appropriate to some enforceable cause of action. *Kollodge v. State*, 757 P.2d 1024 (Alaska 1988). **A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted."** *Id*. The strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND 18 PROCEDURE § 1357, at 601 (1969); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When attacked pursuant to Rule 12(b)(6), well-pled allegations in a complaint must be treated as true, and all reasonable inferences drawn in the plaintiff's favor. *Christie v. Standard Ins. Co.*, No. C 02-02520 WHA, 2002 U.S. Dist. LEXIS 22062 at *5 (N.D. Cal. July 19, 2002).

Plaintiff Liz Ortiz has more than stated a valid claim for relief and therefore Defendant Yesner's Motion to Dismiss should be denied in its entirety.

### III. ARGUMENT AND AUTHORITIES

Defendant Yesner has argued that Plaintiff Ortiz has not pled a valid claim for assault, battery or intentional infliction of emotional distress or "(sexual harassment for that matter)."

To date, Plaintiffs have removed intentional infliction of emotional distress claims from the Complaint and Plaintiff Ortiz is not asserting a battery claim against Defendant Yesner. Therefore, those arguments are now moot. Therefore, the only claim left that Plaintiff will address in this Response is assault and sexual harassment.

It is axiomatic that a Motion to Dismiss is to be judged by the four corners of the Complaint and a court is limited to consideration of the Complaint's allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 674, 129 S. Ct. 1937, 173 L.Ed.2d 868 (2009); *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288–90 (11th Cir. 2010). At the Motion to Dismiss stage, the "court must take the allegations as true, no matter how skeptical the court may be." *Ashcroft v. Iqbal*, 556 U.S. 662, 696 (2009). Defendant's arguments for the dismissal of Plaintiff's claim for assault based on the fact that it is inadequately pled fly in the face of the core principles for evaluating a Motion to Dismiss. Defendant is using the wrong procedural vehicle in a motion to dismiss to attack the merits of Plaintiff's claims. That tactic is improper at the pleadings stage.

Regardless, Plaintiff has stated valid claims for assault (and sexual harassment for that matter).

Furthermore, Plaintiff's claims are timely under the statute of limitations as Plaintiff asserted her claims within two years of the incidents.

**A.      Statute of Limitations.**

Plaintiff has timely pled her claims for assault and sexual harassment[1] as her claims occurred after May 14, 2017 in October 2017 and later and the original Complaint was filed within two years of the incident on May 15, 2019. Defendant concedes this point.

Alaska Statute 09.10.070 reads as follows:

> **Actions for torts, for injury to personal property, for certain statutory liabilities, and against peace officers and coroners to be brought in two years.**
>
> (a) Except as otherwise provided by law, a person may not bring an action (1) for libel, slander, assault, battery, seduction, or false imprisonment, (2) for personal injury or death, or injury to the rights of another not arising on contract and not specifically provided otherwise; (3) for taking, detaining, or injuring personal property, including an action for its specific recovery; (4) upon a statute for a forfeiture or penalty to the state; or (5) upon a liability created by statute, other than a penalty or forfeiture; unless the action is commenced within two years of the accrual of the cause of action.

Because Plaintiff has brought her claims within two years of the cause of action, her claims are timely.

The lascivious breast staring which Plaintiff alleges in the latest Complaint occurred after May 14, 2017. Defendant Yesner would stare intently at Plaintiff's breasts during the geology classes in the Fall of 2017 and during other interactions.

---

[1] The claim of sexual harassment has been categorized as personal injury by the 9th Circuit and Alaska courts. *See* Mahan v. Arctic Catering, Inc., 133 P.3d 655, 658 (Alaska 2006).

5

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT YESNER'S MOTION TO DISMISS ALL CLAIMS AGAINST HIM BY LIZ ORTIZ (FORMERLY "JANE DOE III")
Case 3:19-cv-00136-HRH   Document 41   Filed 10/07/19   Page 5 of 11

**B.     Assault.**

Plaintiff has stated a valid claim for assault.

