IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, RANNA WELLS, NORMA JOHNSON, and JANE DOE IV,<br><br>                  Plaintiffs,<br><br>vs.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS, and UNIVERSITY OF ALASKA SYSTEM,<br><br>                  Defendants. | No. 3:19-cv-0136-HRH |

O R D E R

Motion to Dismiss;
Motion to Amend

Defendant David Yesner moves to dismiss all claims asserted against him by plaintiff Liz Ortiz.[1] This motion is opposed.[2] Oral argument was not requested on the motion to dismiss and is not deemed necessary.

Also pending in this case is plaintiffs' unopposed motion to file a second amended complaint to change the name of plaintiff Ranna Wells to her legal name, Joanna Wells.[3]

---

[1]Docket No. 33.

[2]Docket No. 41.

[3]Docket No. 43.

Background

Liz Ortiz was a student at the University of Alaska. Yesner is a former professor at the University of Alaska.

In plaintiffs' original complaint, Ortiz alleged that she first met Yesner in 2016 "when she enrolled at Defendant University as a first-year graduate student. . . ."[4] Ortiz alleged that she "was immediately warned by other female students to not be alone in a room with Defendant Yesner under any circumstances due to his predatory behavior[.]"[5] Ortiz alleged that "each time she had an interaction with Defendant Yesner he would stare lasciviously at her breasts for the duration of the conversation[.]"[6] Ortiz alleged that in October 2017, she was alone in a classroom performing a necropsy on a bear when Yesner "suddenly appeared in the doorway, intensely staring at [her] and standing in silence just watching her."[7] Ortiz alleged that "[w]ithin a few minutes, Defendant Yesner began to walk slowly towards [her] in a threatening manner, still without saying anything."[8] Ortiz alleged that "[i]n an attempt to protect herself, [she] chose to jump over the bear carcass on the floor instead of going

---

[4]Complaint at 30, ¶ 88, Docket No. 1.

[5]Id. at 30, ¶ 89.

[6]Id. at 30, ¶ 90.

[7]Id. at 31, ¶ 91.

[8]Id.

-2-

around the table so she could be out of arms reach" of Yesner.⁹ Ortiz also alleged that when she was taking a geology class in the Fall of 2017, Yesner would sit behind her and "lean in close where [she] could feel his breath down her neck" and he would "make bizarre, inappropriate comments."¹⁰ These are the exact same allegations that Ortiz makes in plaintiffs' first amended complaint.¹¹

On the basis of these allegations, in the original complaint, Ortiz asserted assault, battery, and intentional infliction of emotional distress claims against Yesner. In the first amended complaint, Ortiz no longer asserts an intentional infliction of emotional distress claim. And, although the first amended complaint could be read as asserting a battery claim against Yesner on behalf of Ortiz, in her opposition to the instant motion, Ortiz contends that she "is not asserting a battery claim against Defendant Yesner."¹² Ortiz does continue to assert an assault claim against Yesner in the first amended complaint, and in the briefing on the instant motion to dismiss, the parties also make reference to a claim for sexual harassment.

Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, Yesner moves to dismiss all of Ortiz's claims against him. Yesner's motion was filed prior to plaintiffs' filing their

---

⁹Id.

¹⁰Id. at 31, ¶ 93.

¹¹First Amended Complaint at 31-32, ¶¶ 91-94, 96, Docket No. 36.

¹²Plaintiffs' Response [etc.] at 4, Docket No. 41.

first amended complaint, which generally would moot Yesner's motion. However, the court will consider Yesner's motion on its merits because Ortiz's allegations in both complaints are identical and because Ortiz and Yesner have both addressed the arguments raised by Yesner in the context of the first amended complaint. "It would waste both the court's and the parties' resources to deny the motion and require [Yesner] to file" what would surely be an "identical motion directed to the first amended complaint." Shame on You Productions, Inc. v. Banks, 120 F. Supp. 3d 1123, 1140 (C.D. Cal. 2015).

## Discussion

To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Zixiang Li v. Kerry, 710 F.3d 995, 999 (9th Cir. 2013) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim is facially plausible 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Id. (quoting Iqbal, 556 U.S. at 678). "The plausibility standard requires more than the sheer possibility or conceivability that a defendant has acted unlawfully." Id. "'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Iqbal, 556 U.S. at 678). "[T]he complaint must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.'" In re Rigel Pharmaceuticals, Inc. Securities Litig., 697 F.3d 869, 875

-4-

(9th Cir. 2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). "In evaluating a Rule 12(b)(6) motion, the court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in the light most favorable to the plaintiff." Adams v. U.S. Forest Srvc., 671 F.3d 1138, 1142-43 (9th Cir. 2012). "However, the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations." In re Tracht Gut, LLC, 836 F.3d 1146, 1150 (9th Cir. 2016).

First, to the extent that any of Ortiz's claims are based on conduct that occurred prior to May 14, 2017, Yesner argues that they are barred by the statute of limitations. In Alaska, a two-year statute of limitations applies to tort claims. AS 09.10.070. Plaintiffs filed their original complaint on May 15, 2019. Thus, in order for Ortiz's tort claims to be timely, they must be based on conduct that occurred on or after May 14, 2017. Yesner argues that because Ortiz has not stated when the alleged breast staring took place, any claims based on this allegation are barred by the statute of limitations.

In response, Ortiz contends that the alleged breast staring occurred after May 14, 2017 and that Yesner would stare at her breasts during the geology class she took in the fall of 2017. But, as Yesner is quick to point out, that is not what Ortiz has alleged in the first amended complaint. Rather, Ortiz generally alleges that Yesner would stare at her breasts. She has not alleged exactly when the alleged breast staring took place. To the extent that any of Ortiz's claims are based on the allegation of breast staring, they are dismissed because it

is not clear if this conduct occurred after May 14, 2017. Ortiz, however, is given leave to amend any claims based on the breast staring as it is plausible that she could plead timely claims based on this allegation.

Yesner next moves to dismiss Ortiz's assault claim. In Alaska, to prevail on a civil assault claim, a plaintiff must prove the following:

> 1. [Defendant] either acted with the intent to touch the plaintiff in a harmful or offensive way, or with the intent to make the plaintiff believe . . . [she] was about to be touched in a harmful or offensive way;
> 2. [Plaintiff] reasonably believed . . . [she] was about to be touched in a harmful or offensive way because of something [defendant] said or did; and
> 3. [Plaintiff] did not [consent] . . . to the acts of [defendant].[13]

Yesner argues that Ortiz has failed to state a plausible assault claim because she does not allege that he intended to touch her in a harmful or offensive way or that he did anything that would have made a reasonable person believe that he intended to do so. Yesner argues that all Ortiz has alleged is that he stood in the doorway of a classroom and then entered the classroom. He argues that this does not constitute actionable behavior. He also argues that the comments he allegedly made to Ortiz in her geology class cannot constitute actionable behavior.

But, as Ortiz argues, she has alleged more than that Yesner stood in the doorway and then entered the classroom. She has alleged that Yesner was "intensely staring at" her, that

---

[13]Alaska Pattern Jury Instructions - Civil 12.01.

he "positioned himself in a way so that [her] egress from the room was completely blocked" and that he "began to walk slowly towards [her] in a threatening manner[.]"[14] Drawing all reasonable inferences from these allegations in Ortiz's favor, it is plausible that Yesner was acting with the requisite intent and that Ortiz reasonably believed that she was about to be touched in a harmful or offensive way. Ortiz has stated a plausible claim for civil assault.

In passing, Yesner also argues that Ortiz has not stated a plausible claim for sexual harassment. In response, Ortiz argues that she has stated a plausible claim for sexual harassment because she has pled that Yesner would stare lasciviously at her breasts and make inappropriate comments to her during her geology class. The court does not read the first amended complaint as pleading a sexual harassment claim against Yesner on behalf of Ortiz. Indeed, it is not at all clear that Alaska recognizes a common law claim for sexual harassment. In arguing that she has stated a plausible claim for sexual harassment, Ortiz cites to Mahan v. Arctic Catering, Inc., 133 P.3d 655 (Alaska 2006). But, that case involved a claim brought pursuant to AS 18.80.220(a)(1), which "prohibits an employer from discriminating against a person because of the person's sex." Id. at 658. Ortiz has not pled, nor could she plead, such a claim as Yesner was not her employer.

Conclusion

Yesner's motion to dismiss[15] Ortiz's claims against him is denied in part and granted

---

[14]First Amended Complaint at 31, ¶ 94, Docket No. 36.

[15]Docket No. 33.

in part. It is granted with leave to amend as to any claims based on the allegations of breast staring. It is denied as to Ortiz's claim against Yesner for civil assault.

Plaintiffs' unopposed motion to file a second amended complaint[16] is granted. Plaintiffs may change Ranna Well's name to her legal name, Joanna Wells.

Plaintiffs' second amended complaint shall be filed on or before November 14, 2019.

The parties' scheduling and planning report is due fourteen days after the filing of plaintiffs' second amended complaint.

DATED at Anchorage, Alaska, this 31st day of October, 2019.

/s/ H. Russel Holland
United States District Judge

---

[16]Docket No. 43