Stacy L. Walker
Laura J. Eakes
Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, AK 99507
Phone (907) 272-9255
Facsimile (907) 272-9256
stacy@walkereakes.com
laura@walkereakes.com

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

<table>
<tr><td>

THERESA DUTCHUK, ANNALISA
HEPPNER, LIZ ORTIZ, JOANNA
WELLS, NORMA JOHNSON, and
JANE DOE VI,

Plaintiffs,

v.

DAVID YESNER, UNIVERSITY OF,
ALASKA BOARD OF REGENTS
AND
UNIVERSITY OF ALASKA SYSTEM,

Defendants.
</td>
<td>
)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)

Case No. 3:19-cv-00136-HRH
</td></tr>
</table>

## ANSWER TO SECOND AMENDED COMPLAINT AND CROSS CLAIM

Defendant DAVID YESNER, by and through counsel, Walker & Eakes, and for his answer to plaintiffs' Second Amended Complaint admits, denies, and alleges as follows:

Answering defendant denies the allegations made in the complaint's unnumbered paragraphs and subheadings.

1.    As to paragraph I, answering defendant is without sufficient information to admit or deny the allegation.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

2.      As to paragraph 2, answering defendant is without sufficient information to admit or deny the allegation.

3.      As to paragraph 3, answering defendant is without sufficient information to admit or deny the allegation.

4.      As to paragraph 4, answering defendant is without sufficient information to admit or deny the allegation.

5.      As to paragraph 5, answering defendant is without sufficient information to admit or deny the allegation.

6.      As to paragraph 6, answering defendant is without sufficient information to admit or deny the allegation.

7.      As to paragraph 7, this paragraph does not assert facts and no answer is due.  Accordingly, the paragraph is denied.

8.      As to paragraph 8, this paragraph does not address answering defendant and is so denied.

9.      As to paragraph 9, answering defendant admits that during certain times alleged in the complaint, the University had supervisory authority over him.   The remaining allegations are not addressed to or do not concern answering defendant and are so denied.

10.     As to paragraph 10, answering defendant denies the allegations.

11.     As to paragraph 11, this paragraph does not address answering defendant and is so denied.

12.     As to paragraph 12, this paragraph does not address answering defendant and is so denied.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

13.     As to paragraph 13, this paragraph does not address answering defendant and is so denied.

14.     As to paragraph 14, this paragraph does not address answering defendant and is so denied.

15.     As to paragraph 15, this paragraph does not address answering defendant and is so denied.

16.     As to paragraph 16, this paragraph does not address answering defendant and is so denied.

17.     As to paragraph 17,  answering defendant admits that he acted as a thesis adviser at the University of Alaska.  He denies the allegations of sexual harassment and retaliation.  He admits that toward the end of his tenure, he was often unresponsive to students.  He is without sufficient information to admit or deny whether Teresa Dutchuk made a report.  The remaining allegations are not addressed to answering defendant and are so denied.

18.     As to paragraph 18, answering defendant denies the allegations of sexual harassment and retaliation.  He is without sufficient information to admit or deny whether Annalisa Heppner made a report.  The remaining allegations are not addressed to answering defendant and are so denied.

19.     As to paragraph 19, answering defendant denies the allegations of sexual harassment.  He is without sufficient information to admit or deny whether Annalisa Heppner made a report, formal or otherwise.  The remaining allegations are not addressed to answering defendant and are so denied.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

20.    As to paragraph 20, answering defendant denies the allegations of sexual harassment and predatory behavior. The remaining allegations are not addressed to answering defendant and are so denied.

21.    As to paragraph 21, answering defendant denies the allegations of sexual harassment. The remaining allegations are not addressed to answering defendant and are so denied.

22.    As to paragraph 22, answering defendant admits that he received promotions within the Anthropology department. He admits that he was Associate Graduate School Dean of UAA for two terms. He further admits that he was given "emeritus" status. He admits that an emeritus professor has certain mundane privileges, such as library privileges. He denies the remaining allegations.

23.    As to paragraph 23, answering defendant admits that he was a candidate for emeritus "status." Answering defendant denies the remaining allegations.

24.    As to paragraph 24, answering defendant was unaware of any reports made prior to 2017. He is without sufficient information to admit or deny the allegations and so denies same.

25.    As to paragraph 25, answering defendant denies the allegations referenced in the email and or that he victimized anyone. The remaining allegations do not address answering defendant and is so denied.

26.    As to paragraph 26, answering defendant denies the reported "harassment and discrimination." The remaining allegations do not address answering defendant and are so denied.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**ANSWER TO SECOND AMENDED COMPLAINT**
Page 4 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 4 of 23

27.     As to paragraph 27, this paragraph does not address answering defendant and is so denied.

28.     As to paragraph 28, this paragraph does not address answering defendant and is so denied.

29.     As to paragraph 29, answering defendant denies allegations of harassment and discrimination.  The remaining allegations do not address answering defendant and are so denied.

30.     As to paragraph 30, the allegations do not address answering defendant and are so denied.

31.     As to paragraph 31, this paragraph does not address answering defendant and is so denied.

32.     As to paragraph 32, this paragraph does not address answering defendant and is so denied.

33.     As to paragraph 33, answering defendant denies that he has any "victims." The remaining allegations do not address answering defendant and are so denied.

34.     As to paragraph 34, answering defendant admits that the University banned him from the University campus and from affiliating with the University of Alaska.  He denies the remaining allegations.

35.     As to paragraph 35, this paragraph does not address answering defendant and is so denied.

36.     As to paragraph 36, answering defendant denies that his employment should have been terminated.   The remaining allegations to not address answering defendant and are do denied.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

37.     As to paragraph 37, answering defendant is without sufficient information to admit or deny the exact year that he first met Teresa Dutchuk.  He admits the remaining allegations.

38.     As to paragraph 38, upon information and belief, answering defendant admits the allegations.

39.     As to paragraph 39, answering defendant admits that he contributed to several books on the subject of anthropology and archaeology.  He admits that he was an authority on the Broken Mammoth Archeological Site.  He admits that it was one of the oldest archaeology sites in Northern America.  He admits that he was invited to speak at conferences around the world, including Europe and South America.  He is without sufficient information to admit or deny the remaining allegations and so denies same.

40.     As to paragraph 40, answering defendant admits that he encouraged Ms. Dutchuk to apply to graduate school at the University of Alaska.  He is without sufficient information to admit or deny the remaining allegations and so denies same.

41.     As to paragraph 41, answering defendant denies the allegations.

42.     As to paragraph 42, answering defendant denies the allegations.

43.     As to paragraph 43, answering defendant admits dining with Ms. Dutchuk. He denies the remaining allegations.

44.     As to paragraph 44, answering defendant admits to being at field school in 2010 at Broken Mammoth.  He admits to using the phrase "what happens at Broken Mammoth stays at Broken Mammoth."  He denies the remaining allegations.

45.     As to paragraph 45, answering defendant admits that Mike Farrell volunteered at the field school.  He denies that Mike Farrell was not supposed to be at the

*Doe  v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
ANSWER TO SECOND AMENDED COMPLAINT
Page 6 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 6 of 23

site or that he allowed Mike's presence. He is without sufficient information to admit or deny the remaining allegations and so denies same.

46. As to paragraph 46, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

47. As to paragraph 47, answering defendant denies the suggestion that any student was required to remove clothing during digs. Answering defendant admits to taking photographs of students during digs. Answering defendant denies the remaining allegations.

48. As to paragraph 48, answering defendant denies the allegations.

49. As to paragraph 49, answering defendant admits to taking a long time to grade a comprehensive exam. He denies the remaining allegations.

50. As to paragraph 50, answering defendant denies the allegations.

51. As to paragraph 51, answering defendant admits that the paragraph accurately quotes University Policy R. 01.04.010(B)(5). Inasmuch as this paragraph calls for a conclusion of law, answering defendant denies the allegation.

52. As to paragraph 52, answering defendant admits to having photographs on his computer and that some of those photographs are of Ms. Dutchuk. In some of those photographs, she is shown wearing a tank top over a sports bra. Answering defendant denies the remaining allegations.

53. As to paragraph 53, answering defendant denies the allegations. The photographs show Ms. Dutchuk smiling and apparently aware that she was being photographed.

54. As to paragraph 54, answering defendant denies the allegations.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

55.     As to paragraph 55, answering defendant admits that there were subfolders on his computer and that some of those subfolders included photographs. He is without sufficient information to admit or deny the names of each subfolder. He denies the remaining allegations.

56.     As to paragraph 56, answering defendant denies the allegations.

57.     As to paragraph 57, answering defendant denies the allegations.

58.     As to paragraph 58, answering defendant denies the allegations.

59.     As to paragraph 59, answering defendant admits the allegations.

60.     As to paragraph 60, answering defendant admits the allegations

61.     As to paragraph 61, answering defendant denies the allegations.

62.     As to paragraph 62, answering defendant denies the allegations.

63.     As to paragraph 63, answering defendant admits that Annalisa Heppner communicated her dissatisfaction that her comprehensive exam was taking so long to grade. He is without sufficient information to admit or deny the remaining allegations and so denies same.

64.     As to paragraph 64, answering defendant admits that Annalisa Heppner's longtime boyfriend was also one of answering defendant's students. He denies the remaining allegations.

65.     As to paragraph 65, answering defendant denies the allegations.

66.     As to paragraph 66, answering defendant denies the allegations.

67.     As to paragraph 67, answering defendant denies the allegations.

68.     As to paragraph 68, answering defendant denies the allegations.

69. As to paragraph 69, answering defendant admits to hugging Annalisa Heppner as well as other female and male students, colleagues and friends. He admits to standing behind and beside her at the lab as they worked together. He denies the remaining allegations.

70. As to paragraph 70, answering defendant denies the allegations.

71. As to paragraph 71, answering defendant admits that he took a photograph off social media to use on a poster for educational purposes. He denies the remaining allegations.

72. As to paragraph 72, answering defendant denies that the photograph was "sexually suggestive." He is without sufficient information to admit or deny the allegations and so denies same.

73. As to paragraph 73, answering defendant denies that the photograph had an effect on Ms. Heppner's professional reputation. He is without sufficient information to admit or deny the allegations and so denies same.

74. As to paragraph 74, answering defendant denies the allegations.

75. As to paragraph 75, answering defendant denies the allegations.

76. As to paragraph 76, answering defendant admits that there was pornography on a personal computer that he brought to the University from his home for use at his laboratory office. He denies the remaining allegations.

77. As to paragraph 77, answering defendant denies the allegations as the relate to behavior on his part. He is without sufficient information to admit or deny the remaining allegations and so denies same.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

78.     As to paragraph 78, answering defendant is without sufficient information as to what was found on his computer. Answering defendant denies the remaining allegations.

79.     As to paragraph 79, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

80.     As to paragraph 80, answering defendant is without to admit or deny the allegations as to what Annalisa Heppner saw. He denies the remaining allegations.

81.     As to paragraph 81, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

82.     As to paragraph 82, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

83.     As to paragraph 83, answering defendant denies the allegations.

84.     As to paragraph 84, answering defendant denies the allegations.

85.     As to paragraph 85, answering defendant denies the allegations

86.     As to paragraph 86, answering defendant denies the allegations.

87.     As to paragraph 87, answering defendant admits that Annalisa Heppner needed his review of her final thesis paper in order to graduate. Answering defendant denies the remaining allegations

88.     As to paragraph 88, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

89.     As to paragraph 89, answering defendant denies that Ms. Heppner's graduate degree should only have lasted 3-5 years at the most or that it took Annalisa

Heppner nine years to complete. He is without sufficient information to admit or deny the remaining allegations and so denies same.

90. As to paragraph 90, answering defendant denies the allegations.

91. As to paragraph 91, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

92. As to paragraph 92, answering defendant denies predatory behavior. He is without sufficient information to admit or deny the remaining allegations and so denies same.

93. As to paragraph 93, answering defendant denies the allegations.

94. As to paragraph 94, answering defendant admits that he entered the lab on occasion. He recalls entering the lab when someone was working on a bear carcass on an autopsy table. He denies the remaining allegations.

95. As to paragraph 95, answering defendant denies that there was an incident of any kind. He is without sufficient information to admit or deny the allegations and so denies same.

96. As to paragraph 96, answering defendant admits occasionally auditing his wife's geology class in the Fall of 2017. He denies the remaining allegations.

97. As to paragraph 97, answering defendant denies the allegations.

98. As to paragraph 98, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

99. As to paragraph 99, answering defendant denies any harassment. He is without sufficient information to admit or deny the remaining allegations and so denies same.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
ANSWER TO SECOND AMENDED COMPLAINT
Page 11 of 23

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

100. As to paragraph 100, answering defendant admits the allegations.

101. As to paragraph 101, answering defendant admits the allegations.

102. As to paragraph 102, answering defendant denies the allegations.

103. As to paragraph 103, answering defendant denies the allegations.

104. As to paragraph 104, answering defendant denies the allegations.

105. A to paragraph 105, answering defendant denies the allegations.

106. As to paragraph 106, answering defendant is without sufficient information to admit or deny what Ms. Wells overheard or how it made her feel. He denies the remaining allegations.

107. As to paragraph 107, answering defendant admits to meeting Ms. Wells at the museum in Anchorage after the museum one afternoon. He is without sufficient information to admit or deny what Ms. Wells thought. He admits that they were alone. He admits that the museum was dark and that he turned on a light. He admits that the museum appeared to be closed because it was closed. He denies any remaining allegations.

108. As to paragraph 108, answering defendant admits that Ms. Wells knocked on the door of his camper to get him for dinner. He denies the remaining allegations.

109. As to paragraph 109, answering defendant is without sufficient information to admit or deny what Ms. Wells was told. Answering defendant admits to urinating in the woods. He denies the remaining allegations.

110. As to paragraph 110, answering defendant denies the allegations.

111. As to paragraph 111, answering defendant admits working next to Ms. Wells so that they could both look at the computer screen as they were working on a grant

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

proposal for Ms. Wells. Upon information and belief, he may have offered to loan her money since she was having financial difficulties. Defendant denies the remaining allegations.

112. As to paragraph 112, answering defendant admits hugging Ms. Wells. He denies the remaining allegations.

113. As to paragraph 113, answering defendant admits hugging Ms. Wells. He denies the remaining allegations

114. As to paragraph 114, answering defendant denies the allegations.

115. As to paragraph 115, answering defendant denies the allegations.

116. As to paragraph 116, answering defendant denies the allegations.

117. As to paragraph 117, answering defendant denies the allegations as it relates to saying things to students to make them feel guilty about choices. He is without sufficient information to admit or deny the remaining allegations

118. As to paragraph 118, answering defendant admits that he was not always responsive and available to students. He denies the remaining allegations.

119. As to paragraph 119, answering defendant admits teaching a class entitled Peopling of Americas in the Fall of 2014. He is without sufficient information to admit or deny the remaining allegations.

120. As to paragraph 120, answering defendant denies that he should have been removed from campus. He is without sufficient information to admit or deny the remaining allegations and so denies same.

121. As to paragraph 121, answering defendant admits that it was sometimes difficult to get a hold of him and that sometimes it took him longer than expected to grade

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
ANSWER TO SECOND AMENDED COMPLAINT
Page 13 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 13 of 23

exams. He is without sufficient information to admit or deny plaintiff's impressions of his teaching skills, the organization and structure of his class or his grading system. Answering defendant is unaware of any statement Norma Johnson said about his professionalism. He denies the remaining allegations.

122.     As to paragraph 122, answering defendant is without sufficient information to admit or deny what concern Norma Johnson voiced and so denies same. He admits attending the annual holiday party for the Anchorage community held at a professor's house.

123.     As to paragraph 123, answering defendant denies the allegations

124.     As to paragraph 124, answering defendant denies the allegations.

125.     As to paragraph 125, answering defendant denies the allegations.

126.     As to paragraph 126, answering defendant denies the allegations.

127.     As to paragraph 127, answering defendant admits that he was assigned to be Jane Doe VI's advisor in 1989. He denies the remaining allegations.

128.     As to paragraph 128, answering defendant denies the allegations.

129.     As to paragraph 129, answering defendant denies the allegations.

130.     As to paragraph 130, answering defendant denies the allegations.

131.     As to paragraph 131, answering defendant denies the allegations.

132.     As to paragraph 132, answering defendant denies the allegations

133.     As to paragraph 133, answering defendant denies the allegations.

134.     As to paragraph 134, answering defendant denies the allegations.

135.     As to paragraph 135, answering defendant denies the allegations.

136.     As to paragraph 136, answering defendant denies the allegations.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

137.     As to paragraph 137, answering defendant denies the allegations.

138.     As to paragraph 138, answering defendant denies the allegations.

139.     As to paragraph 139, answering defendant admits attending an archaeological dig at Broken Mammoth in Alaska with Jane Doe VI and other students. He denies the remaining allegations.

140.     As to paragraph 140, answering defendant admits to travelling with Jane Doe VI into Delta Junction for various errands. He denies the remaining allegations.

141.     As to paragraph 141, answering defendant admits there was a public shower in Delta Junction where staff and students would frequently pay to shower. He denies the remaining allegations.

142.     As to paragraph 142, answering defendant denies the allegations.

143.     As to paragraph 143, answering defendant denies the allegations.

144.     As to paragraph 144, answering defendant denies the allegations.

145.     As to paragraph 145, answering defendant denies the allegations.

146.     As to paragraph 146, answering defendant denies the allegations.

147.     As to paragraph 147, answering defendant denies the allegations.

148.     As to paragraph 148, answering defendant denies the allegations.

149.     As to paragraph 149, answering defendant denies the allegations.

150.     As to paragraph 150, answering defendant denies the allegations.

151.     As to paragraph 151, answering defendant denies the allegations.

152.     As to paragraph 152, answering defendant denies the allegations.

153.     As to paragraph 153, answering defendant denies the allegations.

154.     As to paragraph 154, answering defendant denies the allegations.

155. As to paragraph 155, answering defendant denies the allegations.

156. As to paragraph 156, answering defendant denies the allegations.

157. As to paragraph 157, answering defendant denies the allegations.

158. As to paragraph 158, answering defendant denies the allegations.

159. As to paragraph 159, answering defendant denies the allegations.

160. As to paragraph 160, answering defendant denies the allegations.

161. As to paragraph 161, the policy speaks for itself. Answering defendant denies the remaining allegations.

162. As to paragraph 162, answering defendant denies the allegations.

163. As to paragraph 163, answering defendant denies the allegations.

164. As to paragraph 164, answering defendant admits that a report issued on March 15, 2019. Answering defendant denies the allegations in the report and as summarized in this paragraph.

165. As to paragraph 165, answering defendant is without sufficient information to admit or deny the allegations and so denies same.

166. As to paragraph 166, answering defendant denies the allegations.

167. As to paragraph 167, answering defendant denies the allegations.

168. As to paragraph 168, answering defendant denies the allegations contained in the report and as summarized in this paragraph.

169. As to paragraph 169, answering defendant denies the allegations.

170. As to paragraph 170, no answer is needed. This paragraph, as many before it, constitutes argument and facts irrelevant to the subject matter at hand. To the extent any answer is due, defendant admits that he has attended Anthropology

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

conferences outside of Alaska. He admits that he is innocent of the charges and does not believe that he wreaked havoc on anyone's life. He admits attending the referenced conference in New Mexico and being physically accosted by a man who was later asked to leave the conference. He denies the remaining allegations.

171. As to paragraph 171, answering defendant reasserts his answers to paragraphs 1-170 above.

172. As to paragraph 172, this paragraph does not address answering defendant and is so denied.

173. As to paragraph 173, answering defendant denies the allegations.

174. As to paragraph 174, answering defendant denies the allegation against him. The remaining allegations do not address answering defendant and are so denied.

175. As to paragraph 175, this paragraph does not address answering defendant and is so denied.

176. As to paragraph 176, answering defendant denies the allegations against him. The remaining allegations do not address answering defendant and are so denied.

177. As to paragraph 177, answering defendant denies the allegations.

178. As to paragraph 178, answering defendant denies the allegations.

179. As to paragraph 179, answering defendant denies the allegations.

180. As to paragraph 180, answering defendant denies the allegations.

181. As to paragraph 181, answering defendant denies the implied allegations against him. He is without sufficient information to admit or deny the remaining allegations.

182. As to paragraph 182, answering defendant denies the allegations.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Doe v Yesner, et al.*; Case No. 3:19-cv-00136-HRH
**ANSWER TO SECOND AMENDED COMPLAINT**
Page 17 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 17 of 23

183.     As to paragraph 183, answering defendant reasserts his answers to paragraphs 1-182 above.

184.     As to paragraph 184, answering defendant denies the implied allegations against him. The remaining paragraphs do not address him and are so denied.

185.     As to paragraph 185, answering defendant denies the implied allegations against him. Answering defendant is without sufficient information to admit or deny the remaining allegations and so denies same.

186.     As to paragraph 186, answering defendant denies the implied allegations against him. The remaining allegations do not address answering defendant and are so denied.

187.     As to paragraph 187, answering defendant denies implied allegations against him. The remaining allegations do not address answering defendant and are so denied.

188     As to paragraph 188, answering defendant denies the implied allegations against him. Answering defendant is without sufficient information to admit or deny the remaining allegations and so denies same.

188.     As to paragraph 188, answering defendant reasserts his answers to paragraphs 1-187 above.

189.     As to paragraph 189, answering defendant reasserts his answers set forth above.

190.     As to paragraph 190, answering defendant denies the allegations.

191.     As to paragraph 191, answering defendant denies the allegations.

192.     As to paragraph 192, answering defendant denies the allegations.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Doe v Yesner, et al.*; *Case No. 3:19-cv-00136-HRH*
ANSWER TO SECOND AMENDED COMPLAINT
Page 18 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 18 of 23

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

193. As to paragraph 193, answering defendant denies retaliation. Answering defendant is without sufficient information to admit or deny the remaining allegations and so denies same.

194. As to paragraph 194, answering defendant denies retaliation. He is without sufficient information to admit or deny the remaining allegations and so denies same.

195. As to paragraph 195, answering defendant reasserts his answers to paragraph 1-163. As to the remaining allegations, they do not address answering defendant and are so denied.

196. As to paragraph 196, answering defendant reasserts his answers in paragraphs 1-195 above.

197. As to paragraph 197, answering defendant denies the allegations.

198. As to paragraph 198, answering defendant denies the implication that he assaulted the plaintiffs. He admits, in general, that Defendant University is vicariously liable for actions of its employees. He denies the remaining allegations.

199. As to paragraph 199, answering defendant denies the allegations against him. He admits, in general, that Defendant University is vicariously liable for actions of its employees. He denies the remaining allegations.

200. As to paragraph 200, answering defendant denies committing assault and/or battery. He admits, in general, that Defendant University is vicariously liable for actions of its employees. He denies the remaining allegations.

201. As to paragraph 201, noted.

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
ANSWER TO SECOND AMENDED COMPLAINT
Page 19 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 19 of 23

202. As to paragraph 202, answering defendant reasserts his answers in paragraph 1-201 above.

203. As to paragraph 203, answering defendant denies the allegations.

204. As to paragraph 204, answering defendant denies the allegations. The archaeological site was on the road system and Ms. Dutchuk was not at the camp alone. She was accompanied by other students and by faculty.

205. As to paragraph 205, answering defendant admits that he copied a photograph from Ms. Heppner's public social media account and placed it on a poster for use in advertising the defense of her thesis paper. He denies that the photograph was sexually suggestive. He admits that he posted the poster around campus and attached it to an email sent to other faculty members. He denies any remaining allegations.

206. As to paragraph 206, answering defendant denies the allegations.

207. As to paragraph 207, answering defendant denies the allegations.

208. As to paragraph 208, a complaint is not the proper vehicle for a jury demand and no answer is due. .

## AFFIRMATIVE AND ADDITIONAL DEFENSES

By way of further answer and by way of further affirmative defenses, answering defendant alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' complaint fails to state a claim for relief.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs have failed to mitigate their damages, if any.

### THIRD AFFIRMATIVE DEFENSE

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**ANSWER TO SECOND AMENDED COMPLAINT**
Page 20 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 20 of 23

Statute of Limitations.

<h2 align="center">FOURTH AFFIRMATIVE DEFENSE</h2>

Consent.

<h2 align="center">FIFTH AFFIRMATIVE DEFENSE</h2>

Mens Rea.

<h2 align="center">FURTHER AFFIRMATIVE DEFENSES</h2>

Answering defendant reserves the right to assert whatever other affirmative defenses and/or counterclaims may become available as discovery progresses.

<h2 align="center">CROSS CLAIM</h2>

Answering defendant [Yesner], pursuant to AS 22.10.020(g), hereby files a cross claim against the University of Alaska [University ] for declaratory relief. Yesner asks the court to affirm the duties and obligations that the University owes Yesner in light of the plaintiffs' claims and allegations.

1. Yesner was employed by the University of Alaska from August 1991 through his retirement in August of 2017.

2. Under AS 14.40.175 as well as bylaws and policies of the Board of Regents, the University owes Yesner a duty to defend and indemnify for certain claims arising within the course and scope of Yesner's duties.

3. Plaintiffs have accused Yesner of various acts of tortious conduct arising out of acts performed on behalf of the University and allegedly performed within the course and scope of his employment.

4. Yesner has asked the University repeatedly to defend and indemnify him.

_Walker & Eakes LLC_
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

_**Doe  v Yesner, et al.; Case No. 3:19-cv-00136-HRH**_
__ANSWER TO SECOND AMENDED COMPLAINT__
Page 21 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 21 of 23

5. The University has rejected these demands as to all of plaintiffs' causes of actions save Ms. Dutchuk's claims of false light.

6. To date, the University has not paid any of Yesner's attorney's fees and/or court costs.

## PRAYER

WHEREFORE, having answered the plaintiffs' complaint, answering defendant prays that the same be dismissed with prejudice; that plaintiffs take nothing from answering defendant; that answering defendant be awarded his costs and attorney's fees incurred in defending this action; and for such other and further relief as this court deems just and equitable. As to his cross claim, Yesner asks that the Court order the University to provide a defense to Yesner. Questions of indemnity can be addressed at a later time, to the extent indemnity is triggered.

DATED this 5th day of December 2019, at Anchorage, Alaska.

> Walker & Eakes, LLC
> Attorney for Defendant
> DAVID YESNER
>
> By: _/s/ Laura J. Eakes___
> Laura J. Eakes
> Alaska Bar No. 0011072

DATED this 5th day of December 2019, at Anchorage, Alaska.
> Walker & Eakes, LLC
> Attorney for Defendant
> DAVID YESNER
>
> By: _/s/ Stacy L. Walker___
> Stacy L. Walker
> Alaska Bar No. 0005014

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
ANSWER TO SECOND AMENDED COMPLAINT
Page 22 of 23
Case 3:19-cv-00136-HRH   Document 50   Filed 12/05/19   Page 22 of 23

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and
correct copy of the foregoing was served
this 5th day of December 2019 by:

    \_\_\_ : Mail
    \_\_\_ : Email
    \_\_\_ : Hand Delivery
    \_\_\_ : Courier
    \_x\_ : ECF Distribution

To the following persons:

Anthony G. Buzbee
Cornelia Brandfield-Harvey
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77002

Nicole C. Cusack
Cusack Law, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507

Charles Sturm
Sturm Law PLLC
712 Main St, Suite 900
Houston, TX 7700
*Served Via U.S. Mail Only*

Danielle Ryman
Perkins Coie LLP
1029 W 3rd Ave Ste 300
Anchorage AK 99501

  /s/ Stacy L. Walker
  Walker & Eakes, LLC

180.533/pldgs/2019-12-5 Answer to Second Amended Complaint

**Walker & Eakes LLC**
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

*Doe v Yesner, et al.; Case No. 3:19-cv-00136-HRH*
**ANSWER TO SECOND AMENDED COMPLAINT**
Page 23 of 23