Danielle M. Ryman
DRyman@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF
ALASKA SYSTEM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, JOANNA WELLS, NORMA JOHNSON, AND JANE DOE VI,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

**DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM**

Plaintiffs brought this lawsuit against the University of Alaska Board of Regents and University of Alaska System (collectively, the "University") and David Yesner, a former professor at the University, alleging that Yesner sexually harassed and assaulted

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1
-1-

Case 3:19-cv-00136-HRH   Document 54   Filed 12/20/19   Page 1 of 8

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

them. Per the Court's Order at Docket 32, the only claims that remain against the Defendants University of Alaska Board of Regents and University of Alaska System are claims asserted under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681-1688 (Title IX).

The University moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims I, II, and III as pertain to Theresa Dutchuk, Joanna Wells, Norma Johnson, and Jane Doe VI (collectively, Motion-Plaintiffs), which Plaintiffs bring under Title IX for failure to state a claim upon which relief can be granted. These claims should be dismissed against the University because they are time barred by the applicable two-year statute of limitations.

## I. FACTS

David Yesner was a faculty member of the University. First Amended Complaint (FAC) ¶ 9.[1] Motion-Plaintiffs were all students at the University who interacted with Yesner in his faculty capacity at various points between 1989 and 2017. *Id.* ¶¶ 37-38, 59-60, 94-96, 100-101, 119, 127. Plaintiffs allege experiencing specific acts of harassment, retaliation, and assault perpetrated by Yesner. *See id.* ¶¶ 37-159.

Plaintiff Dutchuk reported her accusations of harassment and subsequent

---

[1] The University treats the allegations in the complaint as true for the purpose of this motion only. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1

-2-

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Case 3:19-cv-00136-HRH   Document 54   Filed 12/20/19   Page 2 of 8

retaliation to the University in 2016. FAC ¶ 17. Plaintiff Wells alleges that she complained to members of the University's Graduate Committee of harassment she experienced between 2013 and 2016. FAC ¶¶ 20, 100-113. Plaintiff Johnson's claims arise from allegations of "concerns she voiced" about an incident that occurred at an event in 2014. FAC ¶ 122. Plaintiff Doe VI claims that one of her colleagues reported the sexual assault she allegedly experienced in 1992 to the then Chair of the University's Anthropology Department. FAC ¶¶ 22, 140-142. The Motion-Plaintiffs do not allege that any misconduct supporting their claims occurred after the noted dates.

On May 14, 2019, Plaintiffs filed this lawsuit. The following claims are asserted against the University directly: (1) deliberate indifference to alleged sexual harassment in violation of Title IX; (2) deliberate indifference to a hostile education environment in violation of Title IX; and (3) retaliation in violation of Title IX.

## II. ARGUMENT

Rule 12(b)(6) tests the sufficiency of the Plaintiffs' claims. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Under 12(b)(6), dismissal is appropriate in "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To be cognizable, the Motion-Plaintiffs' Title IX claims against the University

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1

-3-

Case 3:19-cv-00136-HRH   Document 54   Filed 12/20/19   Page 3 of 8

must be based on alleged violations that occurred within the applicable statute of limitations. Federal courts apply the relevant state's statute of limitations for personal injury actions to claims arising under Title IX. *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006). Alaska's statute of limitations for personal injury claims is two years. AS 09.10.070. Plaintiffs filed suit on May 14, 2019; any alleged violations of Title IX by the University must have occurred after May 14, 2017 for the claims to be timely. Motion-Plaintiffs do not allege conduct occurring within the applicable statute of limitations, and their Title IX claims should be dismissed.

### A. Motion-Plaintiffs' claims should be dismissed against the University because they are time barred.

To be liable under Title IX, the University had to have actual notice of the Motion-Plaintiffs' underlying allegations of harassment and retaliation.[2] *Samuelson v. Oregon State Univ.*, 162 F. Supp. 3d 1123, 1130 (D. Or. 2016), *aff'd*, 725 F. App'x 598 (9th Cir. 2018). The limitations period for Title IX claims begins "when a plaintiff knows or has reason to know of the" alleged violations. *Stanley*, 433 F.3d at 1136 (quoting *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991)). The

---

[2] The University also had to "have 'authority to institute corrective measures'" to be liable, *Samuelson v. Oregon State Univ.*, 162 F. Supp. 3d 1123, 1130 (D. Or. 2016), *aff'd*, 725 F. App'x 598 (9th Cir. 2018) (quoting *Gebser v. Lago Vista Indep. Sch. Dist.*, 524 U.S. 274, 276 (1998)), but this element is inconsequential to the determination of when the claims accrued for statute of limitations purposes in this case.

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1

-4-

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

statute of limitations for the Title IX claims began to run for each Motion-Plaintiff when they individually knew or had reason to know that the University was aware of their respective allegations of harassment or retaliation against Yesner.

The statute of limitations started for each Motion-Plaintiff prior to May 14, 2017. Plaintiff Dutchuk reported her accusations of harassment and subsequent retaliation to the University in 2016. FAC ¶ 17. Plaintiff Wells alleges that she complained to members of the University's Graduate Committee of harassment she experienced between 2013 and 2016. FAC ¶¶ 20, 100-113. Plaintiff Johnson's claims arise from allegations of "concerns she voiced" about an incident that occurred at an event in 2014. FAC ¶ 122. Plaintiff Doe IV claims that one of her colleagues reported the sexual assault she allegedly experienced in 1992 to the then Chair of the University's Anthropology Department. FAC ¶¶ 22, 140-142.

To prevail in their deliberate indifference theory, the Motion-Plaintiffs must at a minimum show that the alleged conduct caused them to undergo harassment or make them liable or vulnerable to it. *Davis v. Monroe Cty. Bd of Educ.,* 526 U.S. 629, 645 (1999). The Motion-Plaintiffs, however, have not alleged that the University caused them to undergo, or be vulnerable to any harassment during the limitations period (after May 14, 2017. The Motion-Plaintiffs' allegations of harassment and retaliation

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1

-5-

occurred prior to May 14, 2017, and the statute of limitations has thus expired on their claims.

### B. Motion-Plaintiffs' claims are not saved by the continuing violations doctrine.

In Title IX cases, the continuing violations doctrine applies only to hostile educational environment claims, not to claims based on discrete acts. *See Stanley*, 433 F.3d at 1136. The doctrine permits a court to consider allegations of otherwise untimely acts to determine if a plaintiff has stated a hostile educational environment claim. *Id.* at 1137. However, the doctrine will not save a hostile environment claim unless the plaintiff has also experienced additional discrete acts or was rendered vulnerable to the hostile environment within the limitations period. *Id.*

Counts I and III cannot be saved by the continuing violations doctrine because they are based on untimely discrete acts. Motion-Plaintiffs fail to allege any specific discrete acts of harassment or retaliation that occurred within the statute of limitations (i.e. after May 14, 2017). *See* FAC ¶¶ 37-58, 100-159. Counts I and III are time barred.

In addition, Count II cannot be saved because Motion-Plaintiffs fail to allege that they were rendered vulnerable to the purported hostile environment within the relevant statutory limitations period. Instead, Plaintiffs collectively assert the University "failed to institute any accommodations for Plaintiff's safety," FAC ¶ 187, and that the

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1

-6-

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Case 3:19-cv-00136-HRH   Document 54   Filed 12/20/19   Page 6 of 8

University "had opportunity after opportunity to do the right thing," FAC ¶ 35. A similar argument was rejected in *Stanley*. 433 F.3d at 1137 (noting that the argument "conflates [a plaintiff's] desired remedy with violation of Title IX in a manner that effectively vitiates the statute of limitations"). There, the court held that the continuing violations doctrine cannot save a hostile environment claim unless the plaintiff establishes that they were present in the hostile environment within the relevant statutory period. *Stanley*, 433 F.3d at 1137. Individually, none of the Motion-Plaintiffs' specific allegations establish that any of them were present in the purported hostile environment at any point after May 14, 2017. *See* FAC ¶¶ 37-58, 100-159. Therefore, Count II is also time barred.

## III. CONCLUSION

As to Counts I, II, and III, Plaintiffs Dutchuk, Wells, Johnson, and Doe VI all raise claims against the University that are barred by the relevant statute of limitations and should be dismissed.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1

-7-

Case 3:19-cv-00136-HRH   Document 54   Filed 12/20/19   Page 7 of 8

DATED: December 20, 2019.

**PERKINS COIE LLP**

s/Danielle M. Ryman
Danielle M. Ryman, Alaska Bar No. 9911071
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF ALASKA
SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that on December 20, 2019 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

s/ Danielle M. Ryman

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
146697352.1

-8-

Case 3:19-cv-00136-HRH   Document 54   Filed 12/20/19   Page 8 of 8