Anthony G. Buzbee (TX Bar No. 24001820)(*Admitted Pro Hac Vice*)
tbuzbee@txattorneys.com
Cornelia Brandfield-Harvey (TX Bar No. 24103540)(*Admitted Pro Hac Vice*)
cbrandfieldharvey@txattorneys.com
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300, Houston, TX 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
nicole@cusacklawak.com
CUSACK LAW, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428
Fax: (907) 222-5412

Charles Sturm (TX Bar No. 1511093)(*Admitted Pro Hac Vice*)
csturm@sturmlegal.com
STURM LAW PLLC
712 Main Street, Suite 900
Houston, TX 77002
Tel: (713) 955-1800

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, RANNA WELLS, NORMA JOHNSON, AND JANE DOE VI<br><br>*Plaintiffs,*<br><br>vs.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>*Defendants*. | **Case No.: 3:19-cv-00136-HRH**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARIAL MOTION TO DISMISS** |

1

## PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

COME NOW, Plaintiffs, and file this Response in Opposition to Defendants University of Alaska Board of Regents and University of Alaska System's ("University of Alaska") ("Defendants") Partial Motion to Dismiss and would respectfully show this Court the following:

## I. FACTUAL BACKGROUND

This action arises from Defendant University of Alaska's deliberately indifferent response to the severe and long running sexual harassment of graduate students by University of Alaska's professor and supervisor, Defendant David Yesner ("Yesner"). University of Alaska's failure to promptly and appropriately investigate and respond to the harassment subjected Plaintiffs to retaliation and a hostile environment, effectively denying them access to educational and professional opportunities. Further, University of Alaska's employee, Defendant Yesner retaliated against Plaintiffs for denying Defendant Yesner's sexual advances, which University of Alaska failed to prevent or take action against even after the Plaintiffs complained of Defendant Yesner's behavior and notified University of Alaska, once the actions had started. This malicious and intentional conduct has subjected Plaintiffs to significant and pervasive reputational damage and emotional distress, destroying their careers and causing significant damage to their mental health. Their lives have been forever changed by Defendants' actions.

## II. STANDARD OF REVIEW

A 12(b)(6) motion should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957). The question before the Court in examining a 12(b)(6) motion is whether the plaintiff's complaint states any valid claim for relief. *Id.* Since federal courts simply require "notice pleading," the Court construes a plaintiff's pleading liberally, and lack of detail does not constitute a sufficient ground to dismiss a complaint under Rule 12(b)(6). *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). To survive a challenge under Alaska R. Civ. P. 12(b)(6), it is enough that the complaint sets forth allegations of fact consistent with and appropriate to some enforceable cause of action. *Kollodge v. State*, 757 P.2d 1024 (Alaska 1988). **A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted."** *Id.* The strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND 18 PROCEDURE § 1357, at 601 (1969); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When attacked pursuant to Rule 12(b)(6), well-pled allegations in a complaint must be treated as true, and all reasonable inferences drawn in the plaintiff's favor. *Christie v. Standard Ins. Co.*, No. C 02-02520 WHA, 2002 U.S. Dist. LEXIS 22062 at *5 (N.D. Cal. July 19, 2002).

3
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH   Document 56   Filed 01/10/20   Page 3 of 20

**Defendants' Motion is untimely and improper under the Federal Rules of Civil Procedure and must be denied on these bases alone as demonstrated herein.**

Regardless, Plaintiffs Theresa Dutchuk, Joanna Wells, Norma Johnson and Jane Doe VI have more than stated a valid claim for relief and therefore Defendants University of Alaska Board of Regents and University of Alaska System's Partial Motion to Dismiss should be denied in its entirety.

### III. ARGUMENT AND AUTHORITIES

Defendants' Motion is untimely as it was filed more than 14 days after Plaintiffs' Second Amended Petition. Additionally, Defendants' Motion is improper under the Federal Rules of Civil Procedure as Defendants previously filed a Motion to Dismiss in June 2019 that could have addressed the Title IX claims but did not do so. Therefore, Defendants' arguments are waived. For these reasons alone, Defendants' Motion must be denied.

While there is technically no official statute of limitations for sexual harassment claims, the Ninth Circuit has categorized sexual harassment as personal injury which carries a two-year statute of limitations deadline in Alaska. *However*, civil claims for other sexual offenses in Alaska carry longer statute of limitations with felony sexual assault having *no time limit* at all.[1]

Plaintiff Jane Doe VI stated in the latest Complaint that Yesner engaged in sexual contact without her consent that was coerced by force which constitutes felony sexual assault under Alaska law. Therefore, contrary to Defendants' argument, there is **NO**

---

[1] Alaska Stat. § 9.10.065(a)(2).

4

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH Document 56 Filed 01/10/20 Page 4 of 20

statute of limitations deadline for Plaintiff Jane Doe VI's claim of assault and her claims are not time-barred. Regardless, Jane Doe VI did not realize she had been sexually assaulted at the time due to Defendants' fraudulent concealment and discovery rule, tolling the statute of limitations.

As for the other sexual harassment claims that do not fall under assault, if the claims are found to be time-barred, Alaska has recognized exceptions to toll the statute of limitations such as the fraudulent concealment, equitable tolling and/or the discovery rule discussed herein. Alaska has recognized the severity of these claims and has recognized that the injured person in a sexual offense case can take longer to recognize he/she actually has an injury due to certain circumstances such as these claims being fraudulently concealed by the Defendants so the victim is dissuaded from bringing a claim or is forced into thinking she does not have a claim.

Because Plaintiff Jane Doe VI's claims are not time-barred since felony sexual assault has no statute of limitations deadline in Alaska and the sexual harassment claims will be shown to fall under certain exceptions so as to toll the deadline as discussed below, Defendants' Motion must be denied.

**A.  There is NO Statute of Limitations Deadline to File a Felony Sexual Assault Claim in Alaska.**

Under Alaska law, there is no time limit for filing a felony sexual assault claim. Alaska Stat. § 9.10.065. Commencement of actions for acts constituting sexual offenses.

> (a) ***A person may bring an action at any time*** for conduct that would have, at the time the conduct occurred, violated provisions of any of the following offenses:

5

. . .

        (2) felony sexual assault.

*Id.*

    Plaintiff Jane Doe VI's claims would fall under sexual assault in the second degree.

    Alaska Stat. § 11.41.420 Sexual assault in the second degree.

    (a) An offender commits the crime of sexual assault in the second-degree if

        (1) The offender engaged in sexual contact with another person without consent of that person.

*Id.*

    Sexual contact is defined as such:

    Alaska Stat. § 11.81.900. Definitions.

    (60)" sexual contact" means
        (A) the defendant's
        (i) knowingly touching, directly or through clothing, the victim's genitals, anus, or female breast

*Id.*

    "[W]ithout consent' means that a person . . . with or without resisting, is coerced by the use of force against a person or property, or by the express or implied threat of death, imminent physical injury, or kidnapping to be inflicted on anyone[.]" AS 11.41.470(8)(A). "[T]he phrase 'without consent' refers to a particular type of unwanted sexual activity: unwanted sexual activity that is coerced by force or the threat of force." *Inga v. State*, 440 P.3d 345, 349 (Alaska Ct. App. 2019).

6
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

Plaintiff Jane Doe VI stated in the latest Complaint that Yesner engaged in sexual contact with her without her consent coerced by force which constitutes felony sexual assault under Alaska law. As Plaintiff alleged, Defendant Yeser would come from behind her, placing his hands on her shoulders, running them down her back and fondling her hips and buttocks and fondle her breasts. In another incident, while Plaintiff was in the shower, Defendant entered the shower and rubbed his body including his penis against Plaintiff. He then got down on his knees and placed his mouth on Plaintiff's vagina in an attempt to give her oral stimulation. He was knowingly touching Plaintiff's genitals and forcing himself on her. Plaintiff was fearful of what Yesner might do as they were isolated away from everyone else in a remote location with limited access to outside communication.

Therefore, contrary to Defendants' argument, there is **NO** statute of limitations deadline for Plaintiff Jane Doe VI's claim of assault and her claims are not time-barred. Defendants' Motion should be denied.

**B**.     **Fraudulent Concealment and Equitable Tolling.**

Plaintiffs' claims are not barred by the statute of limitations because of the doctrine of fraudulent concealment and equitable tolling. Defendants fraudulently concealed David Yesner's misconduct from Plaintiffs. Defendants made representations to Plaintiffs that were deeply misleading.

A party who fraudulently conceals from a plaintiff the existence of a cause of action may be estopped to plead the statute of limitation if the plaintiff's delay in bringing suit is occasioned by reliance on the false or fraudulent representation. *Sharrow*

7

*v. Archer*, 658 P.2d 1331, 1333 (Alaska 1983); *Chiei v. Stern,* 561 P.2d 1216, 1217 (Alaska 1977). Representations may closely resemble traditional fraud and, therefore, can easily be viewed as providing grounds for application of the fraudulent concealment doctrine.[2] In evaluating a claim that the defendant's representations deterred or deferred investigation of the claim, courts normally toll the statute of limitations if the plaintiff's reliance on the defendant's representations was reasonable.[3] This approach is consistent with the policies underlying limitations because it identifies conduct of the defendant that justifies depriving him of the protection of limitations.[4] Courts typically find that the defendant's representations constitute concealment when the defendant obscures its wrongful conduct by providing an innocent explanation for unfavorable developments. *See Mt. Hood Stages v. Greyhound Corp.,* 555 F.2d 687 (9th Cir. 1977), *rev'd on other grounds,* 437 U.S. 322 (1978). Here, in this case, Defendants did exactly that. Defendants obscured Yesner's wrongful conduct by providing innocent explanations such as "that's just Yesner being Yesner", or "do not believe the stories," or "that's just Dave being Dave" as demonstrated herein. Plaintiffs relied on those innocent explanations and Plaintiffs' reliance on those explanations was reasonable as they had every reason to trust their University superiors and counselors.

Upon information and belief, all Defendants had (1) actual knowledge that a wrong occurred, (2) a duty to disclose the wrong, and (3) a fixed purpose to conceal the wrong. University of Alaska had knowledge of Yesner's behavior since the 1980s but

---

[2] Richard L. Marcus, *Fraudulent Concealment in Federal Court: Toward a More Disparate Standard?* 71 Geo. L.J. 829 (1983).
[3] *Id.*
[4] *Id.*

8
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

failed to inform Plaintiffs of the allegations against Yesner. Had Defendants complied with their duties, Plaintiffs would have been aware of the facts, conditions, or circumstances which would have led to the discovery of a concealed cause of action. In this case, the University of Alaska and its Board of Regents represented to Plaintiffs and to the public that Defendant Yesner was a competent, ethical and safe professor. Defendants had knowledge of Yesner's misconduct for years and yet chose to conceal this behavior from the Plaintiffs and other students. Professor Yesner should have been terminated way before Plaintiffs' time but regardless the University should have put students on alert that Professor Yesner had complaints of sexual misconduct against him. Instead, Defendants kept Plaintiffs in the dark on purpose.

Until University of Alaska actually started to seriously investigate sexual harassment claims of David Yesner in December 2017, Plaintiffs had no way of truly knowing about Yesner's conduct until years later. The University had finally deemed his behavior as wrong and deemed his behavior as sexual harassment and abuse. March 2019 is when the independent law offices hired to conduct this report made their official findings that Plaintiffs had been sexually harassed and abused by Yesner at University of Alaska. As stated in the Complaint, Plaintiffs were constantly discouraged from taking further action on their claims by the University. When Plaintiffs made initial reports, they were met with apathy, being told by those in positions of authority to "cover up more" or "switch advisors" or "that's just Yesner" or "do not believe the stories". When Plaintiff Wells relayed her concerns regarding Yesner to her University of Alaska counselor, the counselor, the one person with whom she put so much trust, told her that her concerns

were completely unfounded. He told her that her mental issues were related to something else, protecting the University's interests. When Plaintiff Jane Doe VI's friend reported Jane Doe VI's sexual assault to the Department Chair at the time, his response to her was "That's your story. I bet Yesner has something else he would say." The environment in the Anthropology department regarding Yesner's behavior was one of tolerance. The phrase "that's just Dave being Dave" was cited to Jane Doe VI over and over and over again. They were reassured that there was no danger. They relied on these assurances to their detriment.

Because the statute of limitations on Plaintiffs' claims are tolled by fraudulent concealment and equitable estoppel, Defendants' Motion should be denied.

**C.     Defendant's Motion is Improper under Fed. R. Civ. P. 12(g).**

Defendants' Motion must be denied as it is improper under Fed. R. Civ. P. 12(g). Rule 12(g) of the Federal Rules of Civil Procedure provides as follows:

> (2) **Limitation on Further Motions.** Except as provided in Rule 12(h)(2) or (3), **a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.**

*Id.*

Generally speaking, defendants must raise all defenses at the first opportunity and may not bring successive motions to dismiss. *See Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp.,* 247 F.Supp.2d 987, 999 (N.D. Ill. 2002). Rule 12(g) precludes a defendant from bringing successive motions to dismiss raising arguments that the

defendant failed to raise at the first available opportunity. *Id.; see also Albany Insc. Co. v. Almacenadora Somex,* 5. F.3d 907, 909 (5th Cir. 1993).

Save for Jane Doe VI's claims which were added in the First Amended Complaint[5], all of Defendants' arguments are addressed to allegations and claims that were included in Plaintiffs' original complaint and therefore could have been raised in Defendants' previous motion to dismiss. Defendants filed a partial Motion to Dismiss to Plaintiff's original Complaint back in June 11, 2019 (Dkt. No. 13), seeking to dismiss *only* claims 4-8. Defendants could have raised the statute of limitations defense to the Title IX claims (claims 1-3) in the previous motion to dismiss but omitted this defense from such motion.

**Under Rule 12(g), defendants may not "assert the 12(b)(6) defense by a second pre-answer motion" because Rule 12(g) expressly precludes the defendants from doing so. Wright & Miller, §1392. "The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to amendment." Wright & Miller § 1388.** *See also Harris Bank v. Pachaly,* **902 F.Supp. 156 (N.D. Ill 1995);** *Dee-K Enterprises, Inc. v. Heveafil Sdn. Bhd.,* **985 F. Supp. 640, 642 n.2 (D. Va. 1997).** The Court's ruling in *Sourovelis v. City of Phila.* is also instructive. There the Court denied Defendant City of Philadelphia's Motion to Dismiss Plaintiff's First Amended Complaint when Defendant filed a successive motion to dismiss with arguments that could have been raised in their

---

[5] Even so, Jane Doe VI's claims would relate back to the date of the original pleading as the amendment asserted a claim that arose out of the same conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(B).

original motion to dismiss. 246 F. Supp. 3d 1058, 1077-78 (E.D. Pa. 2017). "While the City Defendants make new arguments in the instant motion that Defendants did not make in their Motion to Dismiss the First Amended Complaint, none of those arguments relate to the only new material…instead the City Defendants' arguments in the instant motion relate solely to the allegations that appeared in the First Amended Complaint. The City Defendants could (and should have) made those arguments in their previous motion to dismiss." *Id.*

Furthermore, Rule 12(h)(2) cannot save Defendants according to the Court. "The procedural bar of Rule 12(g)(2)…covers all motions to dismiss for failure to state a claim, regardless of the grounds asserted." *Id.* at 1078; *Leyse v. Bank of Am. Nat'l Ass'n,* 804 F.3d 316, 321 (3d Cir. 2015). A successive motion to dismiss filed under Rule 12(b)(6) is "plainly neither a Rule 7(a) pleading nor a motion raised at trial," nor is it a Rule12 (c) motion. *Id.* As a result, no exception to Rule 12(h)(2) covers a successive motion to dismiss, and it is "improper" for a district court to consider such a motion. *Id.*

Plaintiffs have been unduly prejudiced. Because Defendants did not raise before the arguments they make now regarding Counts 1, 2 and 3, Defendants are now precluded from raising these arguments in their second motion to dismiss. Accordingly, Defendants' motion to dismiss counts one, two and three of the Second Amended Complaint must be denied.

**D. Defendants' Motion to Dismiss Should be Denied Because it is Untimely.**

Defendants' motion is untimely and should be denied on that independent basis. Even where no responsive pleading has been filed, Courts have held that a motion to

12
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS
Case 3:19-cv-00136-HRH   Document 56   Filed 01/10/20   Page 12 of 20

dismiss is untimely if filed and served after the 21-day period permitted for a responsive pleading under Fed. R. Civ. P. 12(a)(1)(A). *See Nowak v. Lexington Ins. Co.,* 464 F. Supp. 2d 1248, 1249 (S.D. Fla. 2006)(holding "that the Motion to Dismiss was untimely filed more than twenty days after the Complaint was served on Defendant…"); *Suntrust Bank v. O'Brien,* No. 3:09CV85/RV/EMT, 2009 WL 1393439, at *2 (N.D. Fla. May 18, 2009)(dismissing defendant's Rule 12(b) motion as untimely because it was filed twenty-eight days "after the time for filing an answer had expired."); *United States v. FloridaUCCInc.,* No. 4:09-cv-46, 2009 WL 1971428, at *8 (N.D. Fla. July 3, 2009) (denying defendant's Rule 12(b) motion because "motion was filed well beyond the 20 day time period."). Here, Defendants' Motion to Dismiss is untimely as it was filed after the 14-day period for responding to an amended complaint and after the 21-day period for responding to Plaintiff's original complaint. *See* Fed. R. Civ. P. 15. Therefore, Defendants' Motion should be denied. The Federal Rule of Civil Procedure 12(a) states as follows:

> (a) TIME TO SERVE A RESPONSIVE PLEADING.
>   (1) *In General.* Unless another time is specified by this rule or a federal statute, the time for serving a responsive pleading is as follows:
>     (A) A defendant must serve an answer:
>       (i) within 21 days after being served with the summons and complaint;

Here, the time to respond is even shorter, given that Plaintiffs filed an amended complaint and to which Defendants have responded with a motion to dismiss. Federal Rule of Civil Procedure 15(a)(3) states:

> (3) *Time to Respond.* Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the

13
PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

original pleading or within 14 days after service of the amended pleading, whichever is later.

Fed. R. Civ. P. 15(a)(3).

Plaintiffs filed their Second Amended Complaint on November 14, 2019. Defendants did not file their Motion to Dismiss to the Second Amended Complaint until *over a month later* on December 20, 2019, in violation of the rules, past the 14-day deadline and even the 21-day deadline. The deadline to file a response had well passed. The deadline was November 28, 2019, fourteen days after service of the Second Amended Complaint. Plaintiffs had not given Defendants an extension nor had Defendants asked for an extension to respond past the deadline. Courts have denied Motions to Dismiss for untimeliness and this Court should do the same.

For the reasons stated above, Defendants' Motion must be denied.

### E. Discovery Rule.

Alaska is one of many states that has adopted the discovery rule to toll the statute of limitations. ***The issue of statute of limitations is a question of fact for the jury.*** *See John's Heating Serv. v. Lamb,* 46 P.3d 1024, 1033 (Alaska 2002).

Where an element of a cause of action is not immediately apparent, the discovery rule provides the test for the date on which the statute of limitations begins to run. *Id.* at 1031. The statute of limitations does not begin to run until the claimant discovers, or reasonably should have discovered, the existence of all elements essential to the cause of action. *Id.* Thus, the relevant inquiry is the date when the claimant reasonably should have known of the facts supporting her cause of action. *Id.* An appellate court looks to the

date when a reasonable person has enough information to alert that person that he or she has a potential cause of action or should begin an inquiry to protect his or her rights. *Id.* When the injury is not apparent at the time of the negligent act, the discovery rule applies. *Id.* Under the discovery rule there are two possible dates on which the statute of limitations can begin to run and, in some cases, a third part to the discovery rule comes into play. The first potential date is the date when the plaintiff reasonably should have discovered the existence of all essential elements of the cause of action. The second potential accrual date is the date when the plaintiff has information which is sufficient to alert a reasonable person to begin an inquiry to protect his rights. These dates are different, since the point when the elements of a cause of action are discovered may come after and as a result of a reasonable inquiry. The third part of the discovery rule comes into play where a person makes a reasonable inquiry which does not reveal the elements of the cause of action within the statutory period at a point where there remains a reasonable time within which to file suit. In those circumstances, the limitations period is tolled until a reasonable person discovers actual knowledge of, or would again be prompted to inquire into, the cause of action. *Id.*

Complainants, including Plaintiffs, started sending letters to Chancellor Gingerich in December 2017 regarding Professor Yesner's behavior in order to prevent him from being awarded emeritus status. Theresa Dutchuk was interviewed by Title IX investigator in December 20, 2017 regarding these complaints and her own experiences. Ms. Dutchuk did not realize she had been sexually harassed until the findings contained within the Title IX investigative report were finally released by the University in March 2019.

Therefore, the earliest possible date on which Plaintiff Dutchuk knew or had reason to know of Defendant Yesner's misconduct was in March of 2019. Therefore, March of 2019 was the earliest date that Plaintiff knew or by exercising reasonable diligence should have known of the facts given rise to her claim according to her.

Furthermore, Ms. Dutchuk was not even made aware of the sexually suggestive photographs taken by Yesner until March 15, 2019 when the investigative report was released to Plaintiffs by the University as stated in the Complaint and it was revealed that Yesner's computer hard drive had been searched. The Court made this point in its previous Order on Motions to Dismiss that the statute of limitations was tolled as it pertained to the discovery of the sexually suggestive photographs.[6] Therefore, she could not possibly have known she had a claim when she did not even know there was any wrongdoing initially. For this reason, the discovery rule most certainly applies to Plaintiff Dutchuk and her claims should survive statute of limitations deadline. Ms. Dutchuk did not make a formal report to Chancellor Gingerich because she did not even realize that Yesner's behavior was considered sexual harassment. In fact, Ms. Dutchuk stated in the University investigation report that she believes her decision to quit graduate school was not premised on sexual harassment or sexual discrimination. The University's report found she was sexually harassed. It has taken Ms. Dutchuk a long time to come to terms with the fact that she was sexually harassed and indeed suffered an injury. At the time, Ms. Dutchuk believed Yesner was acting odd and weird. When Ms. Dutchuk did report Yesner in 2016 to the Dean, it was only in the form of bizarre conduct towards her

---

[6] *See* (Dkt No. 32) Order Motions to Dismiss; Motion to Amend; Motion to Preclude Use of "Jane Doe" Pseudonyms, p. 21.

and retaliation. Sexual harassment was not discussed. Only now has she realized that the bizarre conduct was sexual harassment. And when she did in fact report Yesner to University's dean, she was merely told to "switch advisors." No one told her that she had been sexually harassed. No one made her aware she had been sexually harassed by her professor. She now realizes that she has been injured.

      Plaintiff Wells did not realize she had been sexually harassed until late 2017. It was only after years of professional counseling, discussions with friends and her partner who told her that this was not normal or acceptable behavior that Plaintiff Wells knew she had been injured. Additionally, she was dissuaded and misled by the university in the interim. Plaintiff Norma Johnson dismissed Yesner's behavior towards her as a drunken mistake as she has alcoholic members in her family. She did not know she was injured. With therapy and other influences, she now realizes she was harassed. Even though there is no statute of limitations for felony sexual assault, Plaintiff Jane Doe VI did not realize she had been sexually assaulted until many years later. Through many years of intense therapy, she has come to realize that what happened to her was assault. Many of the Plaintiffs did not realize that Yesner's behavior was actually defined as sexual harassment until December 2017 when they officially reported the abuse to Chancellor Gingerich and then were contacted by Title IX investigators from the Office of Equity and Compliance to further investigate the claims. Plaintiffs were never made aware of the Office of Equity and Compliance as the system was a complete mess. Plaintiffs were never made aware of the resources available to them for sexual harassment claims during their time on campus. Whenever Plaintiffs did inquire about their claims by reporting

Yesner's conduct, they were intentionally led astray and dissuaded from investigating further and pursuing their claims. They were led to believe they had no claims at all as the University wanted to protect its reputation and bury the claims so as not to cause embarrassment. Plaintiffs thought that Yesner's behavior was something they had to endure as just odd and quirky behavior. They did not know they had suffered any type of injury.

It is only now through years of therapy and counseling and other factors that Plaintiffs realize they were sexually harassed and what happened to them was wrong.

Because of the discovery rule, the earliest date that Plaintiffs knew or by exercising reasonable diligence should have known of the facts giving rise to their claims was late 2017 and 2019. Plaintiffs' claims are tolled by the discovery rule. Defendants' Motion should be denied.

### IV. CONCLUSION AND PRAYER

For the reasons states above, Defendants' Motion to Dismiss should be denied in its entirety. In the alternative, Plaintiffs respectfully ask that Plaintiffs be afforded the opportunity to amend their pleading if the Court so orders. Plaintiffs seek all other relief to which they may be entitled.

DATED: January 10, 2020

Respectfully submitted,

By: */s/ Cornelia Brandfield-Harvey*
Anthony G. Buzbee
(*Admitted Pro Hac Vice*)
*Attorney in Charge*
Texas Bar No. 24001820
Federal Bar No. 22679
Cornelia Brandfield-Harvey
(*Admitted Pro Hac Vice*)
Texas Bar No. 24103540
Federal Bar No. 3323190
**THE BUZBEE LAW FIRM**
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
**CUSACK LAW, LLC**
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428

Charles Sturm
*(Admitted Pro Hac Vice)*
**STURM LAW PLLC**
Texas Bar No. 1511093
Federal Bar No. 21777
712 Main Street, Suite 900
Houston, Texas 77002
Tel: (713) 955-1800

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey