Anthony G. Buzbee (TX Bar No. 24001820)(*Admitted Pro Hac Vice*)
tbuzbee@txattorneys.com
Cornelia Brandfield-Harvey (TX Bar No. 24103540)(*Admitted Pro Hac Vice*)
cbrandfieldharvey@txattorneys.com
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300, Houston, TX 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
nicole@cusacklawak.com
CUSACK LAW, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428
Fax: (907) 222-5412

Charles Sturm (TX Bar No. 1511093)(*Admitted Pro Hac Vice*)
csturm@sturmlegal.com
STURM LAW PLLC
712 Main Street, Suite 900
Houston, TX 77002
Tel: (713) 955-1800

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, RANNA WELLS, NORMA JOHNSON, AND JANE DOE VI<br><br>*Plaintiffs,*<br><br>vs.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>*Defendants*. | Case No.: 3:19-cv-00136-HRH<br><br>**PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARIAL MOTION TO DISMISS** |

1
PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

Case 3:19-cv-00136-HRH Document 63 Filed 02/14/20 Page 1 of 10

# PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

COME NOW, Plaintiffs, and file this Sur-Reply in Opposition to Defendants University of Alaska Board of Regents and University of Alaska System's ("University of Alaska") ("Defendants") Partial Motion to Dismiss and would respectfully show this Court the following:

## UNIVERSITY OF ALASKA'S CONTINUED DISHONESTY

University of Alaska has continued to be dishonest with Plaintiffs and the community. Just recently, President of University of Alaska, Jim Johnsen, gave a televised interview on June 26, 2019 to respond to Plaintiffs' lawsuit and the University's Title IX problem at large. Mr. Johnsen admitted that "people have been damaged. I don't think there is any getting over these cases, especially the victims so **we are doing our very, very best to remedy what we can**."[1] Mr. Johnsen also apologized for the incidents and stated that the University will be supportive and relentless in dealing with these cases.

> "I'm sorry. I mean these are tragedies, right? They can't be fixed today so simply. People have been hurt. And we as an organization, we as people, can do our very best to help them, to grieve with them, but it's not fair. I don't think the system is fair yet, frankly. And it pains me to say that. That said, at the University of Alaska, anyway, we are going to be relentless in dealing with these cases and also as supportive and compassionate as we can be to the victims in these matters."[2]

Yet University of Alaska has not withdrawn their Motion to Dismiss.

---

[1] Daniella Rivera, "'People have been hurt': UA President Jim Johnsen discusses efforts to address Title IX complaints," KTVA (June 26, 2019), https://www.ktva.com/story/40713254/people-have-been-hurt-ua-president-jim-johnsen-discusses-efforts-to-address-title-ix-complaints.
[2] *Id.*

Infuriatingly and yet not surprisingly, Mr. Johnsen said that they still have not improved their policies to address these types of sexual assault and sexual harassment situations. **"I do not believe we have made any particular policy changes since then."[3]**

Besides University of Alaska's statute of limitations challenge to Plaintiffs' claims, they do not challenge that Plaintiffs' Second Amended Complaint states a claim for relief under Title IX—only that Plaintiffs' claims are time-barred. But dispute over the date of a cause of action accrues is a classic factual dispute that precludes 12(b)(6)-stage dismissal.[4] Thus, if the Court agrees that Plaintiffs have not "conclusively" pled themselves out of court, it should deny University of Alaska's motion. If University of Alaska wants to challenge Plaintiffs' allegations, it can do so at summary judgment but not on a motion to dismiss.

## STANDARD OF REVIEW

**A Rule 12(b)(6) motion is generally an "inappropriate vehicle" for dismissing a claim based upon a statute of limitations[5], and courts disfavor dismissing claims as untimely at the motion-to-dismiss stage.[6]** Ordinarily, a Fed. R. Civ. P. 12(b)(6) motion cannot be used to raise an affirmative defense.[7] Plaintiffs have no duty to plead facts negating an affirmative defense.[8] And although the statute of limitations provides an

---

[3] *Id.*

[4] "[T]he determination of when a cause of action accrues is to be decided by the trier of fact." *Kehoe Component Sales Inc. v. Best Lighting Prod., Inc.*, 933 F. Supp. 2d 974, 1016 (S.D. Ohio 2013) (*citing Dalesandro v. Ohio Dep't of Transp.*, No. 10AP–241, 2010 WL 5238609, at *3 (Ohio Ct. App. Dec. 16, 2010).

[5] *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

[6] *See Beco Dairy Automation, Inc. v. Glob. Tech Sys.,* No. 1:12-cv-01310 LJO SMS, 2015 U.S. Dist. LEXIS 13050 at *27 (E.D. Cal. Sep. 28, 2015).

[7] *Stanwyck v. Bogen (In re Stanwyck),* 450 B.R. 181, 190 (Bankr. C.D. Cal. 2011).

[8] *Id.*

affirmative defense, it does not create a jurisdictional defect that strips a court of authority to determine a plaintiff's claims.[9]

Dismissal based on statute of limitations is only appropriate if the complaint "shows conclusively on its face that the action is indeed time-barred."[10] Accepting the well-pleaded facts as true, as a court must,[11] Defendants' motion fails because Plaintiffs' Second Amended Complaint shows that Plaintiffs' Title IX claims accrued (with the exception of Jane Doe VI's claims which have no statute of limitations for felony sexual assault) only just recently or that Plaintiffs only discovered their claims against University of Alaska recently. Plaintiff Jane Doe I did not even know that Defendant Yesner had sexually suggestive photographs of her until the final report was released in March 2019.

Furthermore, "awareness, [of the existence of the injury and causation] does not mean actual knowledge; rather, all that must be shown is the existence of 'circumstances [that would lead a reasonable person to investigate further.'"[12] So even if Plaintiffs were aware that Yesner assaulted, harassed and injured them, they had no reason to know or suspect—until December 2017, at the earliest, when University of Alaska initiated an investigation—that University of Alaska's deliberate indifference to complaints and its unreasonable failure to take action contributed to their harassment and abuse or in their denial of educational benefits at University of Alaska.

---

[9] *See Whitehorn v. FCC*, 235 F. Supp. 2d 1092, 1096 (D. Nev. 2002).
[10] *See Neveau v. City of Fresno*, 392 F. Supp. 2d 1159. 1169 (E.D. Cal. 2005).
[11] *Id.*
[12] *Hernandez v. Baylor Univ.,* 274 F. Supp. 3d 602, 616 (W.D. Tex. 2017)(quoting *Piotrowski v. City of Houston,* 237 F.3d 567, 576 (5th Cir. 2001)).

4
PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

This means that it was not until December 2017, at the earliest, that Plaintiffs first knew University of Alaska could have—and should have—stopped or prevented their harassment but did not. Indeed, the case to which Defendants cite in their Reply actually helps Plaintiffs' argument. In *Reasner v. State Dep't of Health & Soc. Servs.,* the Supreme Court of Alaska held that

> **"under the discovery rule, the date on which a statute of limitations begins to run is a *question of fact*."**

394 P.3d 610, 616 (Alaska 2017), *amended* (May 19, 2017).

> **"While the need for the discovery rule is most apparent when a plaintiff's injury is undiscovered and reasonably undiscoverable, Alaska's formulation of the discovery rule is broad enough to cover other undiscovered and reasonably undiscoverable elements such as whether the cause of the injury was tortious. The discovery rule in tort suits protects plaintiffs whose injury is known but the cause is not reasonably discoverable during the limitations period."**

*Id.* at 615; *See Pedersen v. Zielski,* 822 P.2d 903, 907 (Alaska 1991).

And because disputes over a claim's accrual date is a classic factual dispute, University of Alaska gives this Court no choice but to deny its motion to dismiss.

## ARGUMENTS & AUTHORITIES

**A.     AS 9.10.065 does apply to Jane Doe VI's Title IX claims against the University.**

Defendants cite to *Reasner v. State*, 394 P.3d 610 (Alaska 2017) to say that Jane Doe VI's felony sexual assault claims do not apply to University of Alaska and therefore she can not avail herself of the AS 9.10.065 statute. This law states that that there is no statute of limitations deadline for claims of felony sexual assault. However, the *Reasner* case did not involve Title IX claims which is what Plaintiff Jane Doe VI alleges in the

5
PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS

Complaint. **Title IX does not explicitly provide a statute of limitations.**[13] **Accordingly, Courts have applied the most applicable state statute of limitations**[14]. Here, Jane Doe VI's claim is for felony sexual assault which carries no statute of limitations pursuant to AS 9.10.065. Therefore, the Court must apply the state statute of limitations for Jane Doe VI's Title IX claim which is the AS 9.10.065 law. Jane Doe VI's claims for Title IX against the University are thus timely.

**B.    Regardless, Plaintiffs allege they did not discover the existence of their claims against University of Alaska until recently.**

Under the federal discovery rule, "the statute of limitations begins to run when a reasonable person knows, or in the exercise of due diligence should have known, both his injury *and the cause of that injury.*"[15] Here, that cause is University of Alaska, which Plaintiffs could not have known until December 2017 because University of Alaska kept its involvement and enablement a secret.

In *Hernandez v. Baylor University*,[16] the Western District of Texas declined to dismiss plaintiff's Title IX claims as untimely when she alleged that she first became aware of the university's deliberate indifference to a known issue of sexual misconduct within its football program four years after the university football player assaulted her—when a law firm investigating the university's handling of sexual-assault allegations released its

---

[13] *See Kunzi v. Ariz. Bd. of Regents*, No. CV-12-02327-PHX-JAT, 2013 U.S. Dist. LEXIS 167181 at *6-7 (D. Ariz. Nov. 25, 2013).
[14] *Id.; see also Stanley v. Trs. of the Cal. State Univ.*, 433 F.3d 1129 (9th Cir. 2006) ("Title IX does not expressly provide any statute of limitations. Because a Title IX suit is a civil rights action, the court borrows the most appropriate state statute of limitations."
[15] *See also Cook v. Sibjet*, CV. No. 98-669-HA, 2000 U.S. Dist. LEXIS 20908 (D. Or. Dec. 15, 2000).
[16] *Hernandez,* 274 F. Supp. 3d 602 (W.D. Tex. 2017).

report.[17] Although the plaintiff knew she had been assaulted and that the perpetrator had assaulted other women, the court believed it was reasonable to infer that her claims did not accrue until later investigations publicly revealed that the university knew and could have prevented her assault.[18]

Here, Plaintiffs' situation is similar to the Plaintiff's in *Hernandez,* except Plaintiffs in this case did not know they had been harassed and sexually assaulted until years later. University of Alaska hired an outside law firm to conduct an investigation into the claims made against Professor Yesner in December 2017. The report was not released until March 2019. Plaintiffs first became aware of the university's deliberate indifference to a known issue of sexual misconduct within the Anthropology department years after Yesner assaulted and harassed them—when a law firm investigating the university's handling of sexual-assault and harassment allegations released its report.

University of Alaska affirmed Plaintiffs' belief that nothing was wrong by continuing to maintain Yesner as a Professor and continuing to allow him to teach students on campus. For this reason, Plaintiffs had no reason to suspect or to further investigate any claims regarding University of Alaska's actions—or lack thereof—until University of Alaska initiated a full-blown investigation in December 2017.

---

[17] *Id.* at 617 (denying motions to dismiss pre-assault Title IX claims based on a statute of limitations defense, holding that, based on allegations, plaintiff "had no reason to suspect that Baylor's alleged deliberate indifference played a role in her assault," where Plaintiff did not learn of university's role in causing her sexual assault until law firm hired to investigate university's handling of sexual assaults released findings years later); *see also Doe 1 v. Baylor Univ.,* 240 F. Supp. 3d 646, 663. (W.D. Tex. 2017) (same); *T.R. v. Boy Scouts of America,* 181 P.3d 758, 766 (Or. 2008) (where plaintiff was sexually abused by a police officer, the date when plaintiff's federal civil rights claim against city began to accrue was a question for jury, and it was reasonable for jury to conclude that claim accrued when plaintiff discovered from news coverage the city's role in causing sexual abuse by police officer).
[18] *Hernandez,* 274 F. Supp. 3d at 616-617.

But even if Plaintiffs had investigated into Yesner's conduct further, they would have run into a giant road block placed by the University and would have been reassured by the University as they had been time and time again that "that's just Yesner being Yesner", "That's your story. I bet Yesner has something else he would say," or "don't believe the stories." Furthermore, their investigations would have been futile considering the virtues and commendations that University of Alaska bestowed upon David Yesner, going so far as to award him emeritus status upon retirement despite the Plaintiffs' initial objections.

Plaintiffs' Second Amended Complaint alleges that University of Alaska's failures occurred in December 2017 and March 2019 or were only discoverable in December 2017 and March 2019, meaning Plaintiffs' claims are not time-barred.

## **CONCLUSION AND PRAYER**

If University of Alaska believes Plaintiffs knew or should have known sooner, then let University of Alaska demonstrate this in discovery. But to extinguish Plaintiffs' claims now—particularly when the law permits claims as pled—simply devastates the victims even more. For the reasons stated above, Defendants' Motion to Dismiss should be denied in its entirety.

DATED: February 14, 2020

8
PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS
Case 3:19-cv-00136-HRH Document 63 Filed 02/14/20 Page 8 of 10

Respectfully submitted,

By: */s/ Cornelia Brandfield-Harvey*
Anthony G. Buzbee
(*Admitted Pro Hac Vice*)
*Attorney in Charge*
Texas Bar No. 24001820
Federal Bar No. 22679
Cornelia Brandfield-Harvey
(*Admitted Pro Hac Vice*)
Texas Bar No. 24103540
Federal Bar No. 3323190
**THE BUZBEE LAW FIRM**
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
**CUSACK LAW, LLC**
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428

Charles Sturm
*(Admitted Pro Hac Vice)*
**STURM LAW PLLC**
Texas Bar No. 1511093
Federal Bar No. 21777
712 Main Street, Suite 900
Houston, Texas 77002
Tel: (713) 955-1800

**ATTORNEYS FOR PLAINTIFFS**

# CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey