Danielle M. Ryman
DRyman@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF
ALASKA SYSTEM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, JOANNA WELLS, NORMA JOHNSON, AND JANE DOE VI,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

**DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY IN OPPOSITION TO DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO DISMISS**

Defendants University of Alaska Board of Regents and University of Alaska System (collectively, "the University"), by and through their attorneys, Perkins Coie LLP, hereby reply to Plaintiffs' Sur-Reply in Opposition to Defendants' University of

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
147232096.1
-1-
Case 3:19-cv-00136-HRH   Document 66   Filed 03/06/20   Page 1 of 9

Alaska Board of Regents and University of Alaska System Partial Motion to Dismiss. The Motion-Plaintiffs' sur-reply does not raise any new arguments that should compel this court. Rather, the arguments they advance and the cases they rely upon further show their claims to be time-barred and support the University's motion.

## I. ARGUMENT

### A. AS 09.10.065 does not apply to Jane Doe VI's Title IX claims.

Jane Doe VI incorrectly argues that *Reasner v. State*, 394 P.3d 610 (Alaska 1991) does not apply because her claims lie under Title IX. That is precisely why *Reasner* applies and it demonstrates that the extended limitations period provided in the statute is inapplicable here.

AS 09.10.065 allows a person to bring a suit "at any time *for conduct* that would have, at the time the conduct occurred, violated provisions of any of" five listed felony offenses, including felony sexual assault. *See Reasner* at 616. [emphasis added]. The question the *Reasner* court resolved is whether suit asserting application of AS.09.10.065 was "for conduct" that amounted to felony sexual abuse of a minor. There, the plaintiff, a minor sexually assaulted by an adopted family member under a placement by the Office of Children's Services (OCS), sued OCS for negligence in failing to protect her. In holding that the claim against OCS was *not* subject to the extended limitations period

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
147232096.1

-2-

provided in AS 09.10.065, the court found that the plaintiff's negligence claim against OCS was not "for conduct" that would constitute a felony sexual assault. Rather, her claim was "for" the negligent conduct of OCS. This analysis applies to the case at hand.

Jane Doe VI's Title IX claims are for the University's deliberate indifference to: (1) her alleged reports of sexual harassment and assault; (2) hostile environment; and (3) retaliation by Yesner. None of these theories of liability under Title IX are "for conduct" constituting a felony sexual assault. Jane Doe VI's Title IX claims are for the University's alleged failure to act and/or inadequate action with regard to notice she claims to have provided to the University about Yesner's conduct. Her claims are of a similar nature to the negligence theory asserted by the plaintiff in *Reasner* against OCS in that they relate to underlying sexual assault but are not claims "for" the sexual assault. As the claims are not "for conduct" that would constitute felony sexual assault, AS 09.10.065 does not apply. This court should apply the rationale of the *Reasner* court and decline to broaden the application of AS 09.10.065 to Title IX claims since they are not claims "for conduct" constituting a felony sexual assault.

**B. Motion-Plaintiffs incorrectly rely upon *Hernandez v. Baylor University*, which supports the University's arguments that their pre-harassment and post-harassment claims are time-barred.**

Motion-Plaintiffs mistakenly rely on *Hernandez v. Baylor University,* 274 F.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
147232096.1

-3-

Supp.3d 602 (W.D. Texas 2017) which undermines every one of their remaining arguments. In *Hernandez,* a former female student of Baylor University alleged that she was sexually assaulted by a football player at an off-campus party and brought Title IX claims against the University football coach and former athletic director. The plaintiff alleged two types of Title IX claims: (1) that the University was deliberately indifferent in responding to her claims of sexual assault (referred to as "post-assault" or "post-harassment claims"); and (2) that the University had actual notice of the threat posed by the football player and was deliberately indifferent to that threat (referred to as "pre-assault" or "pre-harassment claims"). Baylor University moved under Rule 12(b)(6) to dismiss the plaintiff's pre-assault and post-assault claims as time-barred under the applicable two-year statute of limitations. The *Hernandez* court's analysis supports the arguments asserted by the University for several reasons.

First, the *Hernandez* court properly considered the defendant's 12(b)(6) motion asserting a statute of limitations defense. The court correctly noted that "[a] motion to dismiss may be granted on a statute of limitations defense where it is evident from the pleadings that the action is time-barred and the pleadings fail to raise some basis for tolling." *Hernandez* at 615 (citing *Taylor v. Bailey Tool Mfg.Co.,* 744 F.3d 944, 945 (5th Cir. 2014)); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-4-

147232096.1

Contrary to Motion-Plaintiffs' argument in their sur-reply, this court can decide the University's 12(b)(6) Motion to Dismiss because it is evident from the pleadings that their claims are time-barred.

Second, to the extent Motion-Plaintiffs' assert "pre-harassment" claims under Title IX, their reliance on *Hernandez* for the argument that these claims are timely is also misplaced.[1] In *Hernandez,* the court concluded that it was not evident from the pleadings that the plaintiff's pre-assault claims were time-barred. The court reached this conclusion based on facts distinguishable from those here and in so doing the *Hernandez* court pointed to facts which support the University's arguments. In *Hernandez*, the plaintiff had been sexually assaulted by another student and the plaintiff had no reason to suspect that Baylor's alleged deliberate indifference played a role in her assault. *Hernandez* at 617 (citing *King-White v. Humble Independent School Dist.*, 803 F.3d 754 (5th Cir. 2015)(holding student's Title IX claims time-barred in case involving a student allegedly abused by a teacher because she "knew the teacher was employed by the school, knew of the abuse, and knew the school had failed to stop the abuse - which at the least would

---

[1] It is not apparent on the face of the complaint whether the plaintiffs assert pre-assault claims. The University does not by this pleading or its arguments here, concede that such a claim exists or that they have properly pled such claims. Rather, the University addresses pre-assault claims under *Hernandez* for the purpose of demonstrating that if such claims are pled, they are time-barred.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
147232096.1

-5-

have led a reasonable person to investigate further."))  Conversely here, the Motion-Plaintiffs' Title IX claims lie against a professor who they knew was employed by the University.  Their complaint alleges that he sexually harassed them prior to May 14, 2017.  The Motion-Plaintiffs also allege that they had sufficient information prior to May 14, 2017, to suspect that he also sexually harassed others.

The Motion-Plaintiffs' complaint is replete with allegations that Professor Yesner sexually harassed, more than once, and over a period of time, and that the University was aware of and deliberately indifferent to it.  They cannot claim that they had no notice of conduct that would have prevented their harassment:

- Dutchuk alleges that in 2016, after reporting Yesner's sexual harassment, she was told to switch advisors (Docket No. 47 at ¶ 17) and was told by University personnel that it was "David being David."  *Id.* at ¶ 24.  Dutchuk also alleges that Yesner made sexually suggestive comments to her back in 2010.  ¶ 44

- Wells alleges that she and others were sexually harassed by Yesner in 2013, 2014, and 2015.  *Id.* at ¶¶ 100 - 104.

- Johnson alleges that she knew of an unspoken rule that females should not put themselves in a position of being alone with Yesner.  ¶ 120.

- Jane Doe VI alleges harassment from Yesner began in 1989 and continued for

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-6-

147232096.1

years. ¶ 127.

From the face of the complaint, Motion-Plaintiffs each allege conduct by Yesner that should have put them on notice to further investigate a potential claim against him and the University before May of 2017.

Third, Motion-Plaintiffs' post-harassment claims under Title IX are likewise time-barred and the *Hernandez* decision supports this conclusion as well. The *Hernandez* court pointed to the fact that the plaintiff knew of her post-injury reporting, that Baylor failed to intervene, and knew the university had actual knowledge of her assault prior to the time period for filing a claim under Title IX. As the University argued at Docket 54 and 58 with citation to the complaint, Motion-Plaintiffs' Title IX claims are based on Yesner's harassment and the University's alleged indifference to it prior to May 14, 2017. Thus, their claims based on post-harassment or post-reporting conduct by the University are time-barred.

Lastly, the Motion-Plaintiffs' incorrectly rely on *Hernandez* for the argument that an investigation report supports tolling of the statute of limitations on equitable estoppel and fraudulent concealment grounds. Motion-Plaintiffs inexplicably argue that they did not know that they had been harassed or sexually assaulted until an investigation report issued in March 2019. Their sur-reply conflates the interview by President Johnsen and

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-7-

147232096.1

incorrectly asserts that comments made in the interview were in specific response to the present lawsuit. The interview does not support a tolling argument.

As in *Hernandez*, the Motion-Plaintiffs rely on an investigation report in arguing that the University failed to inform them of the law. The *Hernandez* court expressly rejected such an argument because alleged concealment of the law cannot provide a basis for tolling under a fraudulent concealment theory. Likewise, the Motion-Plaintiffs' equitable estoppel theory fails because they cannot claim that they did not know of the conduct that forms the basis of their complaint. The complaint contains allegations of alleged sexual harassment/assault that they knew of and claim to have reported, all of which occurred prior to May 14, 2017. It defies logic for Motion-Plaintiffs to assert in their complaint more than 100 paragraphs of actions undertaken by Yesner directly toward them and now claim that they did not know that they were sexually harassed. The complaint alleges full knowledge and understanding of the facts that support their claims, and the 2019 investigation report did not reveal concealed facts that will now resurrect claims they could have and should brought prior to the statute of limitations.

## II. CONCLUSION

The Motion-Plaintiffs' sur-reply provides the court with no new persuasive arguments, and the University asks that the court dismiss their untimely Title IX claims.

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
147232096.1

-8-

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DATED: March 6, 2020.

**PERKINS COIE LLP**

s/Danielle M. Ryman
Danielle M. Ryman, Alaska Bar No. 9911071

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF ALASKA
SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

s/ Danielle M. Ryman

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' REPLY TO PLAINTIFFS' SUR-REPLY
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
147232096.1

-9-

Case 3:19-cv-00136-HRH   Document 66   Filed 03/06/20   Page 9 of 9