Stacy L. Walker
Laura J. Eakes
Walker & Eakes, LLC
329 F Street, Suite 200
Anchorage, AK 99507
Phone (907) 272-9255
Facsimile (907) 272-9256
stacy@walkereakes.com
laura@walkereakes.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, JOANNA WELLS, NORMA JOHNSON, and JANE DOE VI,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF, ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

**MOTION FOR PARTIAL SUMMARY JUDGMENT**

Comes now defendant and third party plaintiff DAVID YESNER, by and through counsel Walker & Eakes, and hereby moves for PARTIAL SUMMARY JUDGMENT on its third party complaint and for an order that defendant and third-party Defendant University of Alaska pay Yesner's attorney fees pursuant to the duty of defense imposed by rule and statute upon the University.

As this case has moved through the initial stages of pleading, it's been consistently clear that the plaintiffs are suing in part on the theory that Dr. Yesner's alleged tortious behavior was done within the scope of his employment under Alaska law. The University has recognized its obligation under rule and statute to defend and indemnify those who commit torts while within the scope of employment. But it has recognized only a limited obligation to pay for only a small portion of Dr. Yesner's legal defense, and satisfied none of even that obligation. The case law is very clear. To determine the scope of the duty of defense, the allegations against the indemnitee are taken as true and correct. Declaring that the allegation is meritless and refusing to provide defense, as the University has done in this case, is not a permissible option. The allegation that Dr. Yesner acted within the course and scope of his employment, thereby subjecting the University to vicarious liability for his alleged actions, is sufficient to give rise to a full duty to defense. And it is not permissible to agree to pay for only defense costs associated with one aspect of the case. The duty to defend applies to the entire defense. For these reasons, partial summary judgment should be granted to Yesner on the question of the duty to defend. The University should be ordered to pay the defense costs both past and future which Dr. Yesner has incurred. The question of indemnity is obviously unripe at this time.

A.   **Factual Background.**

This case arises out of alleged misconduct by Dr. Yesner. For purposes of this motion, and for purposes of determining the duty to defend, we will not be disputing the truth of the facts presented. The majority of the alleged misconduct took place either on the job or ancillary to official archeological projects. The plaintiffs allege, among other things, that:

Dutchuk et al v Yesner et al, Case No. 3:19-cv-00136-HRH
Motion for Partial Summary Judgment
Page **2** of **12**
Case 3:19-cv-00136-HRH   Document 68   Filed 04/10/20   Page 2 of 12

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

--The University officials repeatedly ignored their complaints about Yesner's workplace behavior. Second Amended Complaint at p. 1-8.

--The University rewarded Yesner for his alleged workplace sexual harassment by promoting him and even attempting to give him emeritus status. Id. at para. 23.

--Plaintiff Dutchuck was allegedly harassed by Yesner while at the UAA Anthropology Lab. Id. at para. 43.

--Yesner allegedly allowed a known predator access to a field school site while on the job. Id. at para. 45.

--Yesner would take photographs improperly and in a harassing manner at dig sites while on the job. Id. at para. 47.

--Yesner used the authority of his position at the University to retaliate against Dutchuck. Id. at para. 50 et seq.

--Yesner used his University computer to keep improper photographs and harass Dutchuck. Id. at para. 52.

-- Yesner invaded the privacy of Dutchuck and put her in a false light while on the job. Id. at p 59-59.

-- Yesner harassed plaintiff Hepner while engaging in various University duties such as grading papers. Id. at para. 63-65.

--Yesner harassed Hepner by choosing a sexually suggestive photo during University activities. Id. at para. 71.

--Yesner exposed Hepner to pornography on his University computer at the University. Hepner specifically claims she was "forced to view pornography in an educational setting." Id. at para. 76.

--Yesner used his position to retaliate against Hepner in the University setting, using his position. Id. at para. 83 et seq.

--Yesner harassed plaintiff Ortiz during the necropsy of a bear at the University. Id. at Para 94.

--Yesner harassed plaintiff Ortiz during a class. Id. at para. 96.

--Yesner harassed plaintiff Wells on campus during educational activities. Id. at para. 100 et seq.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Dutchuk et al v Yesner et al, Case No. 3:19-cv-00136-HRH
Motion for Partial Summary Judgment
Page 3 of 12
Case 3:19-cv-00136-HRH   Document 68   Filed 04/10/20   Page 3 of 12

--Yesner used his University position to retaliate against Wells. Id. at para 114 et seq.

--Yesner harassed and assaulted plaintiff Jane Doe VI in the classroom while teaching. Id. at para. 128 et seq.

--The University is vicariously liable for the actions of Yesner under master-servant law. Id. at para. 194.

Beyond these specific allegations, the basis of the plaintiffs' case is that Dr. Yesner was using his position at the University both directly and indirectly to harass and retaliate against them. There is, of course, a factual dispute about whether his alleged misconduct was within the scope of his employment. If it was, then pursuant to paragraph 194 and the prayer for relief, the University is vicariously liable for his actions. There does not seem to be a dispute about the underlying obligation. Rather, there is a dispute about what that obligation entails when it comes to providing a defense for Dr. Yesner.

While most issues of defense and indemnity are a matter of contract, in this case the University owes these obligations under code. As the statute specifies:

> The Board of Regents shall insure or indemnify and protect the Board of Regents, any member of the Board of Regents, or any agent or employee of the University of Alaska or of the Board of Regents against financial loss and expense, including reasonable legal fees and costs arising out of any claim, demand, suit, or judgment by reason of alleged negligence, alleged violation of civil rights, or alleged wrongful act resulting in death or bodily injury to any person or accidental damage to or destruction of property, inside or outside the university premises, if the Board of Regents member, agent or employee, at the time of the occurrence, was acting under the direction of the Board of Regents within the course or scope of the duties of the member, agent, or employee.

AS 14.40.175. We will discuss this statute in detail below, along with the Regent's policy, which states that:

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

> The board will defend, indemnify and hold harmless all of its officers and employees, including the board and members of policy advisory councils, from any and all liability or damage arising out of acts on behalf of the university done within the course and scope of duty.

See P01.02.040 [EXHIBIT A]. Finally, the University bylaws state:

> The board will defend, indemnify and hold harmless... university officers and employees.... from any and all liability or damage arising out of acts on behalf of the board and the university performed within the course or scope of their official duties.

See BL13 [EXHIBIT B]. In sum, we have a complaint which alleges that an employee of the University committed acts of sexual harassment, intentional torts and retaliation against students all while on the job and using the tools afforded him by his employment. And the University has an obligation to defend those employees who face civil actions for actions done within the scope of their duties.

The University has responded by rejecting almost all of its obligation to defend Dr. Yesner. Its counsel has agreed that the code and bylaw provisions cited above control its obligation to defend and indemnify. See Letter of Michael Hostina dated June 7, 2019 [EXHIBIT C]. However, the University has taken the position that there is no duty to defend if the "employee's action exceed the course or scope of his duties." Id. at 1. The University then laid out its substantive arguments as to why Dr. Yesner's alleged actions are not within the scope and course of his job as a professor. Id. at 2-3. The University agreed only to defend on the claim of the invasion of privacy claim, since the University believed the use of a photograph on a poster could fall within the course and scope. Id. at 4. But the University only agreed to pay defense costs on the portion of defense fees incurred on that particular action. Id. As we shall review below, the University grossly misconstrues the nature of the duty to defend. Both by limiting that duty according to its

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

own belief as to which claims will be ultimately viable and by agreeing to pay only a fraction of defense costs when it has acknowledged a duty to defend on at least one set of claims.

## B. The Obligations Of the University To Defend Employees.

The statute cited above, AS 14.40.175, is part of the University of Alaska enabling legislation, and has been in place since 1978. The obligation in the provision is clear--to "insure or indemnify and protect." Id. The scope of the obligation is also clear, and includes any "any agent or employee of the University of Alaska." Id. The provision is mandatory, and "shall" be triggered by any act of negligence or wrongful act. Id. These terms are not specifically defined, and accordingly are to be interpreted in light of "the plain meaning of the statute, the legislative purpose, and the intent of the statute." State, Dep't of Commerce, Cmty. & Econ. Dev., Div. of Ins. v. Alyeska Pipeline Serv. Co., 262 P.3d 593, 597 (Alaska 2011) (citation omitted). The plainer the statute's meaning on its face, "the more convincing the evidence of contrary legislative purpose or intent must be" to override it. Id.

There is no specific case law on this statute, but it is substantially similar to other statutes protecting other types of public employees. See, e.g., AS 14.12.11 (teachers); AS 47.30.011(c)(4) (Mental health trust authority employees). All of these statutes have the same obligation to " insure or indemnify and protect." The inclusion of the word "or" suggests that these are alternate means of satisfying the obligation. Which, in turns, strongly suggests that the purpose of the statute is to make certain that those covered by the indemnity provision are protected one way or the other. If the State entity itself does not insure the employee for the covered losses, that entity must "indemnify and protect"

Dutchuk et al v Yesner et al, Case No. 3:19-cv-00136-HRH
Motion for Partial Summary Judgment
Page **6** of **12**
Case 3:19-cv-00136-HRH   Document 68   Filed 04/10/20   Page 6 of 12

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

the employee. This is in keeping with Illinois precedent, in interpreting identical language in that state's code. See Beckus v. Chicago Bd. of Ed., 397 N.E.2d 175, 177 (Ill. App. Ct. 1979) (concluding that "The Board could choose either to purchase insurance or to indemnify itself.").

While there is an insurance policy, the carrier has rejected the tender of defense for Dr. Yesner. See Letter of Ejaita Ogboru dated August 9, 2019 [EXHIBIT D]. In addition, the University's refusal to defend has left Dr. Yesner to fund his own defense, in direct contravention of the statute. As noted above, the University's only defense to this situation has been that it does not believe that Dr. Yesner was acting within the scope of his employment duties at the time of the events in question. As we shall see, the potential for victory in the case does not in any way diminish the obligation to defend. Even if the University's conclusion is correct and no indemnity is owed, there must still be a defense so long as there are pending claims alleging that Dr. Yesner was committing his torts within the scope of employment. The University's refusal to defend is meritless.

### C. The Scope Of The Duty To Defend And Its Application.

As an initial matter, it is important to recall that our high court has separated the duties of defense and indemnity. See, e.g., Hoffman Const. Co. of Alaska v. U.S. Fabrication & Erection, Inc., 32 P.3d 346, 352 (Alaska 2001). The duty to defend is broader than the duty to indemnify, and is "triggered merely by claims of injury that fall within the scope of the indemnity clause, requiring a defense for the indemnitee and requiring the indemnitor to provide that defense." Id. Once triggered as to any claim, the duty to defend requires defense on all claims--not merely the claim which falls within the

scope of the indemnity clause. See Stephan & Sons, Inc. v. Municipality of Anchorage, 629 P.2d 71, 76–77 (Alaska 1981) ("Thus, despite the identity of language here, we see nothing inconsistent in ruling that there is a duty to defend at all points of the case during which there is a claim for injury arising or resulting from the construction work"). And the duty to defend continues "as long as the principal case continues to include a cause of action" within the scope of the indemnity obligation. Hoffman at 352. For these purposes, the allegations of the complaint must be taken as true. Id. It is improper to reject a tender of defense because the indemnitor believes that the allegations are incorrect or intends to dispute them. Id. ("This means that, for the duty of defense, the "true facts" are irrelevant; a duty to defend can be found even if there are genuine issues of material fact concerning liability for the plaintiffs' injuries."). The ultimate resolution of the suit will impact the separate obligation to indemnify, of course, but until the claims are resolved or dismissed, the duty to defend continues. See Stephan & Sons, Inc. 629 P.2d at 76–77.

As we have reviewed, the plaintiffs have alleged that Dr. Yesner committed torts while on the job and while using the authority granted to him by his University position. The University disputes that it is liable for any of his actions. Broadly, there are three potential outcomes to this dispute depending on the jury's decisions. First, the jury could find that some or all of Dr. Yesner's alleged misconduct was far removed from the scope of employment and therefore not impose vicarious liability on the University. See, e.g., Luth v. Rogers and Babler Construction Company, 507 P.2d 761 (Alaska 1973) (laying out the Restatement of Agency factors). The jury could find that all or some of Dr. Yesner's actions were within the scope of employment. See Doe v. Samaritan Counseling

Dutchuk et al v Yesner et al, Case No. 3:19-cv-00136-HRH
Motion for Partial Summary Judgment
Page **8** of **12**
Case 3:19-cv-00136-HRH    Document 68    Filed 04/10/20    Page 8 of 12

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Ctr., 791 P.2d 344, 348 (Alaska 1990) (finding that therapist's sexual contact could be considered within the scope of employment.). Or, alternately, the jury could find that the misconduct was outside the scope of Dr. Yesner's employment, but find vicarious liability on other grounds. See Norcon, Inc. v. Kotowski, 971 P.2d 158, 172 (Alaska 1999) (discussing the concept of "aided in agency").

As stated in its response, the University firmly believes that Dr. Yesner was not within the scope of his employment during the times he allegedly harassed the plaintiffs, or when he supposedly retaliated. See Letter of June 7, 2019 [EXHIBIT C]. But the potential that he will be found to have acted outside the scope of his employment does not, and cannot, give the University leave to avoid the duty to defend. Such a position would all but negate the duty to defend, and allow indemnitors of all types to simply declare allegations meritless. The case law makes it clear that the duty to defend does not turn on the "true facts" or the legal merit of the claims. Indeed, it requires the indemnitor to put its money where its proverbial mouth is and defend the indemnitee against meritless claims to presumably have them struck or dismissed. If the claims are eliminated, the duty to indemnify is resolved. What the indemnitor with a duty to defend cannot do is sit back and wait until the duty to indemnify is triggered, only then paying for the fees. Full fees are due and owing with indemnity even absent a duty to defend, so the University's reading of its obligation to defend would render all duty to defend obligations empty and pointless. See, e.g., Koehring Mfg. Co. v. Earthmovers of Fairbanks, Inc., 763 P.2d 499, 509 (Alaska 1988) ("Koehring's obligation to indemnify Earthmovers includes attorney's fees"); Heritage v. Pioneer Brokerage & Sales, Inc., 604 P.2d 1059, 1067 (Alaska 1979) ("Thus, we hold that where indemnification is required,

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Dutchuk et al v Yesner et al, Case No. 3:19-cv-00136-HRH
Motion for Partial Summary Judgment
Page **9** of **12**
Case 3:19-cv-00136-HRH   Document 68   Filed 04/10/20   Page 9 of 12

and the indemnitor has been given proper notice of the pending litigation and an adequate opportunity to undertake its duty to defend, the indemnitee is entitled to recover full costs and attorney's fees for the expenses of its successful defense of the action giving rise to the claim for indemnity"). As discussed above, the duty to defend requires something more than simply waiting to see if any of the allegations pan out, and only ten paying for incurred fees.

There is no direct case law from Alaska to guide us. However, in a comparable case, an employee of the University of New Haven police department was sued for intentional torts. See <u>Montefusco v. Univ. of New Haven Police Dep't</u>, 2005 WL 1331817, at *1 (Conn. Super. Ct. May 13, 2005) [EXHIBIT E]. The situation is similar to ours, and the University in that case also refused to defend based on its opinion of whether the employee was operating within the course and scope. Id. The court rejected these arguments and held:

> Since the mere possibility that Montefusco was acting within the scope of employment is sufficient to trigger the duty to defend under the policy, it appears that United Educators has predetermined this issue, at least as to Montefusco, without the benefit of a trial. Under all the circumstances, it appears that UNH did not make the decision committed to it under its insurance policy but rather allowed United Educators to make the decision for it. As expressed in Steel's letter of April 15, 2002, the decision to deny coverage was based on the improper consideration of whether UNH would ultimately be required to indemnify Montefusco for any verdict delivered against him. For this reason and all the foregoing reasons, the plaintiff's motion for summary judgment is granted and the defendants' motions for summary judgment are denied.

<u>Id</u>. The same holds true for our case. The University cannot rely on its own belief in the question of scope of employment to deny its obligation to defend. And accordingly, summary judgment on the cross-claim should be granted in favor of Dr. Yesner.

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Dutchuk et al v Yesner et al, Case No. 3:19-cv-00136-HRH
Motion for Partial Summary Judgment
Page **10** of 12
Case 3:19-cv-00136-HRH   Document 68   Filed 04/10/20   Page 10 of 12

## Conclusion

There appears to be no disagreement about the University's basic obligation to defend and indemnify Dr. Yesner. He was working during almost all of the alleged misconduct. His alleged actions and retaliation went hand-in-glove with his work for the university. And the plaintiffs have claimed that the university is vicariously responsible for all of the damages he allegedly caused. The question of whether and to what extent Dr. Yesner was operating with the course and scope of his employment duties will be a primary issue for the jury. But the University, as indemnitor, cannot preemptively decide these claims are nonsense and thereby end its obligation to defend. The admission that it owes defense on at least one point obligates the University to defend on all of them. And it's clear that its obligation to defend arises from the suit as a whole, not from the single claim for invasion of privacy. Accordingly, summary judgment on the cross-claim should be granted in Dr. Yesner's favor, and the University should be ordered to pay back his incurred defense costs as well as all reasonable fees going forward until such time as the case is resolved.

DATED this 10th day of April, 2020, at Anchorage, Alaska.
          Walker & Eakes, LLC
          Attorney for Defendant
          DAVID YESNER

         By: s/Stacy Walker
           Stacy L. Walker
           Alaska Bar No. 0005014

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256

Dutchuk et al v Yesner et al, Case No. 3:19-cv-00136-HRH
Motion for Partial Summary Judgment
Page **11** of **12**
Case 3:19-cv-00136-HRH   Document 68   Filed 04/10/20   Page 11 of 12

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 10th day of April 2020 by:

    _x_: Mail
    ___: Email
    ___: Hand Delivery
    ___: Courier
    _x_: ECF Distribution

To the following persons:

Anthony G. Buzbee
Cornelia Brandfield-Harvey
The Buzbee Law Firm
600 Travis Street, Suite 7300
Houston, TX 77002

Nicole C. Cusack
Cusack Law, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507

Charles Sturm
Sturm Law PLLC
712 Main St, Suite 900
Houston, TX 7700
***Served Via U.S. Mail Only***

Danielle Ryman
Perkins Coie LLP
1029 W 3rd Ave Ste 300
Anchorage AK 99501

_____
    Walker & Eakes, LLC

180.533/pldgs/2020-04-10 Yesner Mtn PSJ

Walker & Eakes LLC
329 F Street, Suite 200
Anchorage, Alaska 99501
PH: (907) 272-9255
FAX: (907) 272-9256