Michael Hostina
General Counsel

Matthew Cooper
Associate General Counsel

Andy Harrington
Associate General Counsel

Rachel Plumlee
Associate General Counsel

Dana Merriman
Associate General Counsel



UNIVERSITY of ALASKA
Many Traditions One Alaska

203 Butrovich Building
P.O. Box 755160
Fairbanks, Alaska 99775-5160
Telephone: (907) 450-8080
Facsimile: (907) 450-8081
Legal@alaska.edu


RECEIVED
JUN 1 2 2019
BY:___

June 7, 2019

**VIA E-MAIL: STACY@WALKEREAKES.COM**

Stacy Walker
Walker & Eakes LLC
329 F St #200
Anchorage, AK 99501

Re:  *Doe v. Yesner, et al.*; 3:19-cv-00136-HRH

Dear Ms. Walker:

This letter responds to your tender of defense to the University of Alaska in the above-referenced litigation.[1] The lawsuit, brought by five Jane Doe plaintiffs, names Yesner as a defendant on three claims: (1) assault and battery; (2) intentional infliction of emotional distress ("IIED"); and (3) invasion of privacy. As explained in more detail below, the University has no obligation to defend—and it declines to defend—Yesner on the assault and battery claim, the IIED claim, and Jane Doe I's invasion of privacy claim. The University will defend[2] Yesner on Jane Doe II's invasion of privacy claim which alleges that Yesner selected a sexually suggestive photograph of her from her Instagram account to use on a poster noticing her thesis defense.

### I.  The nature of the University's defense obligations

The University's obligation to defend its employees comes from three sources: (1) AS 14.40.175; (2) Bylaw 13 of the Board of Regents; and (3) Regents' Policy 01.02.040.[3] These sources vary in scope and language, but they all require, at a minimum, that claims arise from actions taken by an employee in the course or scope of his duties. If an employee's actions exceed the course or scope of his duties, the University has no defense obligation.

In the context of vicarious liability issues, Alaska courts look to factors in the Restatement (Second) of Agency to evaluate whether conduct is within the course and scope of employment.

---

[1] Your request did not reference indemnity, and the University reserves its rights to dispute any request for indemnity if and when it becomes necessary.
[2] Defense is subject to the limitations specifically discussed below.
[3] The Bylaws and Policies can be accessed at: https://www.alaska.edu/bor/policy-regulations/.

144605418.2

Stacy Walker
Re: *Doe v. Yesner, et al.*; 3:19-cv-00136-HRH
June 7, 2019
Page 2

*E.g., Laidlaw Transit, Inc. v. Crouse ex rel. Crouse*, 53 P.3d 1093, 1098 (Alaska 2002). Under the Restatement, an employee's conduct is within the scope of employment if:

> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master, and
> (d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

Restatement (Second) of Agency § 228. These factors are not exclusive. *See, e.g., Ayuluk v. Red Oaks Assisted Living, Inc.*, 201 P.3d 1183, 1197–98 & n.31 (Alaska 2009). And while Alaskan courts have not strictly required that all factors be present, the Alaska Supreme Court has stated that "[an] employee is not acting within the scope of his employment *unless* his actions are 'actuated, at least in part, by a purpose to serve the master.'" *D.W.J. v. Wausau Bus. Ins. Co.*, 192 F. Supp. 3d 1014, 1020 (D. Alaska 2016) (emphasis added) (quoting *VECO, Inc. v. Rosebrock*, 970 P.2d 906, 924 (Alaska 1999)). Thus, actions taken for "personal reasons and not, even in part, to serve [an] employer" are not within the scope of employment. *See Rosebrock*, 970 P.2d at 910.

In addition, the Alaska Supreme Court has recognized that a hostile work environment is often created by employees "acting beyond the scope of their employment." *Id.* It has also relied on the United States Supreme Court's decisions in *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998), and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998), which affirm the same principle. *See Rosebrock*, 970 P.2d at 914 n.18 (citing *Ellerth* and *Faragher*). In *Burlington*, the court expressed the general rule "that sexual harassment by a supervisor is not conduct within the scope of employment." 524 U.S. at 757. And in *Faragher*, the court explained that it makes sense to classify as beyond the scope of employment harassment by a supervisor who expresses sexual interests in a manner unrelated to the employer's interest. 524 U.S. at 799.

Finally, the context here is not vicarious liability of an employer to a plaintiff for injury suffered at the hands of an employee, where public policy reasons might support interpreting course and scope of employment in a way that protects victims. This case raises the question of whether a public entity may or must defend or indemnify a public employee for his intentional acts, and it raises distinct policy considerations. These considerations may manifest in a narrower definition of course and scope, or as a bar to expending public funds to shield public employees from their own wrongdoing. We note that the Alaska legislature has shed light on Alaska's public policy in this context through AS 09.50.253. With respect to most state employees,[4] the statute adds to the definition of "scope of employment" a requirement that an employee's acts that might otherwise

---

[4] The statute, which substitutes the state as the defendant for covered state employees, excludes from the definition of "state employee" employees of the University of Alaska; the Alaska Railroad Corporation; or a political subdivision of the state, including a regional educational attendance area. AS 09.50.253(h)(2).

be within the scope of employment "not constitute acting, or failing to act, with wilful, reckless, or intentional misconduct, or with gross negligence or malice." AS 09.50.253(h)(1)(d).

## II. The University declines to defend all claims except Jane Doe II's invasion of privacy claim.

Yesner's alleged conduct supporting the plaintiffs' assault and battery claim, their IIED claim, and Jane Doe I's invasion of privacy claim falls outside the course and scope of his employment. The University has no duty to defend Yesner on these claims, and it declines to do so. The University agrees to defend Yesner on the sole remaining claim—Jane Doe II's claim for invasion of privacy.

### a. The University has no duty to defend Yesner on the assault claim.

The plaintiffs' assault claims rely on alleged conduct that falls outside the scope of Yesner's employment. The claims are based on allegations that Yesner "touched Plaintiffs without their consent, including giving them aggressively sexual hugs and touching their breasts, in a manner that was sexually stimulating to him." Complaint ¶ 173. This conduct has no rational connection to serving the University's interest. It does nothing to advance Yesner's job responsibilities as a professor, and it does nothing to advance the University's educational goals. It is outside the scope of his employment. *See D.W.J.*, 192 F. Supp. 3d 1014, 1020 (D. Alaska 2016) ("Under *Rosebrock*, an employee must be acting at least in part with a purpose to serve the master, and an employee perpetrating a sexual assault cannot do such.").

### b. The University has no duty to defend Yesner on the IIED claim.

The plaintiffs' IIED claims rely on more alleged conduct than non-consensual contact, but the additional conduct still serves Yesner's interests alone and is outside the scope of his employment. This conduct includes allegations that Yesner made unwelcome sexual advances and sexually suggestive comments, and that he retaliated against the plaintiffs for rejecting his advances by refusing to speak to them or by refusing to timely grade their work product. *E.g.*, Complaint ¶¶ 16, 46, 81, 84, 179. Yesner cannot reasonably claim that these alleged actions were motivated to serve the University. They have no pedagogical connection and in no way further his responsibilities as an educator. Indeed, the retaliation allegations are based on conduct explicitly *contrary* to those responsibilities.

### c. The University has no duty to defend Yesner on Jane Doe I's invasion of privacy claim.

Jane Doe I bases her invasion of privacy claim on allegations that Yesner took photographs of her working at an archaeological site while "zeroing in" on her breasts and buttocks, and that he stored these photographs on his public work computer where he expected others to find them. Complaint ¶¶ 49, 188–89. This conduct, too, was outside the course and scope of Yesner's employment,

Stacy Walker
Re: *Doe v. Yesner, et al.*; 3:19-cv-00136-HRH
June 7, 2019
Page 4

since the complaint alleges nothing to suggest that taking the photographs or storing them in the manner alleged served any purpose to serve the University. To the contrary, the complaint alleges that Yesner "would often masturbate to photos of Plaintiff Jane Doe I" and that they were saved in a subfolder titled "Personal," indicating they were taken and maintained solely for Yesner's purposes. *See id.* ¶¶ 51–52.

### d. The University will defend Yesner on Jane Doe II's invasion of privacy claim.

The University will defend Yesner on Jane Doe II's invasion of privacy claim, which is based on her allegation that Yesner selected a sexually suggestive photograph of her from her Instagram account to use on her thesis poster. Complaint ¶¶ 68, 190–91. The University, however, reserves the right to later deny defense and indemnity[5] on Jane Doe II's privacy claim if facts related to the alleged sexually suggestive photograph support the conclusion that Yesner was acting outside the course and scope of his employment, or that providing defense or indemnity would be contrary to public policy.

## III. Conclusion

The University's decision to defend only Jane Doe II's invasion of privacy claim means that it will pay for defense costs necessary to defend that claim only. We can further discuss the mechanics of how to bill for the privacy claim.

With regard to all claims, the University reserves the right to evaluate its defense and indemnity obligations with regard to Mr. Yesner as the litigation progresses.

Respectfully,

*[signature]*

Michael Hostina
UA General Counsel

---

[5] As noted in footnote 1, Yesner has not requested indemnity and the university reserves its rights to dispute any request for indemnity if and when it becomes necessary.