Danielle M. Ryman
DRyman@perkinscoie.com
Sarah L. Schirack
SSchirack@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF
ALASKA SYSTEM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, JOANNA WELLS, NORMA JOHNSON, AND JANE DOE VI,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

## DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM OPPOSITION TO DEFENDANT YESNER'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CROSS-MOTION

Defendants University of Alaska Board of Regents and University of Alaska

System (collectively, "the University") hereby oppose Defendant Yesner's Motion for

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -1-
Case No. 3:19-cv-00136-HRH

147915883.4

Partial Summary Judgment ("Motion") and cross-move for partial summary judgment. At issue in this motion is whether the University has a duty to defend its former professor, David Yesner, in student Plaintiffs' claims against him for assault, battery, and invasion of privacy. Simply put, it does not.

There are three independent grounds for denying Plaintiffs' motion and concluding that the University is entitled to judgment as a matter of law that it has no duty to defend Plaintiffs' claims against Yesner. First, none of the legal authority that Yesner cites—AS 14.40.175, University Bylaw 13, and Regents' Policy P01.02.040—provide for such defense. Yesner's alleged intentional torts are not covered under the limited areas of law to which AS 14.40.175 applies. And neither University Bylaw 13 nor Regents' Policy P01.02.040 include a duty to defend because they provide no protection against mere claims—as opposed to liabilities or damages that have already been determined—as clarified by the Alaska Supreme Court.

Second, because AS 14.40.175, University Bylaw 13, and Regents' Policy P01.02.040 all require that conduct be within the scope of employment to be covered, Plaintiffs' claims against Yesner are not eligible for defense by the University since they were outside the scope of his employment. Plaintiffs do not assert that their assault or invasion of privacy claims (both for intrusion of solitude and false light) were within the

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                        -2-
Case No. 3:19-cv-00136-HRH

147915883.4

scope of Yesner's employment. And the conduct underlying Plaintiffs' assault and battery and invasion of privacy for intrusion of solitude claims are squarely outside the scope of Yesner's employment under Alaska Supreme Court precedent and the Restatement (Second) of Agency, on which the Court relies.

Third, public policy counsels against requiring the University to defend Plaintiffs' claims against Yesner because doing so would not further the three policy justifications for respondeat superior, under which the scope of employment is interpreted. Each of these independent grounds provides an avenue for this Court to rule that the University has no duty to defend the allegations against Yesner.

## BACKGROUND

Yesner's motion concerning the University's duty to defend him is limited to Counts IV and V of Plaintiffs' Complaint, since Counts I-III of the Complaint are not against Yesner.[1] For purposes of this motion, both Yesner and the University accept Plaintiffs' factual allegations as true. *See* Dkt. 68 at 2.

Count IV contains two claims—assault and battery—and alleges that Yesner touched Plaintiffs without consent in a "manner that was sexually stimulating to him,"

---

[1] Notably, many of the factual allegations that Yesner recounts in his motion do not relate to Counts IV and V. *See* Dkt. 68 at 3-4, and thus have no bearing on whether the University has a duty to defend Yesner.

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*  -3-
Case No. 3:19-cv-00136-HRH

147915883.4

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

such as by giving them "aggressively sexual hugs and touching their breasts." Dkt. 36 ¶¶ 112, 197. And it alleges that Yesner assaulted Jane Doe VI by "rubbing his penis against her body and pressing his mouth against her vagina." *Id.* ¶ 197.

Count V is a claim for invasion of privacy and also has two parts: one for intrusion of solitude, and a second for false light. The invasion of privacy by intrusion of solitude claim alleges that Yesner took sexually suggestive photographs of Plaintiff Theresa Dutchuk working at a secluded archaeological site while "zeroing in" on her breasts and buttocks. Dkt. 36 ¶¶ 52, 105, 203-04. The Complaint also alleges that Yesner "would often masturbate to photos of Plaintiff Dutchuk" and that the photos were saved in a subfolder titled "Personal," indicating they were taken and maintained solely for Yesner's purposes. *See id.* ¶¶ 54-55.

The invasion of privacy by false light claim alleges that Yesner "select[ed] a sexually suggestive photograph" from Plaintiff Annalisa Heppner's Instagram account to use on a poster noticing her thesis defense, which was available to the public and posted around the University campus. Dkt. 36 ¶ 205.

Initially, the University accepted tender of Plaintiff Heppner's invasion of privacy claim. *See* Dkt. 68-3 at 1. But in doing so, the University noted that it "reserve[d] the right to later deny defense" if doing so "would be contrary to public policy." *Id.* at 4.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -4-
Case No. 3:19-cv-00136-HRH

147915883.4

# ARGUMENT

## I. No legal authority requires the University to defend Yesner.

The sources of authority Yesner cites to support a supposed duty to defend—AS 14.40.175, University Bylaw 13, and Board of Regents Policy 1.02.040—do not obligate the University to defend Yesner on either of Plaintiffs' claims against him.

### A. AS 14.40.175 does not apply to Plaintiffs' claims.

Yesner relies on AS 14.40.175 to argue that the University has a duty to defend him, Dkt. 68 at 6-7, but that reliance is misplaced. By its clear terms (which Yesner quotes), the statute only applies to claims, demands, suits, or judgments related to four limited areas of the law: (1) "negligence"; (2) "violation of civil rights"; (3) "wrongful act[s] resulting in death or bodily injury to any person"; or (4) "accidental damage to or destruction of property." This suit is none of those. Rather, Plaintiffs' claims against Yesner are for assault, battery, and invasion of privacy. Those claims do not fall within the categories covered by AS 14.40.175. Yesner's strained efforts to extract a duty to defend from the statute based on an expansive reading of the word "or" cannot overcome this limiting language. Because AS 14.40.175 does not apply to the underlying lawsuit, it does not require the University to defend Yesner.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -5-
Case No. 3:19-cv-00136-HRH

147915883.4

**B.     There is no duty to defend because neither the University Bylaws nor Regents' Policy require 'defense' against 'claims.'**

The duties of defense and indemnification are separate duties, each of which are based on the wording of the University Bylaws and Regents' Policy.  Despite the fact that the duties of defense and indemnification are separate duties, duties to defend most often arise from what are referred to as 'indemnification clauses,' and are thus examined in Alaska case law part and parcel with indemnification.  Whether a duty to defend arises from an indemnification clause depends on the precise language of the clause.

The Alaska Supreme Court has held that a duty to defend arises only where an indemnification clause contemplates that there is a "claim" against which to defend.  In *Stephan & Sons v. Municipality of Anchorage*, 629 P.2d 71 (Alaska 1981), the Court considered a provision stating that the indemnitor would "indemnify, save and hold the City harmless, and defend the City . . . against any claim or liability."  *Id.* at 75.  The Court concluded that this provision obligated a contractor to *defend* against claims, and to *indemnify* against liabilities.  The Court's logic was that, in the context of obligations to defend and indemnify, the word "claim" is distinct from the word "liabilities."  The Court said that it did not make sense to "indemnify" against a mere "claim"—a claim is simply the assertion of a legal right, and one does not indemnify until there is *actual* liability.  *Id.* at 75-76.  Similarly, the Court said that it did not make sense to "defend"

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                         -6-
Case No. 3:19-cv-00136-HRH

147915883.4

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

against a "liability" because "if liability has been established, the time for defense is past." *Id.* at 76. Thus, the Court concluded that the word "defend" referred to the word "claim" and gave rise to a duty to defend. *Id.*; *see also Hoffman Const. Co. of Alaska v. U.S. Fabrication & Erection, Inc.*, 32 P.3d at 352-53, 356-57 (recognizing the duty to defend based on clauses that required an indemnitor to "defend" a contractor from all "claims").

In a later case, the Court highlighted that *both* the words "defend" *and* "claim" (or some variation thereof, *e.g.* 'suit' or 'action') must be present for an indemnification clause to give rise to a duty to defend. *See Rogers & Babler v. State*, 713 P.2d 795 (Alaska 1986). The clause at issue in *Rogers & Babler* required a contractor to "indemnify and save harmless . . . from all suits, actions, or claims." *Id.* at 796. The Court concluded that the provision did not give rise to a duty to defend because (a) it did not use the word "defend"; (b) the words "save harmless" do not imply a duty to defend; and (c) implicitly, as the Court stated in *Stephan & Sons*, the word "indemnify" did not create a duty to defend. *Id.* at 799-800; *see also United Airlines, Inc. v. State Farm Fire & Casualty Co.*, 51 P.3d 928, 934 (Alaska 2002) (summarizing holding in *Rogers & Babler*). Rather, the Court held that the provision only obligated the indemnitor to reimburse the indemnitee for the costs of defense, relying on the "hold harmless"

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                -7-
Case No. 3:19-cv-00136-HRH

147915883.4

language.  *Rogers & Babler*, 713 P.2d at 800; *see also Duty Free Shoppers Group Ltd. v. State*, 777 P.2d 649, 654 (Alaska 1989) ("When an indemnity clause includes a 'hold harmless' provision, the indemnitee is entitled to recover attorney's fees and costs incurred in defending the underlying claim, as well as those incurred in enforcing the indemnity provision.") (internal citations omitted).  In effect, the Court concluded that unless the word 'defend' was coupled with the word 'claim,' there was no duty to *defend* a claim, but only potentially a duty to *reimburse* the indemnitee for the costs of defense after the fact.[2]

Here, the relevant sources of potential indemnity—University Bylaw 13 and Regents' Policy 1.02.040—do not couple the word 'defend' with the word 'claim' (or similar).  University Bylaw 13 and Regents' Policy 1.02.040 provide that the Board will "defend, indemnify, and hold harmless" employees from any and all "liability or

---

[2] Notably, the University has no duty to reimburse Yesner's defense costs since the "hold harmless" provisions in the Regents' Policy and Bylaws are narrower than the ones in *Rogers & Babler* and *Duty Free*, which required reimbursement for defense costs.  Here, the University has only agreed to hold employees harmless from "liability or damages." Defense fees and costs are neither "liabilities" nor "damages."  In contrast, the "hold harmless" provisions in *Rogers & Babler* and *Duty Free* required the indemnitor to hold the indemnitee harmless "from suits, actions or claims" (*Rogers & Babler*) and from "claims, costs, and liabilities" (*Duty Free*).  The obligation to hold an employee harmless from "claims" can reasonably be interpreted to include costs and fees incurred in defending against a claim, but an obligation to hold an employee harmless from "liability or damages" is simply another way to frame a potential duty to indemnify.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -8-
Case No. 3:19-cv-00136-HRH

147915883.4

damages." But critically, neither say that the University must defend, indemnify, or hold employees harmless against mere 'claims.'

As noted above, in *Stephan & Sons* the Court said that "one cannot 'defend' against liabilities; if liability has been established, the time for defense is past." 629 P.2d 76. Under that principle, the word "damages" is no different from the word "liability"—one cannot defend against damages; if damages have been awarded against an employee, the time for defense is past. Since it is not possible to "defend" against liabilities or damages, the Bylaws and Regents' Policy do not require the University to defend Yesner. Thus, based on the Alaska Supreme Court's precedents, the word "defend" in the Bylaws and Regents' Policy is, in legal effect, surplusage.

Although some courts have expressed a preference for avoiding interpretations that lead to surplusage, the U.S. Supreme Court has stated the "preference for avoiding surplusage constructions is not absolute." *Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 135 S. Ct. 2507, 2541 (2015) (quoting *Lamie v. U.S. Trustee*, 540 U.S. 526, 536 (2004)). The preference can be "offset by the canon that permits a court to reject words as surplusage if inadvertently inserted or if repugnant to the rest of the statute." *Chickasaw Nation v. United States*, 534 U.S. 84, 94 (2001) (internal quotation marks omitted). Because only 'claims' can be 'defended' against

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -9-
Case No. 3:19-cv-00136-HRH

147915883.4

Case 3:19-cv-00136-HRH   Document 75   Filed 05/11/20   Page 9 of 26

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

under *Stephan & Sons* and *Rogers & Babler*, to give the word 'defend' any meaning in the Bylaws and Regents' Policy, one would have to read the word 'claim' *into* them, which would be repugnant to their limitation on only covering "liability and damages." Because "there are two ways to read the text"—by either reading the word 'defend' *out* of the Bylaws and Regents' Policy, or by reading the word 'claim' *into* them—"applying the rule against surplusage is, absent other indications, inappropriate." *Lamie*, 540 U.S. at 536. Thus, the word 'defend' in the Bylaws and Regents' Policy is surplusage because it is not coupled with the word 'claim,' and so the University has no duty to defend Yesner.

Finally, Yesner's assertion that "[f]ull fees are due and owing with indemnity <u>even absent</u> a duty to defend" is misleading since it is based on strict liability cases. Dkt. 68 at 9. Yesner quotes selectively from *Koehring Mfg. Co. v. Earthmovers of Fairbanks, Inc.*, 763 P.2d 499, 509 (Alaska 1988) ("Koehring's obligation to indemnify Earthmovers includes attorney's fees."), but neglects to tell this Court that *Koehring* was a strict liability case, and thus any indemnification that provided for attorneys' fees was derived from common law on strict liability. The other case Yesner cites on this point, *Heritage v. Pioneer Brokerage & Sales, Inc.*, 604 P.2d 1059 (Alaska 1979), was also a strict

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                     -10-
Case No. 3:19-cv-00136-HRH

147915883.4

liability case.[3]  Here, any potential for attorneys' fees is derived not from common law, but from the specific terms of the University Bylaws and Regents' Policy—neither of which provide for them.

## II.    The University is also not required to defend Yesner because Plaintiffs' claims are outside the course and scope of his employment.

The University is also not required to defend Yesner because Plaintiffs' allegations are outside the course and scope of his employment.  On top of only covering four limited kinds of claims (negligence, civil rights, death/bodily injury, and property damage), by its clear terms AS 14.40.175 is even further limited to covering only acts that occurred "within the course or scope of the duties of . . . [an] employee."  Similarly, University Bylaw 13 and Regents' Policy 01.02.040 only cover "liability or damage arising out of acts on behalf of the board and the university performed within the course or scope of their official duties."  Neither the alleged assault and battery, nor invasion of privacy were within the course or scope of Yesner's employment, as explained below.

The University agrees that, where there is legal authority giving rise to a duty to

---

[3] *Heritage* also does not help Yesner because it held that, "where indemnification is required, . . . the indemnitee is entitled to recover full costs and attorney's fees for the expenses of its *successful* defense of the action giving rise to the claim for indemnity." 604 P.2d at 1067 (emphasis added).  Here, of course, Yesner has yet to successfully defend against Plaintiffs' claims.

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                                        -11-
Case No. 3:19-cv-00136-HRH

147915883.4

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

defend (which there is not here), the duty turns on allegations in the complaint and not the "true facts." *Stephan & Sons, Inc. v. Municipality of Anchorage*, 629 P.2d 71, 76 (Alaska 1981). The scope of Yesner's employment is a question of law that this Court can decide on summary judgment because the University does not dispute the facts as alleged for purposes of this motion, and separately, because those undisputed facts lend themselves to only one conclusion. *See Lane v. City of Juneau*, 421 P.3d 83, 94 (Alaska 2018). ("[T]he scope of employment is a fact specific inquiry for the jury *unless* the facts are undisputed or lend themselves to only one conclusion.") (emphasis added).

To note, even if one of Plaintiffs' claims against Yesner was based on conduct within the scope of his employment and subject to defense by the University, it would not be automatically required to defend both claims against Yesner, contrary to his assertion otherwise. *See* Dkt. 7-8. Yesner argues that once a duty to defend is "triggered as to any claim, the duty to defend requires defense on all claims—not merely the claim which falls within the scope of the indemnity clause," Dkt. 68 at 7-8, misleadingly citing *Stephan & Sons, Inc.*, 629 P.2d at 76-77. But *Stephan & Sons* recognized only that a duty to defend ends when a covered cause of action is removed from a case. *See* 629 P.2d 71, 76 (noting that the duty to defend existed through settlement because "the case continued to include a cause of action" covered by the defense agreement). It does not suggest that

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*
Case No. 3:19-cv-00136-HRH

-12-

147915883.4

Case 3:19-cv-00136-HRH   Document 75   Filed 05/11/20   Page 12 of 26

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

a duty to defend one claim extends the duty to all claims in a case.  No matter: here, there is no duty to defend either of Plaintiffs' claims against Yesner because both are based on conduct outside the scope of his employment.

> **A.** **The Complaint does not assert that the alleged assault or invasion of Plaintiffs' privacy was within the course of Yesner's employment.**

A close reading of the Complaint confirms that Plaintiffs do not actually assert that both of their causes of action against Yesner were within the course of his employment, as is necessary for the duty to defend.  In Yesner's telling, Plaintiffs complain that his "tortious behavior was done within the scope of his employment under Alaska law."  Dkt. 68 at 2.  But this characterization is only half true. The Complaint asserts that only one part of its two causes of action against Yesner is based on acts committed in the course of his employment.[4]  Count IV (Civil Assault and Battery, against Yesner) asserts the legal conclusion that "Defendant University is liable for the batteries committed upon Plaintiffs by its employee, Defendant Yesner, in the course of said employment." Dkt. 36 at ¶ 199.  Plaintiffs do not actually assert that the alleged assault or invasion of privacy by intrusion of solitude and false light (Count V) were

---

[4] Counts I-III of the Complaint are not against Yesner, and thus are not at issue in Yesner's Motion for Partial Summary Judgment against the University.

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -13-
Case No. 3:19-cv-00136-HRH

147915883.4

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK  99501-1981
907.279.8561 / Facsimile 907.276.3108

committed within the scope of Yesner's employment.[5]  *See* Dkt. 36 at ¶ 196-201.

The main case that Yesner cites to support his argument that there is a duty to defend—an unpublished Connecticut trial court decision—hinges on the fact that the plaintiff alleged that the defendant was, "[a]t all times mentioned" in that complaint, "acting in the course of and in furtherance of his employment." *Montefusco v. Univ. of New Haven Police Dep't*, No. X03CV044000798S, 2005 WL 1331817, at *2 (Conn. Super. Ct. May 13, 2005). That, of course, differs from Plaintiffs' Complaint here since it does *not* assert that Yesner's alleged assault or invasion of their privacy was within the course or scope of his employment. *See* Dkt. 36 at ¶ 196-201. So, even taking the allegations in the Complaint as "true and correct," as Yesner instructs, Dkt. 68 at 2, does not place the assault or invasion of privacy claims within the scope of Yesner's employment, and thus does not require the University to defend him against them.

---

[5] Even though each count includes the pro forma statement "Plaintiffs re-allege and incorporate the allegations set forth above in paragraph as though fully set forth herein," *see, e.g.*, Dkt. 36 at ¶ 202, the allegation regarding the scope of Yesner's employment is specific to battery—"Defendant University is liable for the batteries committed upon Plaintiffs by its employee, Defendant Yesner, in the course of said employment," *id.* at ¶ 199—and thus has no bearing on the remainder of Plaintiffs' claims.

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -14-
Case No. 3:19-cv-00136-HRH

147915883.4

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

## B. Plaintiffs' assault and battery and invasion of privacy by intrusion of solitude claims are outside the scope of Yesner's employment under the Restatement (Second) of Agency factors.

Even where Plaintiffs do assert that Yesner's conduct was within the scope of his employment—which, again, is a legal conclusion for this Court to make because the parties do not dispute the facts for purposes of this motion—the alleged facts underlying their assault and battery and invasion of privacy by intrusion of solitude claims show that it was not.[6]  Yesner erroneously asserts that because the alleged conduct was committed "while on the job and using the tools afforded him by his employment," it was therefore within the scope of his employment.  Dkt. 68 at 5, 8.  That is not the test Alaska courts use to determine whether conduct is within the scope of employment.  Rather, the Alaska Supreme Court has "adopted a flexible analysis . . . guided by the factors stated in Restatement [(Second) of Agency] sections 228 and 229."  *Lane v. City of Juneau*, 421 P.3d 83, 94-95 (Alaska 2018).

Under § 228, conduct is within the scope of employment if:

> (a) it is of the kind he is employed to perform;
> (b) it occurs substantially within the authorized time and space limits;
> (c) it is actuated, at least in part, by a purpose to serve the master; and

---

[6] Although the University must accept Plaintiffs' factual allegations as true for purposes of this motion, it can and does question the legal conclusions that Plaintiffs draw based on those factual allegations.  Whether Yesner's conduct was within the scope of his employment is a legal conclusion for this Court to make because the parties do not dispute (for purposes of this motion) the conduct underlying that conclusion.

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                                    -15-
Case No. 3:19-cv-00136-HRH

147915883.4

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

(d) if force is intentionally used by the servant against another, the use of force is not unexpected by the master.

Section 229 considers whether the conduct, "although not authorized, is nevertheless so similar to or incidental to the conduct authorized as to be within the scope of employment" as shown by, among other factors:

(a) whether or not the act is one commonly done by such servants; . . .
(e) whether or not the act is outside the enterprise of the master; . . .
(f) whether or not the master has reason to expect that such an act will be done; . . . [and]
(i) the extent of departure from the normal method of accomplishing an authorized result . . . .

Under both sets of Restatement factors, neither Plaintiffs' assault and battery claim nor their invasion of privacy claim based on intrusion of solitude are within the scope of Yesner's employment, as detailed below.

Yesner cites *Doe v. Samaritan Counseling Center*, 791 P.2d 344 (Alaska 1990) to suggest that an employee's sexual contact could be considered within the scope of employment. Dkt. 68 at 8-9. To the extent *Doe* ever supported that theory, it is no longer good law. *Doe* asked whether a therapist's sexual relations with a patient were within the scope of his employment based on the psychological process of transference. In doing so, it considered the "motivation to serve" test, which provides that employers are only liable for the sexual acts of their employees if the employee is "motivated by a desire to

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -16-
Case No. 3:19-cv-00136-HRH

147915883.4

serve the employer." 791 P.2d at 374. *Doe* suggested that the test could be satisfied by "tortious conduct that arises out of and is reasonably incidental to the employee's legitimate work activities." *Id.* at 348. But the Alaska Supreme Court later clarified in *VECO, Inc. v. Rosebrock*, 970 P.2d 906, 924 n.36 (Alaska 1999) that *Doe* was wrong to suggest that conduct could be within the scope of employment without being "motivated *in fact* at least to some degree to serve the master's business" (emphasis added). It further explained that, "[o]n reflection," vicarious liability in *Doe* was instead justified under an aided in agency theory, which does not require that the conduct be within the scope of employment. *Id.*

A later decision from the District of Alaska reads *Doe* and *VECO* the same way. In *D.W.J. v. Wausau Bus. Ins. Co.*, 192 F. Supp. 3d 1014 (D. Alaska 2016), Judge Gleason held that a motel employee who used his keys to enter a guest's bedroom during his shift and sexually assault her was not acting within the course and scope of his employment, even assuming the employee entered the room "initially intending to fix the television." *Id.* at 1021 & n.53. After analyzing *Doe* and *VECO*, the Court explained that the plaintiff "does not allege, nor could she rationally allege, that [the employee's] criminal actions were at all carried out for the purpose of serving" his employer. *Id.* at 1020. And, citing the Restatement factor that asks whether the conduct is "of the kind [the employee] is

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                              -17-
Case No. 3:19-cv-00136-HRH

147915883.4

employed to perform," the Court explained that "[u]nder no circumstances is a front desk clerk employed to perform sexual assaults." *Id.* So too for Yesner's alleged assault and battery and invasion of privacy by intrusion of solitude, as discussed in turn below.

Ultimately, even though Yesner's alleged assault, battery, and invasion of privacy may have "occur[ed] substantially within the authorized time and space limits" of his employment, "the ability to meet one out of four Restatement [§ 228] factors is insufficient." *Id.* at 1021. Plaintiffs' claims against Yesner are "different in kind from that authorized [by his employment]. . . [and] too little actuated by a purpose to serve the master" to be within the scope of his employment. *Id.*

### 1. Assault and battery claim

Plaintiffs' assault and battery claim relies on conduct outside the scope of Yesner's employment under both Restatement (Second) Agency sections 228 and 229. The claim is based on allegations that Yesner touched Plaintiffs without consent in a "manner that was sexually stimulating to him," such as by "lingering in [a] hug for several minutes" and "touching their breasts." Dkt. 36 ¶¶ 112, 197. Plaintiffs further allege that Yesner assaulted Jane Doe VI by "rubbing his penis against her body and pressing his mouth against her vagina." *Id.* This does nothing to advance Yesner's job responsibilities as a professor, and it does nothing to advance the University's educational goals, nor do

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                            -18-
Case No. 3:19-cv-00136-HRH

147915883.4

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Plaintiffs allege that it does. *See D.W.J. v. Wausau Bus. Ins. Co.*, 192 F. Supp. 3d 1014, 1020 (D. Alaska 2016) ("[A]n employee must be acting at least in part with a purpose to serve the master, and an employee perpetrating a sexual assault cannot do such."). The alleged conduct is not conduct Yesner was employed to perform and it is not conduct commonly done by professors. Under no circumstances does the University employ professors to touch students in a sexually suggestive manner, nor do Plaintiffs allege that it does, either. The unwelcome touching surely departs from the normal method of teaching and is most certainly outside the University's enterprise and educational mission. As a result, the alleged facts lend themselves to only one conclusion: that Yesner's alleged assault and battery were well outside the scope of his employment, which renders Count IV ineligible for defense by the University.

## 2. Plaintiff Dutchuk's invasion of privacy claim: intrusion of solitude

The conduct alleged in Plaintiff Dutchuk's intrusion of solitude claim is also plainly outside the scope of Yesner's employment under both Restatement (Second) Agency sections 228 and 229. Dutchuck bases her invasion of privacy claim on allegations that Yesner took sexually suggestive photographs of her working at a secluded archaeological site while "zeroing in" on her breasts and buttocks. Dkt. 36 ¶¶ 52, 105, 203-04. This conduct was outside the scope of Yesner's employment since the Complaint

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -19-
Case No. 3:19-cv-00136-HRH

147915883.4

alleges nothing to suggest that taking the photographs or viewing and storing them in the manner alleged served any purpose for the University. To the contrary, the Complaint alleges that Yesner "would often masturbate to photos of Plaintiff Dutchuk" and that the photos were saved in a subfolder titled "Personal," indicating they were taken and maintained solely for Yesner's personal purposes. *See id.* ¶¶ 54-55. The Complaint does not allege the photographs served any purpose other than for Yesner's personal gratification.

Although photographing archeological artifacts may have been the kind of work Yesner was employed to perform as an archeologist, *cropping* artifacts *out* of photographs so that the photographs instead feature students' breasts was most certainly not. *Id.* ¶ 25. Nor is it reasonable to conclude that such conduct is commonly done by archeologists or professors, or is within the University's educational enterprise. And such conduct assuredly departs from the normal method of accomplishing archeological field research. Thus, the only reasonable conclusion is that Plaintiff Dutchuk's invasion of privacy claim based on intrusion of solitude was also outside the scope of Yesner's employment, which makes that claim similarly ineligible for defense by the University.

### III. Public policy counsels against requiring the University to defend Yesner's intentional torts.

In addition to the legal reasoning above, there are public policy considerations that

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                                   -20-
Case No. 3:19-cv-00136-HRH

147915883.4

Case 3:19-cv-00136-HRH   Document 75   Filed 05/11/20   Page 20 of 26

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

should render Yesner's alleged assault, battery, and invasion of privacy—all intentional torts[7]—ineligible for defense. As noted above, the potential duty to defend under the relevant legal authorities—AS 14.40.175, University Bylaw 13, and Board of Regents' Policy 1.02.04—is only triggered by conduct that is within the scope of employment. Although the Alaska Statutes do not clarify what constitutes the scope of employment for University of Alaska employees, AS 09.50.253(h)(1)(D) confirms that elsewhere it is the policy of the State of Alaska not to consider acts of "wilful [sic], reckless, or intentional misconduct" to be "within the scope of [an] employee's office or employment."[8] AS 09.50.253(h)(1)(D) thus sheds light on the State of Alaska's public policy in this context, which is firmly against considering intentional torts to be within the scope of state employment.[9]

---

[7] Intentional torts are torts "committed by someone acting with general or specific intent." Black's Law Dictionary (11th ed. 2019) ("Examples include battery, false imprisonment, and trespass to land. Also termed willful tort.").

[8] AS 09.50.253 concerns actionable claims against state employees, though it excludes from the definition of "state employee" employees of the University of Alaska, among others. Despite this, AS 09.50.253 is instructive since it appears to be the only statute in Title 9 (Code of Civil Procedure), Article 3 (Claims Against the State or State Employees) that details the types of acts that should be considered "within the scope" of employment for a state employee, like Yesner. Presumably the University of Alaska was excluded so that it could set its own parameters on this, which Yesner's conduct was decidedly outside of, as well.

[9] Alaska law also refuses to indemnify intentional torts as against public policy in other contexts. For example, AS 45.45.900 provides that "[a] provision . . . affecting a

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -21-
Case No. 3:19-cv-00136-HRH

147915883.4

Although the Alaska Supreme Court does not appear to have considered the policy implications of public defense of intentional torts, Outside courts have recognized that requiring a state entity to defend an employee's intentional torts would be an affront to public policy. The Supreme Court of California considered these issues in a case where a deputy sheriff sued a county for the costs of defense after a sexual harassment action against the deputy and county was settled as to the deputy, and damages were awarded against the county. *See Farmers Ins. Grp. v. Cty. of Santa Clara*, 906 P.2d 440 (Cal. 1995). At issue were California statutes requiring a public entity to defend an employee in suits involving acts or omissions that occurred within the scope of employment. *See id*. at 447 (citing Cal. Gov. Code §§ 825, 995).

The California Supreme Court held that an intentional tort like sexual harassment was not within the scope of the deputy's employment sufficient to require the county to defend him. It reasoned in part that requiring the county to defend him by imposing vicarious liability would not further the three policy justifications for the respondeat superior doctrine, under which the scope of employment is interpreted. *See id.* at 448, 454-57; *see also Powell v. Tanner*, 59 P.3d 246, 248 (Alaska 2002) ("Under the doctrine

---

construction contract that purports to indemnify the promisee against liability for damages for . . . wilful [sic] misconduct of the promisee . . . is against public policy and is void and unenforceable.")

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -22-
Case No. 3:19-cv-00136-HRH

147915883.4

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

of respondeat superior, an employer is liable for the negligent acts or omissions of his employee committed within the scope of his employment."); *Laidlaw Transit, Inc. v. Crouse ex rel. Crouse*, 53 P.3d 1093, 1098 (Alaska 2002) ("[A]n employer is vicariously liable . . . so long as the employee was acting within the course and scope of employment.").

The three policy justifications for respondeat superior are: "(1) to prevent recurrence of the tortious conduct; (2) to give greater assurance of compensation for the victim; and (3) to ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury." *Id.* at 454-55. As in *Farmers*, none of those policy justifications would be served by requiring the University to defend Yesner's alleged intentional torts.

First, requiring the University to defend Yesner's alleged intentional torts would not further the goal of preventing the recurrence of tortious conduct because existing law already circumscribes Yesner's alleged assault, battery, and invasion of privacy. Because existing law "already furnishes powerful motivation for the [University] to establish and maintain programs and procedures designed to eliminate [intentional torts], the imposition of vicarious liability is not essential to create a strong incentive for vigilance by those in a position to guard substantially against the evil to be prevented." *Farmers*,

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -23-
Case No. 3:19-cv-00136-HRH

147915883.4

906 P.2d at 456 (internal quotation marks omitted).  Troublingly, requiring the University to defend intentional torts would instead be "likely to deter [the school] from encouraging, or even authorizing, extracurricular and/or one-on-one contacts between teachers and students or to induce [the school] to impose such rigorous controls on activities of this nature that the educational process would be negatively affected." *John R. v. Oakland Unified Sch. Dist.*, 769 P.2d 948, 956 (Cal. 1989).

Second, requiring the University to defend intentional torts would not give greater assurance of compensation for alleged victims.  Rather, doing so might "tend to make insurance, already a scarce resource, even harder to obtain, and could lead to the diversion of needed funds" from the University's educational mission to cover claims. *Farmers*, 906 P.2d at 457; *John R.*, 769 P.2d at 956.

Third, requiring the University to defend Yesner would not "ensure that the victim's losses will be equitably borne by those who benefit from the enterprise that gave rise to the injury."  Although "the community at large benefit[s] from the authority placed in teachers to carry out the educational mission," the connection between that authority and the abuse of it "to indulge in [intentional torts] is simply too attenuated" to deem those torts as falling within the range of risks properly allocable to the University. *John R.*, 769 P.2d at 452; *see also Bratton v. Calkins*, 870 P.2d 981, 986-87 (Wash. Ct. App.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                                    -24-
Case No. 3:19-cv-00136-HRH

147915883.4

1994) (collecting cases and holding that a school district should not be held vicariously liable under the doctrine of respondeat superior for the intentional torts of a teacher).

Finally, the Alaska Supreme Court has held that where an individual has a "duty of public service"—as Yesner arguably did as a professor at a public university—certain torts should not be indemnified. *Stephan & Sons*, 629 P.2d at 77. The same rationale applies to the duty of defense. Where an individual is charged with a duty of public service "and the indemnification is for some neglect in the performance of that duty, the indemnity agreement should not be enforced, as the indemnitee's 'relaxed vigilance' in fulfilling such duties, because of the indemnification, might inure to the detriment of society at large." *Id.* Yesner's alleged intentional torts go far beyond 'relaxed vigilance' and negligence, and thus the public policy reasoning in *Stephan & Sons* should apply with even more force to preclude the University from being required to defend them.

## CONCLUSION

For the foregoing reasons, this Court should deny Yesner's motion for partial summary judgment. The undisputed facts support the conclusion that the University owes Yesner no defense and judgment should be entered in the University's favor.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                       -25-
Case No. 3:19-cv-00136-HRH

147915883.4

DATED: May 11, 2020.

**PERKINS COIE LLP**

s/Danielle M. Ryman
Danielle M. Ryman, Alaska Bar No. 9911071

s/Sarah L. Schirack
Sarah L. Schirack, Alaska Bar No. 1505075

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF ALASKA
SYSTEM

**CERTIFICATE OF SERVICE**

I hereby certify that on May 11, 2020 I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

s/ Danielle M. Ryman

UNIVERSITY OPPOSITION TO
YESNER'S MOTION FOR PARTIAL
SUMMARY JUDGMENT
*Dutchuck. v. Yesner*                    -26-
Case No. 3:19-cv-00136-HRH

147915883.4

Case 3:19-cv-00136-HRH   Document 75   Filed 05/11/20   Page 26 of 26

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108