Danielle M. Ryman
DRyman@perkinscoie.com
Sarah L. Schirack
SSchirack@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF
ALASKA SYSTEM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, JOANNA WELLS, NORMA JOHNSON, AND JANE DOE VI, <br><br> Plaintiffs, <br><br> v. <br><br> DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM, <br><br> Defendants. | Case No. 3:19-cv-00136-HRH |

**DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND SUPPORTING MEMORANDUM**

Plaintiffs brought this lawsuit against the University of Alaska Board of Regents

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM                                                                -1-
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Case 3:19-cv-00136-HRH   Document 91   Filed 06/29/20   Page 1 of 10

and University of Alaska System (collectively, the "University") and David Yesner, a former professor at the University, alleging that Dr. Yesner sexually harassed and assaulted them. The Court dismissed all of Plaintiffs' Theresa Dutchuk, Ranna Wells, Norma Johnson, and Jane Doe VI (collectively, Motion-Plaintiffs) Title IX claims raised in their Second Amended Complaint without leave to amend. Order, Docket No. 67 at 20.

The Court granted Plaintiffs limited leave to amend the Complaint to add plausible and timely pre-harassment[1] Title IX claims. *Id.* at 20-21. On May 8, 2020, Plaintiffs filed their Third Amended Complaint (TAC). Docket No. 74.

The University moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss all of Motion-Plaintiffs' Title IX claims against the University because they are time barred by the applicable two-year statute of limitations.

## I. FACTS

David Yesner was a faculty member of the University. TAC ¶ 9.[2] Motion-Plaintiffs were all students at the University who interacted with Dr. Yesner in his

---

[1] The Court's order acknowledged that the Plaintiffs could potentially allege "pre-assault or pre-harassment" claims. Order at 21. Defendants will generally refer to any new claims potentially raised by Plaintiffs in the Third Amended Complaint collectively as simply "pre-harassment" claims.

[2] The University treats the allegations in the complaint as true for the purpose of this motion only. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998).

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

-2-

faculty capacity at various points between 1989 and 2017. *Id.* ¶¶ 40-61, 103-121, 122-129, 130-162. Plaintiffs allege that they experienced specific acts of harassment, retaliation, and assault perpetrated by Dr. Yesner. *See id.* ¶¶ 40-162.

On May 14, 2019, Plaintiffs filed this lawsuit. In their TAC, Plaintiffs do not include any additional facts regarding specific acts of harassment, retaliation, or assault that were not included in their previously dismissed Second Amended Complaint. Instead, Plaintiffs include additional allegations regarding an exposé published in a student newspaper, internal correspondence between the University and its Office of Civil Rights from 2017, and the results of an internal investigation conducted by outside council, which the University released to the public upon its completion in March 2019. *See id.* ¶¶ 13-19, 175-78, 191-94, 202-03. Plaintiffs also appear to re-raise all of their previously dismissed Title IX claims against the University, including (1) deliberate indifference to alleged sexual harassment in violation of Title IX; (2) deliberate indifference to a hostile education environment in violation of Title IX; and (3) retaliation in violation of Title IX.

## II. ARGUMENT

Rule 12(b)(6) tests the sufficiency of the Plaintiffs' claims. *See Chavez v. United States*, 683 F.3d 1102, 1108 (9th Cir. 2012). Under 12(b)(6), dismissal is appropriate if

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

-3-

the complaint fails to raise a plausible claim. *Zixiang Li v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Dismissal on statute of limitations grounds is appropriate if "the running of the statute is apparent on the face of the complaint." *Landow v. Bartlett*, Case No. 2:18-cv-00499-JAD-VCF, 2019 WL 8064074, at *5 (D. Nev. Nov. 18, 2019) (*quoting Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997 (9th Cir. 2006)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Zixiang Li*, 710 F.3d at 999 (*quoting Iqbal, 556 U.S. at 678*).

Federal courts apply the relevant state's statute of limitations for personal injury actions to claims arising under Title IX. *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, 1136 (9th Cir. 2006); *see also Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 616 (W.D. Tex. 2017). Alaska's statute of limitations for personal injury claims is two years. AS 09.10.070. Plaintiffs filed suit on May 14, 2019; any alleged violations of Title IX by the University must have occurred after May 14, 2017 for the claims to be timely. Motion-Plaintiffs do not allege conduct occurring within the applicable statute of limitations, and their Title IX claims should be dismissed.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

-4-

### A. Motion-Plaintiffs fail to cure their statute of limitations defects in the Third Amended Complaint.

As an initial matter, to the extent that Motion-Plaintiffs re-raise traditional or post-reporting Title IX claims, these should be dismissed for exceeding the scope of the Court's leave to amend the previously dismissed Second Amended Complaint.

To the extent that the TAC includes pre-harassment Title IX claims, Plaintiffs must plausibly allege that: "(1) a school maintained a policy of deliberate indifference to reports of sexual misconduct, (2) which created a heightened risk of sexual harassment that was known or obvious (3) in a context subject to the school's control, and (4) as a result, the plaintiff suffered harassment that was 'so severe, pervasive, and objectively offensive that it can be said to [have] deprive[d] the [plaintiff] of access to the educational opportunities or benefits provided by the school,'" to survive a 12(b)(6) motion to dismiss. *Karasek v. Regents of Univ. of California*, 956 F.3d 1093, 1112 (9th Cir. 2020) (revisions in original) (quoting *Davis v. Monroe Cty. Bd. of Educ.*, 526 U.S. 629, 650 (1999)). For statute of limitations purposes, Title IX claims accrue "when a plaintiff knows or has reason to know of the injury which is the basis of [the] action." *Stanley*, 433 F.3d at 1136 (*quoting Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991)). "The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Id.* (*quoting*

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

-5-

Case 3:19-cv-00136-HRH   Document 91   Filed 06/29/20   Page 5 of 10

*Abramson v. Univ. of Haw.*, 594 F.2d 202, 209 (9th Cir.1979)). The injury in a pre-harassment claim is essentially the same as in a traditional post-harassment deliberate indifference claim. *Karasek*, 956 F.3d at 1105, 1112 (stating the injury element for both traditional post-harassment and pre-harassment claims, respectively, as "severe, pervasive, and objectively offensive" harassment that deprives the plaintiff of "educational opportunities or benefits provided by the school." (*quoting Davis*, 526 U.S. at 650)).

As with their previous complaints, Motion-Plaintiffs fail to allege that they experienced any harassment within the relevant limitations period. No new allegations of specific incidents of harassment experienced by Motion-Plaintiffs within the limitations period have be asserted in the TAC. Motion-Plaintiffs just reassert the same allegations of harassment perpetrated by Dr. Yesner that were included in their previously dismissed complaint. TAC ¶¶ 40-61, 103-121, 122-129, 130-162. Motion-Plaintiffs' pre-harassment Title IX claims are therefore similarly time barred.

### B. Motion-Plaintiffs' claims cannot be saved by the discovery rule.

The discovery rule will toll the statute of limitations only until "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016) (citation omitted). As noted in

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

-6-

this Court's Order dismissing Motion-Plaintiffs' traditional post-harassment claims, "the Ninth Circuit first recognized [a pre-harassment] theory of Title IX liability in *Karasek*, issued on January 30, 2020." Order at 20. Consequently, no court within the Ninth Circuit, that we could identify, has discussed the application of the discovery rule in a case involving a pre-harassment Title IX claim.

Other District Courts that addressed this issue considered the factual distinctions between student-on-student harassment and faculty-on-student harassment when applying the discovery rule in pre-harassment Title IX cases. *Compare Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602, 616-17 (W.D. Tex. 2017) (involving a claim of student-on-student assault), *with King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 762 (5th Cir. 2015) (involving a claim of assault raised by a student against her teacher)). *King-White* is especially instructive because, as in the present case, it involves allegations that a teacher acted inappropriately toward a student.

In *King-White,* the court found that the discovery rule could not save an otherwise untimely teacher-on-student pre-assault Title IX claim against the school district because the plaintiffs (the student and her mother) were "sufficiently aware of the facts that would ultimately support their claims" at the time school district failed to respond to their complaints, even though the plaintiffs later discovered additional facts

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

-7-

evidencing an official district policy of indifference toward reports of teacher misconduct shortly before filing the lawsuit. 803 F.3d at 762-63. The *King-White* court reasoned that the plaintiffs knew at the time of the injury that the teacher was a school district employee and that the school district failed to adequately respond to their complaints. *Id.* The court concluded that this information was enough to prompt "a reasonable person to investigate [the school district's] conduct further." *Id.* at 763.

The distinction between faculty-on-student pre-harassment claims and student-on-student pre-harassment claims was later expressly acknowledged in *Hernandez*. 274 F. Supp. 3d at 617 ("Here, however, Plaintiff was sexually assaulted by another student. Unlike the plaintiffs in *King-White*, **where the abuser was a school employee**, Plaintiff therefore had no reason to suspect that Baylor's alleged deliberate indifference played a role in her assault." (emphasis added)). The discovery rule, therefore, cannot save Motion-Plaintiffs' pre-harassment claims. As in *King-White*, Motion-Plaintiffs' pre-harassment claims involve allegations of faculty-on-student harassment. Throughout the Third Amended Complaint, Plaintiffs concede their awareness of Dr. Yesner's status as a University employee and of the University's alleged failure to act on their multiple reports of Dr. Yesner's alleged misconduct. TAC at 2-3, ¶¶ 9, 20, 26, 38-39, 104, 123, 130, 142, 164, 166, 169, 181, 191-92, 198, 203, 207.
**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-8-

148576641.1

Motion-Plaintiffs' circular allegations fail to state "plausible, **timely** pre-assault or pre-harassment Title IX claims," as instructed by the Court. Order at 21 (emphasis added). Plaintiffs' allegations in the TAC boil down to this: each plaintiff knew that Dr. Yesner was subjecting them to unlawful harassment; each knew that Dr. Yesner was a University employee; each plaintiff expected the University to respond to theirs and others' allegations; and each plaintiff alleges that she observed the University's failures to act—while at the same time claiming that none of the Plaintiffs could have possibly known of the University's alleged policy of deliberate indifference until the March 2019 investigation report was published by the University. In determining when the statute of limitations accrues, the Court focuses on "the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful." *Stanley*, 433 F.3d at 1136 (*quoting Abramson*, 594 F.2d at 209). Just like the plaintiffs in *King-White*, Motion-Plaintiffs' allegations in the TAC indicate that they had more than enough information to prompt a reasonable person to further investigate the University's potential policy of deliberate indifference well before the March 2019 investigation report.

Therefore, Motion-Plaintiffs' pre-harassment Title IX claims cannot be saved by the discovery rule and are barred by the applicable statute of limitations.

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

-9-

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Case 3:19-cv-00136-HRH   Document 91   Filed 06/29/20   Page 9 of 10

## III. CONCLUSION

For the reasons stated above, all Title IX claims raised by Plaintiffs Dutchuk, Wells, Johnson, and Doe VI against the University are untimely and should be dismissed.

DATED: June 29, 2020.

**PERKINS COIE LLP**

s/Danielle M. Ryman
Danielle M. Ryman, Alaska Bar No. 9911071

s/Sarah L. Schirack
Sarah L. Schirack, Alaska Bar No. 1505075

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF ALASKA
SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2020, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

s/ Danielle M. Ryman

DEFENDANTS' UNIVERSITY OF ALASKA BOARD OF REGENTS
AND UNIVERSITY OF ALASKA SYSTEM PARTIAL MOTION TO
DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT AND
SUPPORTING MEMORANDUM
*Doe, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH
148576641.1

-10-

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108