Anthony G. Buzbee* (TX Bar No. 24001820)(*Admitted Pro Hac Vice)*
tbuzbee@txattorneys.com
Cornelia Brandfield-Harvey* (TX Bar No. 24103540)(*Admitted Pro Hac Vice*)
cbrandfieldharvey@txattorneys.com
THE BUZBEE LAW FIRM
600 Travis Street, Suite 7300, Houston, TX 77002

Nicole C. Cusack (AK Bar No. 1511093)
nicole@cusacklawak.com
CUSACK LAW, LLC
2665 East Tudor Road, Suite 202
Anchorage, AK 99507

Charles Sturm* (TX Bar No. 1511093)(*Admitted Pro Hac Vice*)
csturm@sturmlegal.com
STURM LAW PLLC
712 Main Street, Suite 900

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, JOANNA WELLS, NORMA JOHNSON, AND JANE DOE VI<br><br>*Plaintiffs*<br><br>vs.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>*Defendants* | **Case No.: 3:19-cv-00136-HRH**<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT AND SUPPORTING MEMORANDUM** |

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

1

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 1 of 14

# PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM

COME NOW, Plaintiffs, and file this Response in Opposition to Defendants University of Alaska Board of Regents and University of Alaska System's Partial Motion to Dismiss and Supporting Memorandum and would respectfully show this Court the following:

## I. STANDARD OF REVIEW

A 12(b)(6) motion should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 44-46 (1957). The question before the Court in examining a 12(b)(6) motion is whether the plaintiff's complaint states any valid claim for relief. *Id.* Since federal courts simply require "notice pleading," the Court construes a plaintiff's pleading liberally, and lack of detail does not constitute a sufficient ground to dismiss a complaint under Rule 12(b)(6). *Strauss v. City of Chicago*, 760 F.2d 765, 767 (7th Cir. 1985). To survive a challenge under Alaska R. Civ. P. 12(b)(6), it is enough that the complaint sets forth allegations of fact consistent with and appropriate to some enforceable cause of action. *Kollodge v. State*, 757 P.2d 1024 (Alaska 1988). A motion to dismiss under rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Id*. The strict standard of review under rule 12(b)(6) has been summarized as follows: "The question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved in his

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM  2
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 2 of 14

behalf, the complaint states any valid claim for relief." CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND 18 PROCEDURE § 1357, at 601 (1969); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). When attacked pursuant to Rule 12(b)(6), well-pled allegations in a complaint must be treated as true, and all reasonable inferences drawn in the plaintiff's favor. *Christie v. Standard Ins. Co.*, No. C 02-02520 WHA, 2002 U.S. Dist. LEXIS 22062 at *5 (N.D. Cal. July 19, 2002)

## II. ARGUMENT AND AUTHORITIES

### A. PLAINTIFFS' PRE-ASSAULT AND PRE-HARASSMENT CLAIMS ARE PROPERLY PLEAD AND ARE NOT SUBJECT TO DISMISSAL.

**1. The elements of pre-assault and pre-harassment claims are plausibly alleged.**

A pre-assault claim survives a motion to dismiss if the plaintiff plausibly alleges that:

(1) a school maintained a policy of deliberate indifference to reports of sexual misconduct;

(2) which created a heightened risk of sexual harassment that was known or obvious;

(3) in a context subject to the school's control; and

(4) as a result, the plaintiff suffered harassment that was "so severe, pervasive, and objectively offensive that it can be said to [have] deprive[d] the [plaintiff] of access to the educational opportunities or benefits provided by the school."

*Karasek v. Regents of the Univ. of Cal.*, 956 F.3d 1093 (9th Cir. 2020).

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

3

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 3 of 14

Plaintiffs have properly alleged their pre-assault and pre-harassment claims in their Third Amended Complaint ("TAC") per the Court's April 9, 2020 order.[1] More notably, unlike an individual claim where a Plaintiff must show that the University had actual knowledge of the harassment, allegations that University of Alaska had actual knowledge or acted with deliberate indifference to a particular incident of harassment are **unnecessary** to sustain this [pre-assault] theory of liability.

> But the calculus shifts when a plaintiff alleges that a school's "official policy" violates Title IX. *See Gebser*, 524 U.S. at 290. In that context, the school has "intentionally violate[d] the statute." *Davis*, 526 U.S. at 642. A school need not have had actual knowledge of a specific instance of sexual misconduct or responded with deliberate indifference to that misconduct before damages liability may attach. *See Gebser*, 524 U.S. at 290; *see also Mansourian v. Regents of Univ. of Cal.*, 602 F.3d 957, 967 (9th Cir. 2010) ("[W]here the official policy is one of deliberate indifference to a known overall risk of sexual harassment, notice of a particular harassment situation and an opportunity to cure it are not predicates for liability.").

*Id.* at 1169.

Here, University of Alaska maintained a policy of deliberate indifference to reports of sexual misconduct by keeping Professor David Yesner employed on its staff and allowing him to remain on campus for years and continuing to teach young women, where he had easy access to them for many hours at a time. Women and others had reported Professor Yesner's misconduct to the school through the years, yet the University took no action. In the face of these multiple reports and complaints, it is **now** known that, rather than act to protect students, what the University did instead was continue to reward Yesner

---

[1] *See* Plaintiffs' Third Amended Complaint, Docket No. 74; *See* Order, Docket No. 67.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

4

for his sexual harassment, sweeping the students'/Plaintiffs' complaints under the rug and awarding Yesner with promotion after promotion within the Anthropology Department and within the graduate school. The University even appointed Defendant Yesner Associate Graduate School Dean of UAA for two terms and ultimately bestowed "Emeritus" status upon him – a highly coveted and one of the more highly prestigious positions at any University. Once a professor achieves "Emeritus" status, he is allowed unrestricted access to the University forever. He can come and go as he pleases with no supervision. Despite extensive reports of Defendant Yesner's history of sexually harassing and sexually abusing female students, the University allowed him even more leeway and an unfettered gateway to prey on young female students on campus. Plaintiffs reasonably believed that the University would handle their complaints appropriately, and reasonably believed that the University was handling their complaints appropriately. It is now known that this was not the case.

This policy of failing to investigate or address repeated complaints about Yesner's created a heightened risk of sexual harassment. This indifference to Yesner's abhorrent conduct allowed him the ability to further sexually harass and sexually assault Plaintiffs as well as other women. This heightened risk of sexual harassment and assault was in a context subject to University of Alaska's control because Professor Yesner was an employee of University of Alaska and therefore subject to its control as well as these events happened within the context of a professor-student relationship. As a result, these Plaintiffs suffered harassment that was so severe, pervasive and objectively offensive that it can be

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

5

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 5 of 14

said to have deprived the Plaintiffs of access to the educational opportunities or benefits provided by University of Alaska. For example, Plaintiffs had to withdraw from the University or add more years to their studies, incurring more debt, as well as seek counseling and actively expend their energy trying to avoid a sexual predator as a result. They were not able to enjoy the education opportunities afforded by the school due to University of Alaska's and David Yesner's misconduct.

The risk of the prevalence of sexual harassment and sexual assault on college campuses is a well-known issue across the country and the world and certainly something to which University of Alaska was aware of at the time. When the time comes, through discovery, the evidence will support the allegations alleged in the Complaint. For now, Plaintiffs have properly pled pre-assault and pre-harassment claims in their Third Amended Complaint, and therefore Defendants' Motion to Dismiss must be denied.

### 2. Plaintiffs' claims did not accrue until 2019.

The statute of limitations for personal injury claims in Alaska is two years. AS 09.10.070(a). "Although Title IX borrows a state statute of limitations period, federal law governs the 'determination of the point at which the limitations period begins to run.'" *Stanley*, 433 F.3d at 1136 (quoting *Hoesterey v. City of Cathedral City*, 945 F.2d 317, 319 (9th Cir. 1991)). "'[T]he touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action.'" *Id.* (quoting *Hoestery*, 945 F.2d at 319).

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM  6
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 6 of 14

Defendants confusingly attack Plaintiffs' Third Amended Complaint as untimely because "No new allegations of specific incidents of harassment experienced by Motion-Plaintiffs within the limitations period have been asserted in the TAC"[2] and "Motion-Plaintiffs just reassert the same allegations of harassment perpetrated by Dr. Yesner that were included in their previously dismissed complaint."[3] However, Defendants seem to misunderstand the definition of injury in a Title IX claim. The "injury" in a Title IX claim is not the underlying sexual assault, but the effect of a sexually hostile environment created by the recipient institution's own misconduct. By the very terms of the statute, Title IX forbids an educational institution from discriminating against any of its students on the basis of their sex. 20 U.S.C.A § 1681. Absent from this proscription is any mention of sexual misconduct experienced by students. Because of this, there is an implied right of action under Title IX, when an educational institution responds clearly unreasonably to known sexual misconduct, thus creating a sexually hostile environment for the victim. *Wills v. Brown U.,* 184 F.3d 20 (1st Cir. 1999). One form of Title IX "discrimination" is deliberate indifference to known sexual misconduct. *Wills v. Brown U.*, 184 F.3d 20 (1st Cir. 1999). The "injury" in this case was University of Alaska's own misconduct. Plaintiffs first knew of this injury in March 2019. Plaintiffs filed suit in 2019 and amended their complaint in 2020 to add pre-assault and pre-harassment claims, therefore making their pre-assault and pre-harassment claims timely.

---

[2] See Motion to Dismiss, Docket No. 91 at 6.
[3] *Id.*

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH
7

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 7 of 14

Plaintiffs are/were college and graduate students at the time alleging pre-assault and pre-harassment claims against the University. Plaintiffs' claims accrued when they each **FIRST** became aware of the University of Alaska's deliberate indifference to such misconduct when a formal report was finally issued in March 2019.

Plaintiffs had no reason to know the University had failed to stop the abuse prior to March 2019 when the explosive report was released. Plaintiffs were under the impression that the University was handling their complaints appropriately as any reasonable person would. Moreover, Plaintiffs were not in a circumstance in which a reasonable person would have investigated further. Even if Plaintiffs would have investigated further, all of this information was being actively concealed by University of Alaska, and would likely assert federal student privacy protections making it impossible for Plaintiffs to learn these facts with reasonable diligence at the time.[4] Similarly, Plaintiffs had no reasonable basis of knowing, or discovering, University of Alaska's intentional violation of Title IX until the March 2019 report was released. With University of Alaska's cooperation, it took a years-long investigation by an independent law firm hired by University of Alaska to reveal University of Alaska's intentional violation of Title IX. Surely, it would be unreasonable to expect Plaintiffs to have had the same access, resources, and ability to investigate on their own.

Two years prior to conducting the formal investigation with an outside entity, the

---

[4] *See* 20 U.S.C. §1232(g) ("FERPA").

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

8

Office of Civil Rights ("OCR") wrote a letter to the University of Alaska President Jim Johnsen, saying that the University had "violated Title IX" with regards to its response to sexual harassment complaints, among other failings. Although this letter was at some point ultimately made public, it did not identify the Plaintiffs in this case as the victims described.

The March 15, 2019 report is explosive. It reveals, that at a minimum, the University of Alaska, Anchorage, received over eighty-six reports of sexual harassment from July 2017 to June 2018, and not ONE report resulted in a formal investigation, much less the imposition of discipline. No one would have known this information, other than those who run the University; this information was not available for public consumption until it was leaked to the press in March 2019.

At the time of the allegations contained herein, Plaintiffs were unaware of University of Alaska's pervasive failings regarding its response to a known issue of sexual misconduct within its faculty dating back several years before Plaintiffs' sexual harassment and assault. Because University of Alaska actively concealed this information from Plaintiffs and the general public, Plaintiffs could not, with reasonable diligence, have learned this information independently. Plaintiffs first learned of University of Alaska's deliberate indifference to a known issue of sexual misconduct within its faculty regarding Professor David Yesner in March of 2019 when the Pontius Law Offices, hired by the University to investigate, released its findings of an independent investigation for review. Plaintiffs were unaware of the University's **_own_** misconduct until March of 2019 when the Pontius Law Offices released its findings from its independent investigation.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM  9
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 9 of 14

Plaintiffs filed their lawsuit in May 2019, well within the two-year statute of limitations period for Title IX claims, therefore making their claims timely.

This Court even remarked in its April 9, 2020 order that Plaintiffs' pre-assault and pre-harassment claims are "plausible" and "timely"[5].

For the reasons set forth above, Plaintiffs' claims are timely as they are well within the two-year statute of limitations period for Title IX claims and therefore Defendants' Motion must be dismissed.

### a. The statute of limitations applicable to Plaintiffs' claims are tolled by the discovery rule.

Even if Plaintiffs' claims did accrue earlier than 2019 – which Plaintiffs maintain they did not – Plaintiffs' claims would be tolled by the discovery rule for similar reasons as outlined above.

"In general, the discovery rule applies to statutes of limitations in federal litigation, that is, federal law determines when the limitations period begins to run, and the general federal rule is that a limitations period begins to run when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Lyons v. Michael & Assocs.*, 824 F.3d 1169, 1171 (9th Cir. 2016).

Plaintiffs' claims accrued when they each **FIRST** became aware of the University of Alaska's deliberate indifference to such misconduct when a formal report was finally issued in March 2019.

---

[5] Order, Docket No. 67 at 21

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

10

Plaintiffs had no reason to know the University had failed to stop the abuse prior to March 2019 when the explosive report was released. Plaintiffs were under the impression that the University was handling their complaints appropriately as any reasonable person would. Defendants attempt to surmise that Plaintiffs somehow could have known of the University's own misconduct by the fact that Plaintiffs knew Defendant Yesner was an employee of University of Alaska. Defendants cite to the case of *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754 (5th Cir. 2015) to support this position. This argument is misguided. Just because Plaintiffs knew Professor Yesner was employed by the University does not mean they knew the University was deliberately failing to stop the abuse. Additionally, by that logic, one could turn *Hernandez v. Baylor Univ.*, 274 F. Supp. 3d 602 (W.D. Texas 2017) on its head and argue that the Plaintiff in that scenario knew the person who was assaulting her was a student of the school so therefore by automatic association she must have known of Baylor's own misconduct because the individual was a student at the school. However, that makes no sense. The Court in *Hernandez* did not make such a ruling and for good reason and ruled that Baylor's motion to dismiss was denied as to Plaintiff's pre-assault claim, finding that Plaintiffs' claims did not accrue until later investigations revealed Baylor's role in her assault and were therefore timely. *Id.* The Court's reasoning in *King-White* is flawed and this Court should not afford it any weight in making its ruling on this Motion to Dismiss. Just as the Court did in *Hernandez*, this Court should do the same in denying Defendants' Motion to Dismiss.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH
11

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 11 of 14

Additionally, the facts and circumstances in *King-White* are very different than the facts and circumstances in this case. There, the events involved a school district with a minor where the victim was *living* with her teacher (a living arrangement to which the mom consented) from the age of 16 until she graduated high school. Here, the Plaintiffs were not living with Professor Yesner as minors attending high school.

Once again, Plaintiffs had **no way to know** of the University's *own* misconduct until March 2019.

If Plaintiffs' claims were to have accrued earlier, then Plaintiffs' claims are still timely as they are tolled by the discovery rule. Defendants' Motion must be denied.

## III.  CONCLUSION

In conclusion, Plaintiffs have properly pled pre-assault and pre-harassment claims in their Third Amended Complaint pursuant to the Court's April 9, 2020 order and Plaintiffs' claims are timely as Plaintiffs' claims did not accrue until 2019 and they filed suit within the two-year statute of limitations. Therefore, Defendants' Motion to Dismiss must be denied.

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH
12

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 12 of 14

Respectfully submitted this 27th day of July, 2020.

By: */s/ Cornelia Brandfield-Harvey*
Anthony G. Buzbee
 (*Admitted Pro Hac Vice*)
*Attorney in Charge*
Texas Bar No. 24001820
Federal Bar No. 22679
Cornelia Brandfield-Harvey
(*Admitted Pro Hac Vice*)
Texas Bar No. 24103540
Federal Bar No. 3323190
**THE BUZBEE LAW FIRM**
600 Travis Street, Suite 7300
Houston, Texas 77002
Tel: (713) 223-5393
Fax: (713) 522-5909

Nicole C. Cusack (AK Bar No. 1511093)
**CUSACK LAW, LLC**
2665 East Tudor Road, Suite 202
Anchorage, AK 99507
Tel: (907) 903-4428

Charles Sturm
*(Admitted Pro Hac Vice)*
**STURM LAW PLLC**
Texas Bar No. 1511093
Federal Bar No. 21777
712 Main St, Suite 900
Houston, TX 77002
Tel: (713) 955-1800

**ATTORNEYS FOR PLAINTIFFS**

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM     13
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH
Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 13 of 14

# CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2020 I filed a true and correct copy of the forgoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

*/s/ Cornelia Brandfield-Harvey*
Cornelia Brandfield-Harvey

PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM'S PARTIAL MOTION TO DISMISS AND SUPPORTING MEMORANDUM    14
*Doe, et al. v. University of Alaska Board of Regents, et al.*
Case No. 3:19-cv-00136-HRH

Case 3:19-cv-00136-HRH   Document 94   Filed 07/27/20   Page 14 of 14