Danielle M. Ryman
DRyman@perkinscoie.com
Sarah L. Schirack
SSchirack@perkinscoie.com
PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF
ALASKA SYSTEM

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| THERESA DUTCHUK, ANNALISA HEPPNER, LIZ ORTIZ, JOANNA WELLS, NORMA JOHNSON, AND JANE DOE VI,<br><br>Plaintiffs,<br><br>v.<br><br>DAVID YESNER, UNIVERSITY OF ALASKA BOARD OF REGENTS AND UNIVERSITY OF ALASKA SYSTEM,<br><br>Defendants. | Case No. 3:19-cv-00136-HRH |

**MOTION TO COMPEL DISCOVERY RESPONSES**

Defendants University of Alaska Board of Regents and University of Alaska System

(collectively, "the University"), by and through their attorneys, Perkins Coie LLP, hereby move

the Court pursuant to the Federal Rule of Civil Procedure Rule 37(a), to compel Plaintiffs to

provide complete responses to the University's discovery requests served on November 19, 2020.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-1-

The University attempted to meet and confer with the Plaintiffs multiple times in a good faith effort to obtain the requested discovery, but to date, Plaintiffs have not provided complete responses, and have recently stopped responding to the University's communications regarding discovery. Accordingly, the University asks the Court for an order compelling Plaintiffs to provide complete discovery responses.

The University certifies that it has in good faith attempted to confer with Plaintiffs prior to filing this motion regarding discovery requests in an effort to secure compliance without court action under Local Rule 37.1. Plaintiffs' counsel has stopped responding to the University's counsel regarding this discovery dispute, and thus the University is unable to "present that dispute to the court in a single, joint motion, stating the issue, any applicable rules, and each party's proposed disposition of the dispute," as stated in this Court's June 7, 2021 Order. Dkt. 108. However, the University's counsel does provide below the objections raised by Plaintiffs' counsel in their discovery responses.

## BACKGROUND

Plaintiffs Theresa Dutchuk, Annalisa Heppner, Liz Ortiz, Joanna Wells, Norma Johnson, and Jane Doe VI filed claims against Defendants David Yesner and the University on May 15, 2019. Plaintiffs amended their complaint three times after a series of motions to dismiss.

Plaintiffs allege that Defendant Yesner sexually harassed them, and that the University was deliberately indifferent to his conduct, created a hostile educational environment, and retaliated against them by withholding protections otherwise conferred by Title IX. Plaintiffs say that this resulted in "significant and pervasive . . . emotional distress . . . causing significant

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-2-

damage to their mental health." Dkt. 74, at 3. Specifically, Plaintiffs ask for "damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, loss of past, present, and future enjoyment of life and past and present lost earnings and earning capacity" that they allegedly suffered as a result of Defendant Yesner's physical contact, fear of such contact, and purported retaliation. Dkt 74, at 60-65, 67. For example:

- Plaintiff Dutchuk claims that Defendant Yesner's photographs of her and other women caused "immeasurable and emotionally crippling" pain and suffering. Dkt. 74, at 26.

- Plaintiff Johnson claims that Defendant Yesner's alleged actions caused distress such that "[s]he could not focus on work." Dkt. 74, at 43.

- Plaintiff Doe VI claims that her experiences with Defendant Yesner were "terrifying and traumatizing" such that they have "haunted [her] for years and years and well into her later life." Dkt 74, at 46.

On November 19, 2020, the University served Plaintiffs with its First Set of Interrogatories, Requests for Production, and Requests for Admission. After providing Plaintiffs with numerous extensions of time to respond, yet still receiving incomplete responses, the University sent Plaintiffs a meet and confer letter on March 15, 2021 in an effort to obtain the requested discovery without court action. Ex. 1. The letter requested that Plaintiffs provide supplemental responses within two weeks. Rather than doing so, at the end of the two weeks Plaintiffs' counsel asked for a one-week extension, to which the University agreed. Ex. 2. But, instead of providing any supplemental discovery, at the end of the one-week extension Plaintiffs simply sent their much-delayed preliminary witness list and initial disclosures (which were due in early January, *see* Dkt. 102, 103).

The University followed up with Plaintiffs' counsel again on the status of the outstanding

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-3-

discovery on April 7, and the next day Plaintiffs' counsel replied that she "may need another week." Ex. 3. Plaintiffs' counsel did, however, clarify that she simply did not plan to supplement a number of requests at all. She told the University that, in essence, Plaintiffs would not provide authorizations for the release of medical records because: (1) Defendants could only have medical records that Plaintiffs chose to provide, and (2) Plaintiffs would not produce records that predate the alleged incidents or that Plaintiffs subjectively deem irrelevant to the alleged incidents. *Id.* Plaintiffs' counsel noted that she "anticipated supplementing with reports from expert witnesses to calculate economic damages and noneconomic damages," but said nothing of the discovery that the University had requested that would necessarily guide its own expert analyses. *Id.* At the end of April, Plaintiffs' counsel then sent a quasi-expert recent "diagnostic evaluation" for Plaintiff Dutchuk conducted by Suzi Phelps, Ph.D., Clinical Psychologist, on April 20, 2021, along with a set of still incomplete supplemental discovery responses for her, Ex. 4, but still refused to provide any supporting contemporaneous medical records. Plaintiffs' counsel has not provided supplemental discovery responses for any of the other five Plaintiffs.

On May 18, the University responded to Plaintiffs' counsel and again explained how each of the University's discovery requests and interrogatories were specifically tailored to elicit documents and responses relevant to Plaintiffs' claims and alleged damages in this case, as well as the University's potential defenses. Ex. 5. The University requested a response within a week, but heard nothing back from Plaintiffs' counsel. Instead, Plaintiffs' counsel sent recent quasi-expert "diagnostic evaluations" for Plaintiffs Doe VI and Heppner, also conducted by Suzi Phelps, Ph.D., Clinical Psychologist, similar to the one that was previously sent for Plaintiff

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-4-

Dutchuk—again without making any mention of the discovery necessary to inform and support any independent expert analyses, or any of the Plaintiffs' other claims and the University's defenses, that Plaintiffs' counsel had still yet to provide.

Finally, on June 8, the University's counsel sent Plaintiffs' counsel a list of four available days to discuss these discovery issues via phone the following week, but Plaintiffs' counsel never responded.[1] Ex. 6. Mr. Yesner's counsel replied with her availability at 9:35am on June 11, *id.*, but Plaintiffs' counsel never replied to that message, either. Plaintiffs' counsel clearly was not away or otherwise unavailable: at 6:50pm on June 11, Plaintiffs' counsel circulated yet another quazi-expert "diagnostic evaluation" conducted by Suzi Phelps, Ph.D., Clinical Psychologist on May 24, 2021, this time for Plaintiff Norma Johnson. Ex. 7.

## ARGUMENT

Discovery is construed broadly under Fed. R. Civ. P. 26(b)(1) if it may result in documents and responses relevant to a plaintiff's claims and alleged damages, as well as the defendant's potential defenses. The Ninth Circuit has made clear that "wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for truth." *Epstein v. MCA, Inc.*, 54 F.3d 1422, 1423 (9th Cir. 1995). Accordingly, "[d]iscovery rules are liberally construed to promote the just, speedy, and inexpensive resolution of litigation." *Travelers Cas. & Sur. Co. of Am. v. Gelbrich*, No. A04-0165 CV (RRB), 2005 WL 1958418, at *1 (D. Alaska Aug. 12, 2005). Plaintiffs are therefore required to "make a good faith effort to

---

[1] Plaintiffs' counsel has also never responded to a May 26, 2021 email from the University's counsel regarding deposition scheduling.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-5-

fully answer Defendant's interrogatories," and likewise provide the requested discovery materials. *Id.* at \*2. Where a plaintiff fails to provide adequate discovery, Fed. R. Civ. P. 37(a)(3)(B) permits a party to move the court to compel discovery once they have attempted to engaged in a "live exchange of ideas and opinions" on the outstanding discovery requests, as the University's counsel has attempted to do here without response from Plaintiffs' counsel. *Soto v. City of Concord*, 162 F.R.D. 603, 623 (N.D. Cal. 1995).

Although Plaintiffs' counsel has suggested that more information would be forthcoming during Plaintiffs' depositions, deposition testimony is not a substitute for interrogatory responses under the federal rules.[2] As the comments to FRCP 33 notes, "[t]here is no reason why interrogatories should be more limited than depositions, particularly when the former represent an inexpensive means of securing useful information." The University is entitled to fulsome interrogatory responses and document production on issues that might inform its defenses and potential experts' assessments of liability and damages.

The University is entitled to the following categories of information because the responses are necessary to the University's defense:

- prior educational background information and transcripts

- tax returns and W-2s

- information about their employment and earnings both before and after

---

[2] Plaintiffs' counsel has not responded to the University's counsel's email regarding depositions scheduling, sent over a month ago. It is important that the University receive the requested discovery in advance of any depositions to make the depositions worthwhile and efficient.

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-6-

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

graduation

- medical information and records sufficient to allow the trier of fact to distinguish whether their alleged "severe mental anguish" is due to the events alleged in the Complaint or other sources

- information about the damage amounts requested

- comprehensive details from each Plaintiff regarding to whom, how, and precisely when they reported the conduct alleged issue in this suit, among other information detailed below.

**A. Interrogatory Nos. 3**

Interrogatory No. 3 asks Plaintiffs to "identify and describe in detail any mental anguish, emotional pain and suffering, loss of life enjoyment, or other mental health condition that [Plaintiffs] faced prior to meeting Defendant Yesner, and whether [Plaintiffs] received treatment for same." None of the Plaintiffs provided a substantive response to this interrogatory. Instead, they all objected that the information was "not reasonably calculated to lead to the discovery of relevant and/or admissible evidence," and objected to it as "harassing and annoying and beyond the scope of discovery." *See* Exs. 8-13 (Plaintiffs' discovery responses). Although Plaintiffs' counsel provided "diagnostic evaluation[s]" from a clinical psychologist for Plaintiffs Jane Doe VI, Heppner, Dutchuk, and Johnson those evaluations provide minimal—if any—historical information, as is needed to rigorously and independently evaluate Plaintiffs' claims and alleged damages.

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-7-

This interrogatory is intended to elucidate the Complaint's Prayer for Relief (Dkt. 74, at 67) which requests "damages for past, present, and future emotional pain and suffering" and "ongoing and severe mental anguish," and is thus reasonably calculated to lead to the discovery of relevant and admissible evidence. This information is relevant because the University fairly must be able to separate any pre-existing mental anguish, emotional pain and suffering, loss of life enjoyment, or other mental health conditions that Plaintiffs faced prior to the events alleged in the Complaint to understand the damages potentially attributable to the allegations in the Complaint, and not other sources.

Because Plaintiffs have put their "severe mental anguish" directly at issue in this lawsuit, there is a specific need for the medical information requested. *See* Alaska R. Evid. 504(b). In considering the scope of Alaska R. Evid. 504(b), the Alaska Supreme Court has clarified that claims that go beyond "garden-variety mental anguish claims," as do the claims at issue here, necessarily place the plaintiffs' mental condition in controversy and place related information outside the scope of any otherwise applicable privilege. *Kennedy v. Municipality of Anchorage*, 305 P.3d 1284, 1289-92 (Alaska 2013). "A claim is not a garden-variety anguish claim if it involves a diagnosable mental disease or disorder, medical treatment or medication, longstanding, severe, or permanent emotional distress, physical symptoms, or expert testimony. Garden-variety claims will typically involve *emotions* rather than *conditions*." *Id.* at 1292. Because Plaintiffs' allege "severe mental anguish," their claims are not garden variety and thus the information requested is not privileged.

Comparing the two *Kennedy* plaintiffs helpfully illustrates the difference between claims

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-8-

that are garden-variety versus those that are not, and confirms that the Plaintiffs here allege only the former. The first plaintiff in *Kennedy* "described his mental anguish claim by referring to simple emotions. He asserted that he was 'very angry, disappointed, and occasionally sad,'" which the Court held were garden variety. But the second plaintiff "described more severe symptoms," including being "disturbed" by the alleged discrimination, and saying that it made him "feel sad, resulting in lower activity and feeling anxious, empty, hopeless, helpless, worthless, guilty, irritable[,] and restless," and caused him "insomnia, fatigue, loss of energy, aches and pains, and a strained relationship with my wife and children." *Id.* The Alaska Supreme Court held that these claims were not garden variety claims because the alleged "symptoms could suggest that he may suffer from a diagnosable medical condition." *Id.* So too here.

Like the second plaintiff in *Kennedy*, Plaintiffs are seeking damages for prolonged emotional distress that they explicitly describe as "severe mental anguish." Dkt. 74, at 67. It is hardly fair to the University to have to defend against Plaintiffs'' claims and requested damages without understanding the scope and extent of Plaintiffs' alleged mental anguish related to the alleged events in the Complaint versus those which may be attributable to other causes.

### B. Interrogatory No. 4

Interrogatory No. 4 asks Plaintiffs to "[i]dentify every person to which or whom you have inquired about or applied for employment since you first met Defendant Yesner," and asked them to state for each the date of the inquiry and/or application, the position(s) applied for, and whether they were offered an interview and/or position. This interrogatory is narrowly tailored to provide information relevant to Plaintiffs' claims that they have suffered "loss of earnings"

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-9-

and "loss of future earnings and earning capacity" (Dkt. 74 ¶¶ 189, 199, 208), as well as "damage to and delays in their careers" (Dkt. 74 ¶ 208) and "past and present lost earnings and earning capacity" (Dkt. 74, at 67), and thus is reasonably calculated to lead to the discovery of relevant and admissible evidence. Based on these claims, the University needs to be able to investigate all of the Plaintiffs' actual and potential employment opportunities to understand the full scope of alleged liability and damages potentially related to the claims in this case.

Plaintiffs Doe, Dutchuk, Johnson, and Ortiz provided no substantive response to this interrogatory and objected that the information was "overbroad and vague," and as "harassing, annoying and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence." *See* Ex. 12 at 6; Ex. 141 at 7; Ex. 10 at 6; and Ex. 8 at 6.

For the Plaintiffs who did provide responses to this interrogatory, their responses were incomplete, which prevents the litigation from proceeding in good faith. Specifically, Plaintiff Heppner provided answers that lacked dates. The University requires this information to understand when those employment applications occurred in relation to the alleged deliberate indifference, hostile environment, and retaliation that Plaintiff Heppner says caused her damages. Likewise, Plaintiff Wells provided her CV in response to Interrogatory No. 4, however her CV does not reflect any employment opportunities that she may have pursued but not gotten as a result of the allegations in the Complaint. Because the requested information is relevant to the alleged loss of earnings, loss of future earnings, and loss of earning capacity, Plaintiffs should be compelled to provide it.

### C. Interrogatory No. 5

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

Interrogatory No. 5 asks Plaintiffs to "[d]escribe in detail every educational pursuit and employment or position, including but not limited to self-employment and doctoral or postdoctoral work, you have held since you first met Defendant Yesner," and asked them to state for each the start and end dates of each position or relationship, the identity of the persons for whom they worked, their job titles, and the compensation earned. Plaintiffs Doe, Dutchuk, Johnson, and Ortiz provided no substantive response to interrogatory and objected that the request was "overbroad and vague," and as "harassing, annoying and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence." Ex. 12 at 6; Ex. 11 at 7; Ex. 10 at 6; and Ex. 8 at 6.

This interrogatory is narrowly tailored to provide information relevant to Plaintiffs' claims that they have suffered "damage to and delays in pursuit of [their] education" (Dkt. 74 ¶¶ 189, 199, 208) and "damages for deprivation of equal access to the educational benefits and opportunities provided by the University of Alaska" (Dkt. 74, at 67), and thus is reasonably calculated to lead to the discovery of relevant and admissible evidence. The University needs to be able to investigate all of the Plaintiffs' actual and potential educational opportunities to understand the full scope of alleged liability and damages potentially related to the claims here.

### D. Interrogatory No. 6

Interrogatory No. 6 asks Plaintiffs to "[d]escribe in detail the sources and amounts of all wages, salary, bonuses, fees, payments, commissions, and/or all other forms of earned or unearned income or financial support, including any forms of benefits from any insurance or government agency (e.g., unemployment, disability, workers' compensation, and/or social

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-11-

security) that you have received since you first met Defendant Yesner." None of the Plaintiffs provided a substantive response to this interrogatory, and instead all objected to it as "overbroad and vague," and as "harassing, annoying and not reasonably calculated to lead to the discovery of relevant and/or admissible evidence." Ex. 8 at 6; Ex. 9 at 8; Ex. 13 at 6; Ex. 11 at 7; Ex. 12 at 6; and Ex. 13 at 10.

This interrogatory is narrowly tailored to provide information relevant to Plaintiffs' claims they have suffered "loss of earnings" and "loss of future earnings and earning capacity" (Dkt. 74 ¶¶ 189, 199, 208), as well as "damage to and delays in their careers" (Dkt. 74 ¶ 208) and "past and present lost earnings and earning capacity" (Dkt. 74, at 67), and thus is reasonably calculated to lead to the discovery of relevant and admissible evidence. The University needs to be able to investigate all of the Plaintiffs' actual and potential sources of income to understand the full scope of the alleged liability and damages potentially related to the claims in this case.

### E. Interrogatory No. 8

Interrogatory No. 8 asks Plaintiffs to "[i]dentify all individuals who you have spoken to about the allegations in the Complaint at any point in time, and as to each person state the precise nature of what you told them regarding the allegations in the Complaint, the timeframe and means by which you communicated the information, and to your knowledge whether the person has made a written or oral statement concerning that information, and if so, the date of that statement." Plaintiffs Heppner and Wells's responses to this interrogatory are deficient. Both objected to this request as "overbroad and vague, harassing, unduly burdensome and annoying." Ex. 13 at 11-12; and Ex. 9 at 8-9.

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-12-

Although Plaintiff Heppner lists the individuals with whom she spoke about the allegations in the Complaint, she does not include the timeframes for those conversations, the nature of the communications, or whether she is aware if those individuals have made a written or oral statement, and if so, the date of their statement. And although Plaintiff Wells listed an individual with whom she spoke about the alleged harassment, she does not include the timeframes for those conversations, or whether she is aware if that individual made a written or oral statement, and if so, the date of their statement.

This interrogatory is narrowly tailored to provide information relevant to Plaintiffs' claims and the University's defenses because Plaintiffs' deliberate indifference claim rises and falls based on what certain individuals at the University allegedly knew, and when. The information not supplied is reasonably calculated to lead to the discovery of relevant and admissible evidence, and thus this Court should require Plaintiffs to provide a fulsome response.

### F. Interrogatory No. 9

Interrogatory No. 9 asks Plaintiffs to "describe in detail when, how, and to whom you communicated any alleged complaints against Defendant Yesner, and the precise nature of the complaint, as well as when, how, and from whom you received a response, and the precise nature of the response." Plaintiff Heppner's response to this interrogatory is deficient: she provided six names, but no additional information, and objected to the request as "overbroad and vague."

Plaintiff Heppner's response does not detail when and how she communicated her alleged complaints, nor the precise nature of those complaints or any details regarding potential responses. This interrogatory is narrowly tailored to provide information relevant to the claims

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-13-

in this suit because Plaintiffs' deliberate indifference claim rises and falls based on what certain individuals at the University allegedly knew, and when. The information not supplied is reasonably calculated to lead to the discovery of relevant and admissible evidence, and thus this Court should require Plaintiffs to provide a fulsome response.

### G. Request for Production No. 2

Request for Production No. 2 asks Plaintiffs to produce "original, completed, signed, and notarized authorizations for the release of medical, employment, social security, education, and income tax information." The University included blank authorizations for the release of this information with its discovery requests. None of the Plaintiffs provided a substantive response to this request and instead objected that "this request seeks information that is not relevant and would not lead to discovery of admissible evidence; the request lacks specificity; the request is vague and unclear; the request is overbroad and not reasonably tailored to include only a request for relevant information; the request is unduly burdensome, harassing, annoying. The Alaska Rules of Civil Procedure and Federal Rules of Civil Procedure do not authorize a creation of an authorization for a third party to deliver information to a litigant. The rules do not permit the trial court to force a party to create documents that do not exist, solely to comply with a request for production."

The Alaska Rules of Civil Procedure and Federal Rules of Civil Procedure do not prohibit such authorizations, and thus they are impliedly authorized and are a regular part of both Alaska and federal practice. Here, the releases are aimed at providing information relevant to Plaintiffs' claims, and thus are reasonably calculated to lead to the discovery of relevant and admissible

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-14-

evidence. Specifically, Plaintiffs' Complaint requests "damages for past, present, and future emotional pain and suffering, ongoing and severe mental anguish, loss of past, present, and future enjoyment of life and past and present lost earnings and earning capacity," (Dkt. 74, at 67), and thus information related to Plaintiffs' medical, employment, social security, education, and income is relevant to Plaintiffs' claims. The University must be able to investigate each of these aspects of Plaintiffs' claims to understand the full scope of the alleged liability and damages potentially related to the claims in this case, as separate from the impacts of any other life events that the Plaintiffs might have faced.

Regarding medical records in particular, because Plaintiffs allege "severe mental anguish," Defendants are entitled to broad discovery into their physical and emotional health— before, during, and after the alleged incidents—as discussed above. *See Kennedy v. Municipality of Anchorage*, 305 P.3d 1284, 1289-92 (Alaska 2013). To the extent that Plaintiffs plan to pursue their emotional distress claims and offer expert testimony on these claims—as the recent "diagnostic evaluations" by Suzi Phelps, Ph.D., Clinical Psychologist suggest they will—then the University is also entitled to discovery and its own investigation into Plaintiffs' medical histories. The authorization forms that the University provided for Plaintiffs to sign are an appropriate means to obtain the information that the University is entitled to receive.

### H.  Request for Production No. 5

Request for Production No. 5 asks Plaintiffs to produce all documents "that relate to, refer to, concern, or otherwise reflect any other source of income from the time you met Defendant Yesner to the present, including, but not limited to, payments from any state or federal

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-15-

agencies, payroll documents, earnings records, any retirement benefit payments and unemployment compensation records." None of the Plaintiffs provided a substantive response to this request.

Because Plaintiffs allege that they have suffered "loss of earnings" and "loss of future earnings and earning capacity" (Dkt. 74 ¶¶ 189, 199, 208), as well as "damage to and delays in their careers" (Dkt. 74 ¶ 208) and "past and present lost earnings and earning capacity" (Dkt. 74, at 67), this request is reasonably calculated to lead to the discovery of relevant and admissible evidence. The University needs to be able to investigate and substantiate all of the Plaintiffs' sources of income to understand the full scope of alleged damages.

## I. Request for Production No. 9

Request for Production No. 9 asks Plaintiffs to produce "downloads or printouts of all posts and comments by you since you met Defendant Yesner on any social media website or application that regard, reference, refer, or relate in any way to Defendant Yesner, your alleged damages, or any allegations in the Complaint." Plaintiffs Doe, Dutchuk, Johnson, Ortiz, and Wells did not provide substantives responses to this request and objected that it was "harassing, annoying and unduly burdensome," and asserted that the "Alaska and Federal Rules of Civil Procedure do not authorize a creation of an authorization for a third party to deliver information to a litigant. The rules do not permit the trial court to force a party to create documents that do not exist."

Nothing about this request concerns any authorization, nor does it require the "creation" of anything beyond a copy of existing information—which all requests for production inherently

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-16-

do. By its explicit terms, this request is directly tied to Plaintiffs' allegations and is thus reasonably calculated to lead to the discovery of relevant and admissible evidence.

### J.  Request for Production No. 12

Request for Production No. 12 asks Plaintiffs to produce "all correspondence, notes, memoranda, notices, forms, or other documents which relate in any way to [their] attempts to secure employment since [their] met Defendant Yesner, including but not limited to applications for employment, documents that relate or refer to employment interviews, documents such as job postings that relate or refer to prospective employment, documents that relate or refer to offers of employment, appointment calendars, diaries, or employment contracts." None of the Plaintiffs provided substantive responses to this request.

Because Plaintiffs allege that they have suffered "loss of earnings" and "loss of future earnings and earning capacity" (Dkt. 74 ¶¶ 189, 199, 208), as well as "damage to and delays in their careers" (Dkt. 74 ¶ 208) and "past and present lost earnings and earning capacity" (Dkt. 74, at 67), this request is reasonably calculated to lead to the discovery of relevant and admissible evidence. The University needs to be able to investigate and substantiate all of the Plaintiffs' actual and potential employment opportunities to understand the full scope of alleged liability and damages.

### K.  All Requests for Admission

Plaintiffs Doe, Dutchuk, Johnson, and Wells provided inadequate responses to all of the Requests for Admission served on them (the substance of which varied by Plaintiff). For each, the Plaintiffs responded solely that they "object[] to this request as overbroad and vague" or

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-17-

"vague and ambiguous," and stated that they "can neither admit nor deny the truthfulness of this statement."

These responses are deficient under Fed. R. Civ. P. 36(a)(4), which requires that "[i]f a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny."

The University raised this issue in its March 15, 2021 meet and confer letter and again in its May 18, 2021 email. To-date, Plaintiffs have failed to provide complete responses. Therefore, the Court should now order Plaintiffs to produce materials pursuant to all Requests for Admission.

### L. Supplemental Responses

Finally, a significant portion of Plaintiffs' discovery responses indicated that Plaintiffs' counsel would follow-up with supplemental information, which they have yet to do. Based on Plaintiffs' responses, the University is awaiting supplemental responses to the following:

- For Plaintiff Doe VI, *see* Ex. 12 (responses from Plaintiff Doe VI)

  o Interrogatory Nos. 1-2, 7-13

  o Request for Production Nos. 1, 3-4, 7, 10-11, 14-23

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-18-

- For Plaintiff Dutchuk, *see* Ex. 11 (responses from Plaintiff Dutchuk)
    - Interrogatory Nos. 7-9, 11
    - Request for Production Nos. 1, 3-4, 7-8, 10-11, 14-23, 34
- For Plaintiff Heppner, *see* Ex. 13 (responses from Plaintiff Heppner)
    - Interrogatory No. 7
    - Request for Production Nos. 3-4, 7, 11, 16-23, 34-36
- For Plaintiff Johnson, *see* Ex. 10 (responses from Plaintiff Johnson)
    - Interrogatory Nos. 1-2, 7-9, 11
    - Request for Production Nos. 1, 3-4, 7, 10-11, 14-23
- For Plaintiff Ortiz, *see* Ex. 8 (responses from Plaintiff Ortiz)
    - Interrogatory Nos. 1-2, 7-9, 11
    - Request for Production Nos. 1, 3-4, 7-8, 10-11, 14-23
- For Plaintiff Wells, *see* Ex. 9 (responses from Plaintiff Wells)
    - Interrogatory No. 7
    - Request for Production Nos. 3-4, 7-8, 10-11, 14-23

The University has received no communication from Plaintiffs' counsel as to when to expect any supplemental responses.

## CONCLUSION

In sum, Plaintiffs' discovery responses to date neither detail information nor provide documents necessary to paint a concrete picture of the facts supporting their claims, or what their alleged damages and magnitude might be. At present, the University is unfairly unable to defend

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-19-

against Plaintiffs' legal claims and requests for damages or engage in mediation in good faith. Because each of the University's discovery requests are relevant and the University has not received timely responses to the requests detailed above, the University asks that this Court require Plaintiffs to provide comprehensive responses, and to pay the University all reasonable expenses incurred in making this motion—which should not have been necessary—pursuant to Fed. R. Civ. P. 37(a)(5).

**PERKINS COIE** LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108

MOTION TO COMPEL
*Dutchuk, et al. v. Yesner, et al.*
Case No. 3:19-cv-00136-HRH

-20-

## CERTIFICATION OF WORD COUNT

The University certifies that this Motion complies with Local Rule 7.4(a)(2) requiring that motions brought under Fed. R. Civ. P. 37 must not exceed 20 pages or 5,700 words. The word count of this Motion is 4970.

DATED: July 9, 2021.

PERKINS COIE LLP

s/Sarah Schirack
Sarah L. Schirack, Alaska Bar No. 1505075

s/Danielle M. Ryman
Danielle M. Ryman, Alaska Bar No. 9911071

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
Telephone: 907.279.8561
Facsimile: 907.276.3108

Attorneys for Defendants
UNIVERSITY OF ALASKA BOARD OF
REGENTS AND UNIVERSITY OF ALASKA
SYSTEM

## CERTIFICATE OF SERVICE

I hereby certify that on July 9, 2021, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No. 3:19-cv-00136-HRH who are registered CM/ECF users will be served by the CM/ECF system.

s/Sarah Schirack

PERKINS COIE LLP
1029 West Third Avenue, Suite 300
Anchorage, AK 99501-1981
907.279.8561 / Facsimile 907.276.3108