WO          IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

THERESA DUTCHUK, ANNALISA               )
HEPPNER, LIZ ORTIZ, JOANNA WELLS,       )
NORMA JOHNSON, and JANE DOE VI,         )
                                        )
                   Plaintiffs,          )
                                        )
       vs.                              )
                                        )
DAVID YESNER, UNIVERSITY OF             )
ALASKA BOARD OF REGENTS, and            )
UNIVERSITY OF ALASKA SYSTEM,            )
                                        )   No. 3:19-cv-0136-HRH
                   Defendants.          )
_____ )

O R D E R

Request for Rule 37 Attorneys' Fees

Defendants University of Alaska System and the Alaska Board of Regents

(collectively, the "University") move for an award of Rule 37 attorneys' fees.[1]  This motion

is opposed by plaintiffs Dutchuk, Wells, Johnson, Ortiz, Heppner, and Doe VI.[2]  Oral

argument was not requested and is not deemed necessary.

Background

 On July 9, 2021, the University moved to compel plaintiffs to produce complete or

comprehensive responses to the University's First Interrogatories, Requests for Admission,

_____

[1]Docket No. 121.

[2]Docket No. 124.

-1-

and Requests for Production.[3] On September 2, 2021, the court granted the motion and stated that it would "entertain the University's request to recover the expenses it incurred in bringing" the motion to compel.[4] The instant motion followed.

The University seeks $24,196.00 in attorneys' fees incurred in connection with its 21-page motion to compel. This represents 70.9 hours of work billed by four individuals, Danielle Ryman, Sarah Schirack, Priyam Desai, and Dawn Smith.[5] Ryman is a partner with twenty-four years of experience who billed 5.5 hours at a rate of $435 per hour.[6] Schirack is of counsel, has seven years of experience, and billed 36.1 hours at a rate of $380 per hour.[7] Desai is an associate with two years of experience who billed 19.8 hours at a rate of $300 per hour.[8] And Smith is a paralegal with eighteen years of experience who billed 9.5 hours at a rate of $225 per hour.[9]

## Discussion

Rule 37(a)(5)(A), Federal Rules of Civil Procedure, provides that if a motion to compel is granted, "the court must, after giving an opportunity to be heard, require the party

---

[3]Docket No. 109.

[4]Order re Motion to Compel Discovery at 16, Docket No. 120.

[5]Exhibit A, Affidavit of Danielle Ryman [etc.], Docket Nos. 122-123.

[6]Ryman Affidavit at 2-3, ¶ 5, Docket No. 122.

[7]Id.

[8]Id.

[9]Id.

-2-

or deponent whose conduct necessitated the motion, the party or attorney advising that

conduct, or both to pay the movant's reasonable expenses incurred in making the motion,

including attorney's fees."

> But the court must not order this payment if:
>
> > (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> >
> > (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> >
> > (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).  In its order on the University's motion to compel, the court

concluded that neither exception (i) nor (ii) were applicable.[10]  As for exception (iii), the

court stated that "[i]t appears that plaintiffs have attempted to stonewall the University's

efforts to conduct discovery in this case" and that plaintiffs had fourteen days in which "to

respond to the University's suggestion."[11]  Plaintiffs submitted no response because their

counsel "was confused as to the timing of the relief sought by the University.  Plaintiffs'

counsel expected that there would be another Motion for fees, and then a response from

Plaintiffs would be due within fourteen days."[12]  Plaintiffs' counsel represents that she now

understands that the court intended a response to the justness of a fee award to be filed

---

[10]Order re Motion to Compel Discovery at 16, Docket No. 120.

[11]Id.

[12]Plaintiffs' Response in Opposition [etc.] at 3, Docket No. 124.

-3-

fourteen days after the order on the motion to compel. And, plaintiff's counsel requests that, because of this misunderstanding, "[a]ny award of fees . . . be assessed solely against Plaintiff's counsel, not the Plaintiffs."[13]

Although plaintiffs missed the deadline for responding to the issue of whether circumstances in this case would make an award of attorneys' fees unjust, they suggest in their response to the instant motion that such an award would be unjust. Plaintiffs make no detailed argument on this issue, instead simply suggesting that the court has ample information, based on the facts of this case and briefing already done in this case, to find that an award of fees would be unjust. Plaintiffs seem to be implying that an award of fees would be unjust because of the alleged egregious conduct of defendant Yesner, which the University allegedly knew about for years but failed to do anything about it.

Because the order on the motion to compel could have been clearer as to when plaintiffs' response to the justness of an award of attorney's fees was due, the court has considered whether an award of fees would be unjust in this case and concludes that it would not be. The fact that plaintiffs have alleged egregious conduct on the part of defendants does not make an award of attorney's fees unjust. Regardless of defendants' alleged conduct, plaintiffs had an obligation to diligently and fully respond to the University's discovery requests, which they failed to do.

---

[13]Id. at 3, n.1, Docket No. 124.

-4-

But even if an award of fees would not be unjust, plaintiffs argue that the amount of fees that the University has requested is not reasonable. "Reasonable attorneys' fees are generally calculated based on the traditional 'lodestar' method." Marrocco v. Hill, 291 F.R.D. 586, 587–88 (D. Nev. 2013) (quoting Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008)). "Under the lodestar method, the [c]ourt determines a reasonable fee by multiplying 'the number of hours reasonably expended on the litigation' by 'a reasonable hourly rate.'" Id. at 588 (quoting Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)). "The lodestar figure is presumptively reasonable." Id.

Plaintiffs do not argue that the rates charged by defense counsel were unreasonable. Based on the information provided by defendants regarding rates charged by other lawyers in Anchorage with similar experience,[14] the court finds the rates charged by defense counsel to be reasonable.

Plaintiffs do argue that the 70 hours expended on the motion to compel were unreasonable. "In reviewing the hours claimed, the [c]ourt may exclude hours related to overstaffing, duplication, and excessiveness, or that are otherwise unnecessary." Id.

Plaintiffs argue that this was a basic, run-of-the mill discovery motion that should not have required 70 hours of work. Plaintiffs argue that expending 70 hours on the motion to compel was "facially unreasonable."[15]

---

[14]Ryman Affidavit at 3, ¶ 6 and Exhibits B-E thereto, Docket Nos. 122-123.

[15]Plaintiffs' Response [etc.] at 5, Docket No. 124.

However, as the University points out, other courts have found similar hours spent on motions to compel to be reasonable. For example, in Shnyra v. State Street Bank and Trust Company, Case No. 1:19-cv-02420-GHW, 2021 WL 4975637, at *2 (S.D.N.Y. Oct. 25, 2021), the court found the "66.7 hours . . . spent pursuing discovery, and the time required to brief [a] motion to compel and for sanctions" to be reasonable. The court explained that "[t]he billing records show that counsel for Defendant worked efficiently in connection with the discovery-related issues and the preparation of Defendant's motion to compel" and that in the motion to compel, defense counsel "aptly summarized a lengthy factual record and presented the substantial supporting documentation to the Court in a well-organized and thoughtful way." Id. Similarly, in Full Tilt Boogie LLC v. Kep Fortune LLC, Case No. 2:19-cv-09090 ODW (KESx), 2021 WL 4527735, at *3 (C.D. Cal. Sept. 14, 2021), the court found the 71.1 hours "spent on [a] motion to compel and related filings [to be] reasonable." The court pointed out that in general "[c]ourts 'should defer to the winning lawyer's professional judgment as to how much time [she] was required to spend on the case; after all, [she] won, and might not have, had [she] been more of a slacker.'" Id. (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1112 (9th Cir. 2008)). "'An attorney's sworn testimony that, in fact, it took the time claimed is evidence of considerable weight on the issue of the time required.'" Id. (quoting Blackwell v. Foley, 724 F. Supp. 2d 1068, 1081 (N.D. Cal. 2010)).

Here, Ryman avers that the time that defense counsel spent on the motion to compel was reasonable "given this case's factual and legal complexity, and the high number of

-6-

[p]laintiffs."[16] The court gives considerable weight to Ryman's averment and thus concludes

that the 70 hours spent on the motion to compel was not "facially unreasonable."[17]

Plaintiffs next argue that the amount of time defense counsel spent on some particular

tasks appears redundant, duplicative, and excessive. By way of example, plaintiffs point out

that more than 23 hours were expended on drafting and revising the motion to compel.

Plaintiffs argue that the motion to compel was not complicated or complex and "did not

contain nor require any extensive analysis of case law or court rules." Nelson v. Zurich

Amer. Ins. Co., Case No. 2:06-cv-1254-HRH, 2007 WL 9723966, at *2 (D. Ariz. April 20,

2007). Rather, plaintiffs contend that all defendants needed to do in the motion to compel

was set out their requests and plaintiffs' responses to same.

The 23 hours defense counsel spent drafting the motion to compel was not excessive.

There are six plaintiffs in this case, all of whom responded individually to the University's

discovery requests, and there were a number of discovery requests at issue, some of which

did require some legal analysis. In addition, the time defense counsel spent on other specific

tasks, such as drafting the reply brief, was not excessive, given the number of plaintiffs and

the number of discovery requests at issue.

Plaintiffs next argue that the use of three attorneys for a motion to compel was

excessive. However, a review of the billing statements reveals that the division of labor

---

[16]Ryman Affidavit at 3, ¶ 7, Docket No. 122.

[17]Plaintiffs' Response [etc.] at 5, Docket No. 124.

among the three lawyers was reasonable. Desai, the most junior lawyer, spent roughly 20 hours on legal research and initial drafting of the motion to compel. Schirack, the mid-level attorney, did the bulk of the remaining work related to the motion to compel, and Ryman, the most senior of the three, only provided a few hours of supervision. The University's use of three lawyers was neither excessive nor redundant.

Lastly, plaintiffs argue that the University cannot recover fees related to fulfilling its "meet and confer" obligations or other informal attempts to resolve the parties' discovery dispute. "[G]enerally, the fees that may be awarded under Rule 37(a)(5) do not include time spent by counsel in meet and confer efforts." Laub v. Horbaczewski, Case No. CV 17-6210-JAK (KSx), 2020 WL 10817057, at *8 (C.D. Cal. Jan. 27, 2020). The University incurred $4741.50 in fees associated with its "meet and confer" obligations, and plaintiffs argue that, at the very least, this amount should be subtracted from the University's fee request.

In reply, the University argues that some of the forgoing time was spent reviewing discovery responses and that this time is compensable because this review was expressly done in support of the motion to compel. See Heneghan v. City of Chicago, Case No. 09 C 0759, 2010 WL 3715142, at *3 (N.D. Ill. Sept. 14, 2010) ("[t]ime spent reviewing documents may be reasonable if such a review is in relation to a motion to compel"). In addition, the University argues that it should be allowed to recover these fees because "[u]nder appropriate limited circumstances," an award of "meet and confer" fees "may be proper" if "a party fails to participate in a good faith meet and confer, or otherwise obstructs the resolution process."

Hung Nguyen v. Regents of Univ. of Calif., Case No. 8:17-cv-00423-JVS-KESx, 2018 WL

6112616, at *3 (C.D. Cal. May 18, 2018). The University contends that plaintiffs obstructed

the resolution process as the court recognized in its order on the motion to compel when it

stated that "[i]t appears that plaintiffs have attempted to stonewall the University's efforts

to conduct discovery in this case."[18]

Although there may have been some stonewalling on the part of plaintiffs as to the

discovery process, the court concludes that the "meet and confer" fees should be excluded

because the "meet and confer" work "most likely would have still been performed in the

absence of a motion to compel." Heneghan, 2010 WL 3715142, at *3. Plaintiffs should not

be required to pay for legal fees that defendants would have incurred regardless of whether

the motion to compel was filed.

With the $4741.50 in "meet and confer" fees subtracted, the lodestar figure becomes

$19,454.50. This figure is presumptively reasonable, but the court may "enhance or reduce"

this "figure based on an evaluation of the factors set forth in Kerr v. Screen Extras Guild,

Inc., 526 F.2d 67, 69–70 (9th Cir. 1975)[.]" Rodriguez v. Barrita, Inc., 53 F. Supp. 3d 1268,

1277 (N.D. Cal. 2014). The Kerr factors are:

> (1) the time and labor required, (2) the novelty and difficulty of
> the questions involved, (3) the skill requisite to perform the legal
> service properly, (4) the preclusion of other employment by the
> attorney due to acceptance of the case, (5) the customary fee, (6)
> whether the fee is fixed or contingent, (7) time limitations
> imposed by the client or the circumstances, (8) the amount

---

[18]Order re Motion to Compel at 16, Docket No. 120.

-9-

> involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Gonzalez v. City of Maywood, 729 F.3d 1196, 1209 n.7 (9th Cir. 2013) (citation omitted).

Here, factors 1-3, 8-9, and 12 are subsumed in the lodestar analysis and plaintiffs make a conclusory argument that none of the other factors support an upward adjustment of the lodestar amount. In response, the University makes a conclusory argument that none of the other factors warrant a downward departure.

The court "need not consider all" the Kerr factors "'but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.'" Cairns v. Franklin Mint Co., 292 F.3d 1139, 1158 (9th Cir. 2002) (quoting Kessler v. Assocs. Fin. Servs. Co. of Hawaii, 639 F.2d 498, 500 n.1 (9th Cir. 1981)). Here, the relevant Kerr factors have been subsumed in the lodestar analysis and thus there are no other factors the court need consider, which means there is no basis for the court to adjust the lodestar figure either upward or downward.

## Conclusion

The University's request for Rule 37 attorneys' fees is granted. The University is awarded $19,454.50 in attorney fees, payable by counsel for plaintiff.

DATED at Anchorage, Alaska, this 19th day of November, 2021.

/s/ H. Russel Holland
United States District Judge