As Defendant has cited in his Motion, Restatement (Second) of Torts, § 21, which has been referred to by Alaska courts, states as follows:

(1) An actor is subject to liability to another for assault if

(a) he acts intending to cause a harmful or offensive contact with the person of the other or a third person, or an imminent apprehension of such a contact, and

(b) the other is thereby put in such imminent apprehension.

(2) An action which is not done with the intention stated in Subsection (1,a) does not make the actor liable to the other for an apprehension caused thereby although the act involves an unreasonable risk of causing it and, therefore, would be negligent or reckless if the risk threatened bodily harm.

Restat 2d of Torts, § 21.

Alaska Stat. Sec. 11.41.230 states:

Assault in the fourth degree.

(a) A person commits the crime of assault in the fourth degree if
   (1) that person recklessly causes physical injury to another person;
   (2) with criminal negligence that person causes physical injury to another person by means of a dangerous instrument; or
   ***(3) by words or other conduct that person recklessly places another person in fear of imminent physical injury.***

No physical contact is required for an assault claim. Physical injury is not a required element of either assault or battery. The tort of assault is complete when the anticipation of harm occurs. *Fuentes v. Cal. Dep't of Corr.,* No. 1:17-cv-00745-EPG (PC), 2018 U.S. Dist. LEXIS 52132 at *9-10 (E.D. Cal. Mar. 28, 2018). "An actor is subject to liability to another for battery if the actor intentionally engages in an act that

6
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANT YESNER'S MOTION TO DISMISS ALL CLAIMS AGAINST HIM BY LIZ ORTIZ (FORMERLY "JANE DOE III")
Case 3:19-cv-00136-HRH   Document 41   Filed 10/07/19   Page 6 of 11

results in harmful or offensive contact with the person of another." *Mendez v. City of Scottsdale*, No. CV-12-285-PHX-GMS, 2012 U.S. Dist. LEXIS 126591 at *17 (D. Ariz. Sep. 6, 2012). "[A] claim for common-law assault requires an allegation that the defendant acted intentionally to cause a harmful or offensive contact and another person is placed in imminent apprehension of the contact." *Id.* "The two claims are the same **except that assault does not require the offensive touching or contact."** *Id.*

Defendant's conduct placed Plaintiff in fear of imminent physical injury. As Plaintiffs' latest Complaint alleges, Defendant Yesner acted intending to cause a harmful or offensive contact with Plaintiff Ortiz or at the very least, an imminent apprehension of such contact. Plaintiff was put in such imminent apprehension. Contrary to Defendant's statements, Yesner did not merely stand in the doorway and enter the room without doing anything. That statement is misleading and false. The latest Complaint alleges:

> One particularly unsettling incident occurred sometime in October 2017 on campus when Plaintiff Ortiz was alone in a classroom performing a necropsy of a bear for one of her courses. While she was performing work on the specimen, Defendant Yesner suddenly appeared in the doorway, intensely staring at Plaintiff and standing in silence just watching her. Plaintiff was frozen with fear. Defendant Yesner had positioned himself in a way so that Plaintiff's egress from the room was completely blocked. She had no way out. Plaintiff managed to position herself so that the table was in between Defendant and herself. Within a few minutes, Defendant Yesner began to walk slowly towards Plaintiff in a threatening manner, still without saying anything. In an attempt to protect herself, Plaintiff chose to jump over the bear carcass on the floor instead of going around the table so she could be out of arms reach from Defendant. Plaintiff made a quick exit out of the room, running as far away as she could down the halls. The incident was branded into Plaintiff's memory, causing significant distress to this day.[2]

---

[2] *See* First Amended Complaint (Dkt. 36), ¶ 94 on file with this Court.

To add insult to injury, Defendant knew Plaintiff would be alone in the classroom, vulnerable and defenseless. The power imbalance was very much in play as Defendant was a renowned professor and a candidate for emeritus professor at the time of the incident. His reputation and standing within the archaeology community was very high. He had significant influence in the community and could make or break a student's career with a recommendation or lack thereof. He had blocked the exit in such a way that Plaintiff felt trapped. He charged towards Plaintiff in a threatening manner, staring at Plaintiff intensely. Yesner caused Plaintiff so much fear and distress that she was forced to actually jump over the bear carcass and dash out of the room in order to avoid him harming her. These are not actions one would take if she did not believe she was in danger. These are actions taken by someone who is afraid for her safety and the evidence will show this to be true. Similarly, the actions taken by Defendant Yesner were ones intended to cause harmful contact and put the other person in imminent apprehension of such contact. Defendant has not cited to any case that holds that Defendant's actions as described above do not constitute assault.

Due to Defendant's actions, Plaintiff has suffered significant mental trauma that continues to this day. Plaintiff is currently seeking counseling. She has experienced debilitating panic attacks as well as anxiety and major depression from which she may never recover.

Plaintiff has sufficiently pled a claim for assault. Defendant's Motion is meritless and must be denied.

**B.  Sexual Harassment.**

Defendant certainly engaged in actions of a sexual nature that constitutes sexual harassment. Plaintiff pled in the Complaint that Defendant would stare lasciviously at her breasts and make inappropriate comments as he sat behind her in geology classes.

Defendant's Motion should be denied.

**C. Plaintiff should be given leave to replead if the Court dismisses any of her claims.**

Although Plaintiff is confident that the claims Defendant Yesner argues should be dismissed state a valid claim under the applicable law, if this Court should dismiss any of the claims, Plaintiff would respectfully ask that she be given leave to re-plead any of them. Leave is particularly appropriate as the crux of most of Defendant's arguments center around deficiencies in pleading sufficient facts in support of certain claims. Generally, leave to amend under Federal Rule of Civil Procedure 15(a) is given freely. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Saewitz v. Lexington Ins. Co.,* 133 F. App'x 695, 699 (11th Cir. 2005) (*per curiam*).

## IV. CONCLUSION AND PRAYER

For the reasons stated above, Liz Ortiz's claims should be upheld and Defendant Yesner's Motion to Dismiss should be denied in its entirety. Plaintiff has properly pled the claim of assault (and sexual harassment for that matter). In the alternative, Plaintiff respectfully asks that Plaintiff be afforded the opportunity to amend the pleading if the Court so orders. A motion to dismiss is a harsh measure that abrogates Plaintiff's rights to due process of law in the courts and should be disfavored. Plaintiff seeks all other relief to which Plaintiff may be entitled.

DATED: October 7, 2019.

>Respectfully submitted,
>
>By: */s/ Cornelia Brandfield-Harvey*
>Anthony G. Buzbee
>(*Pro Hac Vice Admission Pending*)
>*Attorney in Charge*
>Texas Bar No. 24001820
>Federal Bar No. 22679
>Cornelia Brandfield-Harvey
>(*Admitted Pro Hac Vice*)
>Texas Bar No. 24103540
>Federal Bar No. 3323190
>**THE BUZBEE LAW FIRM**
>600 Travis Street, Suite 7300
>Houston, Texas 77002
>Tel: (713) 223-5393
>Fax: (713) 522-5909
>
>Nicole C. Cusack (AK Bar No. 1511093)
>**CUSACK LAW, LLC**
>2665 East Tudor Road, Suite 202
>Anchorage, AK 99507
>Tel: (907) 903-4428
>
>Charles Sturm
>*(Pro Hac Vice Admission Pending)*
>**STURM LAW PLLC**
>Texas Bar No. 1511093
>Federal Bar No. 21777
>712 Main Street, Suite 900
>Houston, Texas 77002
>Tel: (713) 955-1800
>
>**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2019 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey